Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Pro Hac Vice* Petition Forthcoming**
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 2:23-cv-00601<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") hereby gives Notice of Removal of Case No. 23A000316 from the Justice Court, Township of Las Vegas,

[1] Incorrectly named in the State Action Complaint as "Lincoln Financial Group." The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was the issuer of the relevant disability policy. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

Clark County, Nevada (the "State Action"), to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1331, 1441(a)-(c), and 1446.

**I. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 (a) - (c) on the grounds that the Court has original jurisdiction by virtue of federal question jurisdiction.

By the State Court action, Plaintiff is seeking to resolve legal issues regarding Lincoln's administration of disability benefits under 29 U.S.C. § 1132(a)(1)(B) from a disability benefits plan ("Plan"), in which she was a participant by virtue of her employment with Hilton Grand Vacations ("Hilton"). Lincoln issued a Group Disability Income Policy ("Policy"), which provides certain benefits to employees of Hilton. Although Plaintiff does not specifically reference the Policy in her Petition, Plaintiff does make reference in the Petition to Lincoln's "financial decision making power," which directly correlates to the benefits that would be payable under the Policy issued by Lincoln. However, Plaintiff did not attach a copy of the Policy (or even Lincoln's "decision") to her Petition. Accordingly, true and correct copies of the Policy for the Plan and Lincoln's decisions on Plaintiff's claim for benefits are attached as Exhibits 2 and 3. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). Lincoln hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." This action involves claims that relate to the laws of the

United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

As noted above, Plaintiff is seeking to resolve legal issues regarding benefits from a disability benefits plan, in which she was a participant by virtue of her employment with Hilton. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined by ERISA. The benefits at issue are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA. The Court's analysis of Plaintiffs' causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiffs' causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiffs' causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985); Pilot Life Ins. Co. v. Dedeoux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant

to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

**II. VENUE**

Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the District of Nevada embraces the Justice Court, Township of Las Vegas, Clark County Nevada, which is the venue where the original State Action was filed.

**III. REMOVAL IS TIMELY**

Although Lincoln has not been properly served in the State Action, an employee of Lincoln received an email from Plaintiff on March 23, 2023, stating, "Lincoln Financial Group consider this as formal and legal service." The Complaint filed in the State Action was not attached to that email, and the Complaint has not been properly served upon Lincoln at any other time. Further, the court's docket in the State Action does not reflect a return of service of summons for Lincoln, the sole Defendant in the State Action. This Notice of Removal has been filed within thirty (30) days of receipt of the email stating "consider as this formal and legal service." Therefore, to the extent that the aforementioned email from Plaintiff could be construed as "service" upon Lincoln (which Lincoln disputes), removal of this matter is timely pursuant to 28 U.S.C. § 1446.

**IV. NOTICE TO THE STATE COURT**

Lincoln has on this date given written notice of this filing to Plaintiff and has sent a Notice of Filing of Removal to the Clerk of the Justice Court, Township of Las Vegas, Clark County, Nevada, simultaneously with or immediately after filing this Notice of Removal, pursuant to 28 U.S.C. § 1446.

**V. PRIOR PLEADINGS AND ORDERS PROVIDED**

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this case are attached hereto as Exhibit 1.

By filing this Notice of Removal, Lincoln does not waive its right to assert any defenses and/or objections to which it is entitled.

WHEREFORE, Lincoln hereby removes this action from the Justice Court, Township of Las Vegas, Clark County, Nevada, to the United States District Court for the District of Nevada.

Dated this 19th day of April 2023.

LAW OFFICE OF GEORLEN K. SPANGLER

By: */s/ Georlen Spangler*
Georlen Spangler
Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April 2023, I electronically transmitted the foregoing, **DEFENDANT'S NOTICE OF REMOVAL,** to the clerk's office using the CM/ECF System for filing.

I further certify that a true and correct copy of the foregoing was served upon the following non-CM/ECF Registrants via US Priority Mail and by Electronic Mail:

Allana Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128
Email: D1A2N3N4@proton.me
Email: therealisrealites221@gmail.com
*Pro Se Plaintiff*

/s/ *Georlen K. Spangler*
Georlen K. Spangler