Lincoln Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (800) 210-0268
Secure Fax No.: (603) 334-0401

January 11, 2023

Ms. Allanna Warren

RE: Short Term Disability (STD) Benefits
Hilton Grand Vacations
Claim #: 13633599

Dear Ms. Allanna Warren:

The Lincoln National Life Insurance Company is responsible for managing claims for Short Term Disability (STD) benefits under Hilton Grand Vacations's Group Disability Policy. We are writing in reference to your claim for STD benefits under the Policy.

We have completed a thorough review of your eligibility for benefits and have determined that benefits are not payable. Hilton Grand Vacations' STD Policy requires that to be eligible for benefits you must meet the following definition of disability:

> ***"Disability" or "Disabled",*** *with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.*
>
> ***"Proof"*** *means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
>
> *1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
>
> *2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
>
> *3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
>
> *Proof must be submitted in a form or format satisfactory to Lincoln*

We received notice of your claim on December 6, 2022.

EXHIBIT
**3**

You filed a claim stating you were unable to work as of November 15, 2022 as a result of stress and anxiety which worsen your chronic medical conditions of asthma, upset stomach, lack of sleep, lack of focus headaches and HS breakouts.

We received a note from Megan Pailing, APRN, on December 14, 2022 stating stress and anxiety worsen your chronic medical conditions. No medical records were enclosed.

We notified you by our letter dated December 14, 2022 that we required proof of disability and requested that you provide us with your provider(s) information.

We received a work activity status report dated December 2, 2022 stating return to modified work activity today. Allow for break as needed ten minutes per hour.

We requested updated medical records from Jesse Connors on December 19, 2022 and December 20, 2022.

We requested medical records from Raul Red Rock Medical Center on December 21, 2022.

We notified you of our request for medical information by our email dated December 29, 2022.

You remitted a copy of your Job Accommodations form completed on December 16, 2022.,

We received records from CanoHealth on December 30, 2022.

We requested medical records from Raul Red Rock Medical Center on December 30, 3022.

We received medic al records from CanoHealth on January 3, 2022.

To ensure a thorough review of your eligibility for benefits, your file was referred for a medical review. The medical review is summarized as:

You ceased work on November 15, 2022 with multiple symptoms including, but not limited to, decreased concentration, anxiety, asthma, hair loss, depression/anxiety, vomiting, stress, nervousness, upset stomach, insomnia, headaches.

You reported on November 15, 2022 you were unable to focus, had an asthma attack, HS flared up, hair falling out with lack of focus/concentration, increased irritability and getting worse since working at this current employer with anxiety from job related conditions. Reports seen at Cano Health for this reported injury.

Work note September 1, 2022 from Megan A. Pailing, APRN states a visit date on August 25, 2022 and attests that stress and anxiety worsens chronic medical conditions

Visit October 7, 2022 with Jessica Lorenzana, APRN, FNP-BC {PCP} for routine gynecological exam/testing and reported heavy/painful menstrual cycle. BP normal 126/79, pleasant, well

nourished, non-tender abdomen with good eye contact and adequate judgment/insight. Female exam documented as normal. Lab work October 7, 2022 normal and f/u after ultrasound. No further information regarding these conditions.

You saw Jesse Connors, PA-C on November 18, 2022 {PCP}reporting current nausea, decreased concentration, irritability which caused leaving work from symptoms with other stressors that caused more problems with anxiety/depression. Would like to see a counselor. Patient pleasant, in no distress, cooperative with good eye contact, judgement and insight is adequate and clear speech, normal physical findings including no evidence of active skin infection.

Work status report from Jason Rusk, PA-C Service date November 25, 2022 notes initial visit this date for Anxiety and Stress with note to allow for break as needed 10 minutes per hour.

Jesse Connors, PA-C notes on December 16, 2022, patient states has not been able to schedule with counselor and would like another provider and needing forms. Vital signs are documented and include a BP of 143/99 {controlled is consistently less than 140/90}, with otherwise normal numbers and an elevated BMI of 33.65 {ideal BMI generally between 19—25}. Patient pleasant, in no distress, cooperative with good eye contact, judgement and insight is adequate and clear speech, normal physical findings. Monitor BP at home and follow up in 2-3 weeks. Form from this provider {Cano Health} states you have anxiety with mood swings, GI discomfort and an unreadable word, needing a leave of absence from November 15, 2022 through December 31, 2022 and will need follow up appointment 3-4 times monthly and for 1-2 days per episode.

To assist in our understanding of your medical functionality we contacted Jesse Connors . A telephone phone conversation with Jesse Connors on January 10, 2023 indicates no medical records prior to your transfer to this office. Jesse suggested a return to work of February 2023 given self-reported history and referral to behavioral health. Jesse stated you had not been seen recently.

While we understand that you may experience symptoms associated with your condition(s), we are responsible for determining if you meet the definition of disability as defined above. We requested medical records from your providers and you were advised of all of our requests for information and that we required proof of disability. We conducted an independent medical review and contacted your provider in our evaluation of your claim. We understand that you have work related stress along with a dispute with the police department, however; our evaluation concludes that your condition is not of the degree and severity to support disability. Based on the medical documentation received in relation to the requirements of your job, you do not meet the definition of disability outlined above. Thus, no benefits are payable and we must deny your claim.

This claim determination reflects an evaluation of the claim facts and the Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Lincoln National Life Insurance Company
Attn: Appeal Review Unit

Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688

The written request for review must be sent within 180 days from the receipt of this letter and state the reasons you feel your claim should not have been denied. In your request for review please include the following documentation:

All outstanding office visit notes, diagnostic test results, procedure reports, list of medications, therapy notes, and treatment plans from November 1, 2022 through the present from Jesse Connors, Jason Rusk, Jessica Lorenzana, Megan Pailing and any other treating providers not already received; along with any additional information or specific restrictions and limitations established with the objective evidence to support disability

You should also provide any additional information that you feel will support your claim.

You are entitled to receive, upon request and free of charge, copies of all claim file documents relevant to the claim determination. If Lincoln Financial Group does not receive your written request for review within 180 days from the receipt of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted.

Under normal circumstances, you will be notified of the final decision within 45 days from the date your request is received.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata’ hane’go shíká a’doowoł nínízingo saad hosíníłį̨’ dóó ná’ookąąh nííní’ą̨ągo naaltsoos nííníłtsoozígíí hazho’ó bik’idi’deeshtį̨́ł nínízingo doo bą̨ąh ílínígóó níká a’doowoł éí biniiyé shił hodíílnih áko ákwe’égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 90 days from the date your request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved by Lincoln Financial Group, whether or not they are specifically mentioned herein.

If you have any questions regarding this matter, please contact me.

Sincerely,

Julianne Donald
Manager - Short Term Disability
Phone No.: (800) 210-0268 Ext. 16139
Secure Fax No.: (603) 334-0401

Lincoln Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

March 13, 2023

Ms. Allanna Warren

RE: Short Term Disability (STD) Benefits
Hilton Grand Vacations
Claim #: 13633599

Dear Ms. Allanna Warren:

We have completed our review of your appeal for Short Term Disability Benefits and the original determination to deny benefits is being maintained.

***Initial Claim Decision***

You filed a claim for multiple reported symptoms including but not limited to, anxiety, stress, asthma, depression, and headaches. Based on the documentation contained in your claim file, your last day of work was on November 14, 2022 and your date of disability was November 15, 2022. Benefits would have begun on November 22, 2022 after satisfying the Policy's elimination period.

Lincoln National Life Insurance Company initially evaluated your claim based on medical information received from Megan Pailing, APRN with The Healthcare Center and Jesse Connors, PA-C with Cano Health--Redrock. A clinical review was performed by a Nurse Disability Consultant (*RN, CCM*) and it was determined that impairment from your job was not supported based on the medical information contained in your file.

The medical evidence on file at the time of our initial review included the following,

- A note dated September 1, 2022 from Megan Pailing, APRN
- Work Activity Status Report dated November 25, 2022 from Jason Rusk, PA-C with CMC-Las Vegas Polaris
- Medication List (undated, but received on December 20, 2022)
- Appointment List for dates of service October 7, 2022 through December 20, 2022 from CanoHealth
- Job Accommodation Questionnaire dated December 16, 2022 from Jesse Connors, PA-C
- Office visit notes dated October 7, 2022 through December 16, 2022 from your providers with CanoHealth
- Lab results dated December 30, 2022

- Chest x-ray dated November 18, 2022
- Treating Provider Statement dated January 3, 2023 from Connors, PA-C

The clinical review concluded in summary, that you reported anxiety and stress with multiple physical complaints. There were records showing that you had a gynecological exam prior to ceasing work. You were to have a diagnostic ultrasound; however, this was not on file, and the provider noted that although you had increased bleeding and pain with menstruation, this was chronic and ongoing since 2021. As such, restrictions and limitations were not related to this condition. You treated as of your date of disability with complaints of anxiety and depression and was started on a low dose medication for the same. Objective findings were normal as you were noted to be pleasant, in no distress, cooperative with good eye contact, adequate judgement and insight and clear speech. You had normal physical findings to include no evidence of an active skin infection. A referral to mental health providers for reported symptoms was indicated. You treated again on December 16, 2022 with normal mental status and physical exam findings documented. Despite a slightly abnormal blood pressure which you were to monitor at home, no further work up was needed.

On January 10, 2023, the Nurse Disability Consultant spoke with Jesse Connors, PA-C and confirmed that a return to work in February 2023 was suggested given your reported history as well as a referral to behavioral health providers for further assessment. It was not confirmed if these visits had occurred yet and you had not been seen recently.

Your claim was denied because you did not meet the definition of disability. A letter was sent to you dated January 11, 2023 that detailed the medical information in your claim, explained the claim decision, and outlined your right to appeal by providing a written appeal request stating the reasons why you felt that your claim should not have been denied. The denial letter also advised you to include the following documentation with your appeal request: *In your request for review please include the following documentation: All outstanding office visit notes, diagnostic test results, procedure reports, list of medications, therapy notes, and treatment plans from November 1, 2022 through the present from Jesse Connors, Jason Rusk, Jessica Lorenzana, Megan Pailing and any other treating providers not already received; along with any additional information or specific restrictions and limitations established with the objective evidence to support disability. You should also provide any additional information that you feel will support your claim.*

***Appeal***

We received your written request for reconsideration on January 12, 2023. You outlined issues with your employer, your neighbor, LVPD and your health care providers. You stated that Mr. Connors is a physician assistant and relying on him for a medical diagnosis was not professional.

New medical information received since the denial of your STD benefits included medical records dated August 2012 through December 2016 related to Workers Compensation claim; date of injury August 27, 2012.

We also received additional information from you including various court documents and personal correspondence that you wished for us to include with our review which included,

- Document dated June 12, 2020
- Team Member Accident Report dated November 16, 2022
- E-mail correspondence dated November 16, 2022 titled ADA Accommodations
- E-mail correspondence dated November 9, 2022 and November 14, 2022 titled Mandatory Meeting Nov 9th 3:00pm
- Justice Court Township documents regarding Michael Silva filed December 29, 2022
- E-mail correspondence dated May 19, 2022 to Law Clerk/Robert Melcic
- District Court Clark County Nevada - Case A-22-852179-C documents filed July 20, 2022 (104 pages)
- Screenshot of IM conversations dated stamped November 13, 2022 and November 16, 2022
- E-mail correspondence dated September 21, 2022 through September 23, 2022 titled Unpaid Spiffs due to Allanna Warren
- E-mail correspondence dated October 27, 2022 through November 13, 2022 titled Set back call
- E-mail correspondence dated November 10, 2022 through November 13, 2022 titled WFM correction for Thursday 11/10/22
- E-mail correspondence dated November 8, 2022 titled Please fix this
- E-mail correspondence dated July 25, 2022 and October 23, 2022 titled Terrible treatment for a team member
- E-mail correspondence dated November 3, 2022 titled Reinstatement of my Hilton Go benefits

On January 18, 2023, we sent you a letter confirming the receipt of your appeal and acknowledged your report of an upcoming psychiatry visit; a period of time was given to allow you to submit any additional medical information you wished for us to review with your appeal. A deadline of February 16, 2023 was indicated.

On January 26, 2023, we received your correspondence (*via e-mail*) in which you requested that we proceed with the appeal review.

On January 30, 2023, we received a Job Accommodation Questionnaire dated January 30, 2023 from Jesse Connors, PA-C. This form was completed on January 30, 2023 and stated that a non-stressful environment would be helpful as a reasonable accommodation.

You also remitted pictures of your depression medication bottle on January 30, 2023.

***Appeal Evaluation***

We notified you by letter dated January 30, 2023 that we had referred your file for a medical review.

On February 5, 2022 we received the following,

- E-mail correspondence between you and Robert Melcic/Law Clerk dated September 30, 2022
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 documents (8 pages)

On February 12, 2022 we received the following,

- Justice Court Township of Las Vegas Case No. 23A000222 with Cano Health, Jesse Connors, Luis Bobbys document filed February 6, 2023

On February 13, 2022 we received the following,

- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 documents Plaintiff Affidavit
- E-mail correspondence dated February 2, 2023 titled State Bar of Nevada: Receipt of Online Complaint
- Justice Court Township of Las Vegas Case No. 22A001736 document with The Law Firm of Robert Melcic
- E-mail correspondence dated November 1, 2022, December 5, 2022, and January 29, 2023 between you and Robert Melcic
- E-mail correspondence dated February 9, 2023 titled Conflict of Interest
- Justice Court Township of Las Vegas Case document with Genevieve "Gigi" Generaux
- Settlement Agreement and Release of Claims document dated June 22, 2021
- United States Department of Labor Case No. 2020-CER-00003 document
- Letter dated July 29, 2021 addressed to United States Department of Labor from you
- Justice Court Township of Las Vegas Case No: 21A001706 document with Law Office of Gianna M. Orlandi

In order to ensure a thorough evaluation of your appeal, an additional clinical review was performed by an Appeals Nurse Disability Consultant (*RN, BS, FLMI, CCM*).

The medical information on file was summarized as follows,

Jesse Connors, PA-C evaluated you on November 18, 2022 to establish care. You had diagnoses of anxiety disorder unspecified, depression unspecified, dermatitis unspecified and asthma. You utilized the inhaled medications albuterol and Advair. Laboratory results noted you had a thyroid function level one point over the normal range, which was not clinically relevant, nor was any action taken based on this result by the provider. The record noted that you needed a new primary care provider. The physical exam as documented was normal. You reported increased difficulties with concentration and irritability which resulted in leaving work. You also reported harassment from your job and other entities. On exam, you appeared cooperative, made good eye contact, had adequate judgment and insight and clear speech. You were prescribed an antidepressant, escitalopram 10 mg.

A work status form completed by physician assistant Jason Rusk with a service date of November 25, 2022 noted that you could return to work with a break as needed, 10 minutes per hour. There were no accompanying clinical documents with this form.

A follow-up with Connors, PA-C on December 16, 2022, documented a nonspecific skin condition of dermatitis that flared up under times of stress. You reported a history of anxiety and depression, but no particular timeline was documented, nor did you remember what medications you took. You reported nausea, concentration issues, and irritability. You had an exacerbation of anxiety and depression and wanted to see a counselor. Your health screening results were discussed and were normal. On exam you did not appear in distress and were cooperative. You had a slightly elevated blood pressure and were to monitor this and return in three weeks. A form completed indicated that you needed a leave of absence from November 15, 2022, through December 31, 2022.

On January 3, 2023, Connors, PA-C, completed a Treating Provider Statement. Symptoms were noted to have begun on November 18, 2022, including anxiety and stress. You also had dermatitis. The primary diagnosis was anxiety.

Connors, PA-C completed an Accommodations Questionnaire that noted you to be easily stressed and had anxiety with an occasional asthma flare. It was noted that you would find a non-stressful environment helpful. These accommodations were requested as of January 30, 2023 and through February 28, 2023.

On February 14, 2023, we sent you a letter which included a complete copy of the clinical review performed in connection with your request for appeal. You were given an opportunity to review and respond with any additional information that you would like considered before a final determination was made on the appeal. A deadline for response was given of March 6, 2023.

We received your February 14, 2023 response to the medical review conducted on appeal. You reiterated that Mr. Connors was not a physician and that you saw him on two occasions. You reported that Mr. Connors did not get your prior medical records. You stated that Lincoln should have never relied on a physician's assistant to make a decision. You stated that there was no follow-up as Cano Health would no longer treat you. You stated that that you were currently under a psychologist care and that you could not release this information because of your involvement with law enforcement. No new or additional medical records were submitted with your February 14, 2023 response.

On February 14, 2023, we received the following,

- Justice Court Township of Las Vegas Case No: 23A000222 Small Claims Motion for Telephonic Appearance with Cano Health, Jesse Connors, Luis Bobbys

We notified you by letter dated February 17, 2023 that our review encompassed the medical records that were submitted. As you referenced that you were treating with a psychologist, we offered you the opportunity to submit these records to us for consideration of your claim.

You remitted additional documents to various Lincoln Financial staff including the CEO as follows:

- Justice Court Township of Las Vegas Case No. 23A000222 with Cano Health, Jesse Connors, Luis Bobbys document filed February 6, 2023
- E-mail correspondence dated December 15, 2021 and December 16, 2021 with Robert Melcic titled Bar Association Referral
- 

- Justice Court Township of Las Vegas Case No: 21A001706 document with Law Office of Gianna M. Orlandi filed April 12, 2022
- E-mail correspondence dated October 27, 2022 and October 31, 2022 titled Withdrawal of Representation between you and Robert Melcic
- E-mail correspondence dated October 18, 2022 and October 25, 2022 titled Against Attorney Advice Agreement for you to sign between you and Robert Melcic
- E-mail correspondence dated March 7, 2022 through March 29, 2022 titled Notice of Rescheduled Interview between you and Law Clerk/Robert Melcic
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 Plaintiff Affidavit Replying to Affidavit of Law Clerk in Support of Robert Melcic's Motion to Withdraw dated February 24, 2023
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 Plaintiff Affidavit dated March 6, 2023
- E-mail correspondence dated September 23, 2020, August 31, 2021 and April 4, 2022 between you and City of Sparks titled My exonerated bill
- E-mail correspondence dated May 12, 2022-May 13, 2022 titled Order Dissolving Sealing of Record
- E-mail correspondence dated February 16, 2021 and April 9, 2021 titled No Entry in Unit 66 Allowed by Aspen Ridge Staff
- Letter dated May 11, 2021 from Aspen Ridge
- Move Out Statement dated July 14, 2021
- E-mail correspondence dated May 20, 2022 titled Landlord Tenant Matter Update
- E-mail correspondence dated May 13, 2022 titled 5821 Smoke Ranch Rd. #C service request
- E-mail correspondence dated March 6, 2023 titled Terrible Treatment from a racial discrimination victim and evidence for case #23A000005 Warren vs. BJD Realty
- E-mail correspondence dated March 6, 2023 Nevada Equal Rights…

***Conclusion***

We have conducted a thorough and independent review of your entire claim. While we acknowledge that you may have symptoms associated with your condition, the records received from any providers you treated with as of your claimed date of inability to work, November 15, 2022, do not support a physical or psychiatric impairment to the degree and severity to render you unable to perform your job. We have received your documents and acknowledge that you have multiple external complaints including but not limited to your health care provider, your employer, and your attorney, however, please note that our role is to determine if you are disabled as defined below. In doing so, we rely on the medical records that are submitted in order to assess disability. We conducted clinical review(s) of all medical records received and disability was not supported. Furthermore, we advised you on multiple occasions that you could remit any information for consideration including the records form your current treating psychologist. We did not receive any additional/new medical evidence in response to our February 17, 2023 letter.

The ability to perform the material and substantial duties of your job is dependent on the impairments, if any, that are supported by the medical evidence, not an individual's own assessment of functional capacity. Therefore, in the absence of sufficient clinical evidence to support your inability to perform the activities consistent with those required to perform your job, you do not meet the definition of disability and we have determined that the denial of Short Term Disability benefits was appropriate and is supported by the medical information contained in your claim file.

This claim determination reflects an evaluation of the claim facts and the Policy provisions.

***Policy Provisions***

Hilton Resorts Corporation's Disability Policy requires that to receive benefits you must meet the following provisions:

***"Disability"*** *or* ***"Disabled"***, with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.

***"Material and Substantial Duties"***, with respect to Short Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Job and cannot be reasonably eliminated or modified.

***"Own Job"***, with respect to Short Term Disability, means the Covered Person's job that he was performing when his Disability or Partial Disability began.

***"Proof"*** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:

1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;
2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and
3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.

Proof must be submitted in a form or format satisfactory to Lincoln.

***Disability Benefit***
When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Weekly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Lincoln Proof of continued:

1. Disability;
2. Regular Attendance of a Physician; and
3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

***"Appropriate Available Treatment"*** means care or services which are:

1. generally acknowledged by Physicians to cure, correct, limit, treat or manage the disabling condition;
2. accessible within the Covered Person's geographical region;
3. provided by a Physician who is licensed and qualified in a discipline suitable to treat the disabling Injury or Sickness;
4. in accordance with generally accepted medical standards of practice.

***"Regular Attendance"*** means the Covered Person's personal visits to a Physician which are medically necessary according to generally accepted medical standards to effectively manage and treat the Covered Person's Disability or Partial Disability.

Under the Employee Retirement Income Security Act (ERISA) Appeal guidelines, you were entitled to appeal the determination made by Lincoln National Life Insurance Company (Lincoln) and to submit any additional information wished to be considered as part of the appeal. Lincoln has conducted a full and fair review of your appeal and accompanying materials and has determined that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted and no further review will be conducted by Lincoln and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim.

Hilton Resorts Corporation's Disability Policy contains the below provision:

***Legal Proceedings***

A claimant or the claimant's authorized representative cannot start any legal action:

1. until 60 days after Proof of claim has been given; or
2. after the expiration of the applicable statute of limitations from the time written Proof of loss is required to be given.

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of six years which means that a lawsuit must be brought within six years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is February 20, 2029.

Nothing in this letter should be construed as a waiver of any Lincoln National Life Insurance Company's rights and defenses under the above captioned policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Determinations made by Lincoln are based on the provisions outlined in Hilton Resorts Corporation's Disability Policy. These provisions are not contingent on decisions made by either the Social Security Administration or the Workers' Compensation Carrier. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

April Six
Claim Resolution Consultant
Phone No.: (888) 437-7611 Ext. 14656
Secure Fax No.: (603) 334-0401