Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this motion under Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint brought by Plaintiff Allanna Warren ("Plaintiff" or "Warren") dated February 19, 2023. Specifically, Lincoln seeks dismissal of the Complaint because it asserts only state law causes of action against Lincoln that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316. Lincoln had not been served but removed the case to this Court by Notice of Removal filed April 19, 2023. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

Federal question jurisdiction arises in this matter because the Complaint asserts state law claims that are preempted by ERISA. The Complaint seeks relief on the basis of Lincoln's administration of benefits allegedly due under a short-term disability plan. Although Plaintiff does not specifically reference the short-term disability contract or disability benefits in her Complaint, Plaintiff does make reference in the Complaint to Lincoln's "financial decision making power,"[1] which directly correlates to the benefits that would be payable under the Group Disability Income Policy (the "Policy") issued by Lincoln to Hilton Grand Vacations ("Hilton") to insure benefits pursuant to the Hilton Grand Vacations Short Term Disability Plan (the "Plan"), which provides short-term disability benefits to employees of Hilton. Plaintiff was an employee of Hilton, and a participant in the Plan. True and correct copies of the Policy (Exhibit A) for the Plan and Lincoln's decisions on Plaintiff's claim for benefits (Exhibit B) are attached hereto and incorporated herein by reference.[2]

The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined by ERISA. In her Complaint, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation.[3] However, based on the face of the Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed.

---

[1] Complaint at sole paragraph contained therein.
[2] See Section II.B., of the Memorandum of Points and Authorities attached hereto.
[3] Complaint at sole paragraph contained therein.

Further, the Complaint is rife with outlandish and vague accusations of a conspiracy between LVMPD and Sparks Police Department and arising out of events that occurred in Sparks, Nevada, and alleges that law enforcement is currently targeting Warren with harassment and "stalking", and that "LFG is a willing participant in the retaliation." Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[4] are insufficient to support the relief requested.

This Motion is supported by the Memorandum of Points and Authorities attached hereto.

Dated this 24th day of April 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*

[4] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Complaint are as follows:

Warren alleges that Lincoln has "financial decision making power" over Plaintiff,[5] assumably referencing Lincoln's denial of Warren's claim for short term disability benefits (Exhibit B).

In the Complaint, Warren asserts Lincoln is a willing participant in retaliation at the behest of the Las Vegas Metro Police Department and Sparks Policy Department (neither of whom are named as a party in the Complaint).[6] Specifically, in her claim for relief, Warren alleges state law causes of action against Lincoln of racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information by being "a willing participant in the retaliation."[7] Further, Warren's reference in her Complaint to "entities who have financial decision making power like Lincoln Financial Group"[8] directly correlate to Lincoln's decisions on her claim for short term disability benefits (Exhibit B).

### II. ARGUMENT AND AUTHORITIES

#### A. Standard Governing Rule 12(b)(6) Motion to Dismiss.

An order granting a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate when, taking the facts alleged in the Complaint as true, the moving party is entitled to a judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). All inferences reasonably drawn from the facts of the Complaint must be construed in favor of the plaintiff. Baker v. McNeill Island Corrections Center, 859 F.2d 124, 127 (9th Cir. 1988); General Conference Corp. of Seventh Day Adventists v. Seventh Day

---

[5] Complaint at sole paragraph contained therein.
[6] Complaint at sole paragraph contained therein.
[7] Complaint at sole paragraph contained therein.
[8] Complaint at sole paragraph contained therein.

Adventists Congressional Church, 887 F.2d 228, 230 (9th Cir. 1989). Dismissal for failure to state a claim can be based on lack of a recognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal will be warranted if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998).

**B. The Court May Properly Consider the Relevant Plan Document and Decisions Letters in Ruling on This Motion.**

A true and correct copy of the Policy (Exhibit A) and Lincoln's decisions on Warren's STD claim for benefits from the Plan (Exhibit B) are attached hereto and incorporated herein by reference. Although Warren did not attach these documents to the Complaint and the Complaint does not specifically reference them, a short-term disability contract, or disability benefits in her Complaint, Warren does make reference in the Complaint to Lincoln's "financial decision making power,"[9] which directly correlates to the benefits that would be payable under the Policy (Exhibit A). Additionally, Warren's claims are clearly predicated on the Policy, and the letters from Lincoln evidence Warren's claim for benefits from the Plan under the Policy. It is well-established that under such circumstances, Lincoln may incorporate these documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss. Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

**C. The "Indebtedness" Sought by Warren in the Complaint are Disability Benefits from an "employee welfare benefit plan" Governed by ERISA.**

It is clear that the Hilton short term disability plan is an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

---

[9] Complaint at sole paragraph contained therein.

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C.S. § 186(c)] . . . .[10]

Based on the facts pled in the Complaint and Exhibit A, it is apparent that to fulfill obligations created under the Plan, Hilton entered into a contract (the Policy, Exhibit A) with Lincoln. Warren was a participant in the Plan, which was sponsored by Hilton, and submitted a claim for benefits from the Plan under the Policy, which was denied by Lincoln. Accordingly, the Plan was established and maintained by Hilton and provided disability benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the Plan is an ERISA plan based on the face of the Complaint and ancillary documents.

### D. Warren's State Law Causes of Action are All Preempted by ERISA.

As the Complaint clearly establishes the existence of an ERISA Plan, Warren's state law causes of action in this lawsuit (racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation) are preempted by ERISA Section 514(a), 29 U.S.C. §1144(a). ERISA preempts "any and all state laws insofar as they may now or hereafter relate to an employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). See also Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1999) ("ERISA broadly preempts state law that relates to 'any employee benefit plan' as described in the statute."); Shaw v. Delta Airlines, 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983)( a state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with . . .such a plan."); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416 (9th Cir. 1990) (ERISA's preemption provision "is to be broadly construed and extends to common law and tort and

---

[10] 29 U.S.C. § 1002(1) (emphasis added).

contract actions."); Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) ("[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.").

The United States Supreme Court and the Ninth Circuit repeatedly have found that a plaintiff's state law claims based upon the existence of an employee benefit plan are preempted by ERISA. For example, in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542 (1987), an employee brought suit against his former employer and its insurer alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. The Supreme Court held plaintiff's contract and tort claims were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a) because his claims "relate[d] to [an] employee benefit plan." Id. at 62. The Court again reached the same result in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987), where an employee brought common law breach of contract, bad faith, and other tort claims against the insurance company which insured his employer's group insurance policy alleging the company wrongfully failed to pay benefits under an ERISA-governed plan. The Court rejected plaintiff's state law claims because they "relate[d] to" an employee benefit plan and, thus, were preempted by ERISA. Id. at 57.

The Supreme Court again addressed this issue in Ingersoll-Rand, *supra.* There, an employee brought suit against his former employer in state court seeking compensatory and punitive damages under various state tort and contract theories alleging his termination deprived him of rights to pension benefits; he did not assert any cause of action under ERISA. In reversing the Texas Supreme Court and upholding the appellate court's order granting summary judgment in favor of the employer, the Supreme Court concluded that because plaintiff would "simply [have] no cause of action if there [was] no plan," his claims "relate[d] to" an ERISA-covered plan within the meaning of ERISA § 514(a), 29 U.S.C. § 1144(a). Ingersoll-Rand, 498 U.S. at 140.

Warren's state law cause of action arises from the handling and disposition of her claim for short term disability benefits from the Plan. Accordingly, it is subject to preemption. See Greany v. Western Farm Bureau Life Insurance Company, 973 F.2d 812 (9th Cir. 1992) (challenge to handling of benefits under state tort, contract and insurance theories preempted by ERISA); Tingey v. Poxley-Richards W., Inc., 953 F.2d 543, 545 (9th Cir. 1992) (all claims which involve the administration of an ERISA plan, even if drafted to refer to the employment relationship, are preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir. 1990) (state claims of negligence, breach of contract, fraud and estoppel related to the administration of an ERISA plan and , therefore, were preempted); Nevill v. Shell Oil Co., 835 F.2d 209, 211-12 (9th Cir. 1990). (ERISA preempted causes of action for breach of the covenant of good faith and fair dealing, where the plaintiff alleged the employer had misrepresented ERISA plan benefits.)

The Ninth Circuit has specifically held that causes of action for breach of contract and violation of state consumer protection acts, among others, are preempted by ERISA. Bast v. Prudential Ins. Co. of Am., 150 F.3d 1007, 1008 (9th Cir. 1998). The Ninth Circuit so held even though it recognized that without these state law causes of action, the plaintiffs were left without a remedy. Bast, 150 F.3d at 1010. See also Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 494 (9th Cir. 1988) (breach of contract and tortuous breach of the covenant of good faith and fair dealing causes of action preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 633 (9th Cir. 1990) (ERISA preempted breach of contract, negligence and fraud causes of action).

Warren's state law causes of action in the Complaint each are inseparably connected to the interpretation and construction of the Policy and the Plan. For example, Plaintiff's allegations of infliction of emotional distress and misuse of medical information causes of action are predicated on the existence and construction of the Plan. But for the covenants, both implicit and

explicit, of the Policy and the Plan, Warren would not have been able to submit a claim for benefits from the Plan and, therefore, Lincoln would have no "financial decision making power" over Plaintiff, as alleged in the Complaint. Further, the claim for benefits from the Plan submitted to Lincoln by Warren, are the sole source of the "misuse of medical information" allegation in the Complaint. Simply put, but for the Plan, Warren would have no basis for either cause of action. Therefore, these causes of action are preempted by ERISA.

Moreover, there can be no doubt that the Plan is inseparably connected to any determination of the harm allegedly suffered by Warren and, thus, ultimate liability under Warren's state law causes of action. There simply would be no claim against Lincoln if there was no Plan. Accordingly, under Supreme Court precedent in Ingersoll-Rand, Plaintiff's state common law claims "relate to" and are expressly preempted by ERISA and must be dismissed. Ingersoll-Rand, 498 U.S. at 140; Barr v. American Cyanamid Company, 808 F. Supp. 752, 756 (W.D. Wash. 1992).

**E. Plaintiff's Constitutional Claims Must Be Dismissed for Failure to Allege Any Facts Supporting Liability**

Warren cannot rely on conclusory factual allegations. Rather, a plaintiff must allege facts which, if true, show that the defendant had a constitutionally impermissible policy, practice, or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Warren has not alleged a policy, practice, or custom to support her claims, nor has she sufficiently plead any violations of her constitutional rights under the Fourth or Fourteenth Amendments. Therefore, this Court must dismiss Warren's claims.

**F. Compensatory, Statutory, Exemplary, and Penalty Damages Are Not Available in this Action**

Based on the face of the Complaint, Warren makes a vague statement that Lincoln is indebted to Warren in the amount $10,000.00. To the extent that all or part of this relief

requested is or could be for statutory or punitive damages, Plaintiff is not entitled to such relief. It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which Warren seeks short term disability benefits, as alleged in the Complaint, qualifies as an employee welfare benefit plan under ERISA. Accordingly, the state law causes of action asserted against Lincoln by Warren in the Complaint are preempted by ERISA, and the Complaint must be dismissed.

## III. CONCLUSION AND PRAYER

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. Aetna Health Inc. v. Davila, supra. All state laws invoked by or on behalf of beneficiaries relating to a denial of benefits under a group employee welfare benefit plan, such as those asserted in the Complaint, are preempted by ERISA. For the reasons and authorities discussed above, Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, award Defendant its attorneys' fees and costs pursuant to ERISA

§ 502(g), 29 U.S.C. § 1132(g); grant Defendant any other relief to which it shows itself justly entitled.

Dated this 24th day of April 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*

***APPENDIX OF EXHIBITS***

| **EXHIBIT NO.** | **DESCRIPTION** | **PAGE NOS** |
|---|---|---|
| A | Policy | 1-63 |
| B | Lincoln's decisions on Plaintiff's claim for benefits | 64-78 |

I hereby certify that on the 24th day of April 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the clerk's office using the CM/ECF System for filing and that service will be accomplished by the CM/ECF system upon all participants in the case who are registered CM/ECF users.

I further certify that a true and correct copy of the foregoing was served via US Priority Mail and by Electronic Mail upon the following participants in the case who are not CM/ECF users:

Allana Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128
Email: D1A2N3N4@proton.me
Email: therealisrealites221@gmail.com
*Pro Se Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers