Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR EXEMPTION FROM THE EARLY NEUTRAL EVALUATION PROGRAM** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this motion for Exemption From the Early Neutral Evaluation Program, and states as follows:

The Court entered an Order Scheduling Early Neutral Evaluation (Document 7) on April 20, 2023, scheduling Early Neutral Evaluation ("ENE") for June 1, 2023, a pre-ENE telephonic conference for May 31, 2023, and setting related deadlines. LR 16-6(a) states "All employment-discrimination actions filed in this court must undergo early neutral evaluation as

defined by this rule." However, as stated in Lincoln's Notice of Removal (Document 1) filed on April 19, 2023, as well as Lincoln's Motion to Dismiss (Document 11) filed on April 24 2023, this action involves claims that are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"). As further described below and in the Memorandum of Points and Authorities attached hereto, this case is not an employment-discrimination action and is not filed under any of the statues cited in LR 16-6(a). Accordingly, Lincoln does not believe this case is appropriate for ENE and requests this matter be exempted from the ENE Program.

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316. Lincoln had not been served but removed the case to this Court by Notice of Removal filed April 19, 2023. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

The Complaint seeks relief on the basis of Lincoln's administration of benefits allegedly due under from a short-term disability plan. Although Plaintiff does not specifically reference the short-term disability contract or disability benefits in her Complaint, Plaintiff does make reference in the Complaint to Lincoln's "financial decision making power,"[1] which directly correlates to the benefits that would be payable under the Group Disability Income Policy (the "Policy") issued by Lincoln to Hilton Grand Vacations ("Hilton") to insure benefits pursuant to the Hilton Grand Vacations Short Term Disability Plan (the "Plan"), which provides short-term disability benefits to employees of Hilton. Plaintiff was an employee of Hilton, and a participant in the Plan. The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined by ERISA.

[1] Complaint at sole paragraph contained therein.

In her Complaint, Warren does seek recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation.[2] However, as Warren was not an employee of Lincoln and her claims pertain to Lincoln's handling of her claim for benefits from an ERISA benefits Plan, her claims of "discrimination" are not employment related-allegations. Moreover, to the extent that she asserts that she was discriminated against by Lincoln with regard to the handling of her claim for benefits from the STD Plan under the Policy issued to Warren's employer by Lincoln, those claims are fully preempted by ERISA.

Further, to the extent the allegations of "discrimination" could be perceived as relating to any employer, Warren does not name her employer or former employer in the Complaint. To the contrary, the Complaint is rife with outlandish and vague accusations of a conspiracy between LVMPD and Sparks Police Department (neither of which are parties to this action) and arising out of events that occurred in Sparks, Nevada, and alleges that law enforcement, whom she is "currently suing," is targeting Warren with harassment and "stalking", and that "LFG is a willing participant in the retaliation." Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. Further, as this case is not an employment-discrimination action and is not filed under any of the statues cited in LR 16-6(a), Lincoln requests that this action be exempted from the ENE Program.

This Motion is supported by the Memorandum of Points and Authorities attached hereto.

Dated this 24th day of April 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***

---

[2] Complaint at sole paragraph contained therein.

17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Complaint are as follows:

Warren alleges that Lincoln has "financial decision making power" over Plaintiff,[3] assumably referencing Lincoln's denial of Warren's claim for short term disability benefits (Exhibit B).

In the Complaint, Warren asserts Lincoln is a willing participant in retaliation at the behest of the Las Vegas Metro Police Department and Sparks Policy Department (neither of whom are named as a party in the Complaint.[4] Specifically, in her claim for relief, Warren alleges state law causes of action against Lincoln of racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information by being "a willing participant in the retaliation."[5] Further, Warren's reference in her Complaint to "entities who have financial decision making power like Lincoln Financial Group"[6] directly correlate to Lincoln's decisions on her claim for short term disability benefits that would be payable under a Policy insuring benefits under an "employee welfare benefit plan" as defined by ERISA.

## II. THE COMPLAINT DOES NOT ALLEGE EMPLOYEMENT DISCRIMIATION

None of Warren's allegations in the Complaint are made against an employer and no employer is a party to this action. To the contrary, Lincoln is the sole Defendant named in Plaintiff's Complaint. Lincoln's "financial decision making power" over Plaintiff pertains solely to Lincoln's decisions on Warren's claim for benefits that would be payable under the Policy issued by Lincoln insuring benefits from the Plan. Accordingly, the allegations in the Complaint

---

3 Complaint at sole paragraph contained therein.
4 Complaint at sole paragraph contained therein.
5 Complaint at sole paragraph contained therein.
6 Complaint at sole paragraph contained therein.

were made against Lincoln, as the insurer of benefits, and are not made against an employer. Therefore, the Complaint does not contain any employment-related discrimination allegations and this case is not an employment-discrimination action as described in LR 16-6(a).

## III. LINCOLN HAS MOVED FOR DISMISSAL OF THE ACTION

On this date, Lincoln has also filed a Motion to Dismiss the Complaint in its entirety. Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Lincoln's Motion to Dismiss (Document 11), these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested and Lincoln has filed a Motion to Dismiss this Action.

As such, should the Court be inclined to deny Lincoln's request to exempt this Action from the ENE Program, Lincoln requests that the June 1, 2023, setting (and all related deadlines) be continued until such time as the Court has ruled on Lincoln's pending Motion to Dismiss.

## IIV. CONCLUSION AND PRAYER

This action involves claims that are governed by ERISA; it is not an employment-discrimination action and is not filed under any of the statues cited in LR 16-6(a). For the reasons discussed above, Lincoln respectfully requests that the Court vacate its April 20, 2023, Order Scheduling Early Neutral Evaluation, exempt this action from the ENE Program, and grant

Defendant any other relief to which it shows itself justly entitled. In the alternative, Lincoln requests that the May 31, 2023, and June 1, 2023, settings (and all related deadlines) be continued until such time as the Court has ruled on Lincoln's pending Motion to Dismiss.

Dated this 24th day of April 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*

I hereby certify that on the 24th day of April 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR EXEMPTION FROM THE EARLY NEUTRAL EVALUATION PROGRAM** to the clerk's office using the CM/ECF System for filing and that service will be accomplished by the CM/ECF system upon all participants in the case who are registered CM/ECF users.

I further certify that a true and correct copy of the foregoing was served via US Priority Mail and by Electronic Mail upon the following participants in the case who are not CM/ECF users:

Allana Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128
Email: D1A2N3N4@proton.me
Email: therealisrealites221@gmail.com
*Pro Se Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers