Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION** |

Defendant The Lincoln National Life Insurance Company ("Defendant") files this Response to Plaintiff's Motion for Mediation, and states as follows:

## I. INTRODUCTION

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316 (the "State Action"). Defendant had not been served but removed the case to this Court by Notice of Removal filed April 19, 2023. Defendant grounded removal upon the Court's federal question

jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141. Plaintiff claims she was not served with removal documents. However, as more fully explained below, this statement by Plaintiff is simply not true.

On April 24, 2023, Defendant filed a Motion to Dismiss the Complaint in its entirety (Document 11). Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Defendant's Motion to Dismiss (Document 11), these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested, and Defendant has filed a Motion to Dismiss this Action.

Furthermore, despite proper service (as more fully explained below) of all filings in this Action (including Defendant's Motion to Dismiss Plaintiff's Complaint), Plaintiff failed to respond to the Motion to Dismiss, or to file any documents whatsoever in this case until June 28, 2023, which is 70 days after the action was removed to federal court and over 60 days after Defendant's Motion to Dismiss was filed and served on Plaintiff.

Accordingly, it is Defendant's position that Plaintiff's request for mediation at this point is premature, as it is her first filing since Defendant's Motion to Dismiss was filed and served on Plaintiff on April 24, 2023. As such, Plaintiff's Motion for Mediation should be denied in its entirety and Defendant's Motion to Dismiss, which Plaintiff clearly knew about or should have known about but failed to file a response, is ripe for determination by this Court and should be granted.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Complaint are as follows:

Warren alleges that Defendant has "financial decision making power" over Plaintiff,[1] assumably referencing Defendant's denial of Warren's claim for short term disability benefits (Exhibit B to Defendant's Motion to Dismiss Plaintiff's Complaint).

In the Complaint, Warren asserts Defendant is a willing participant in retaliation at the behest of the Las Vegas Metro Police Department and Sparks Policy Department (neither of whom are named as a party in the Complaint.[2] Specifically, in her claim for relief, Warren alleges state law causes of action against Defendant of racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information by being "a willing participant in the retaliation."[3] Further, Warren's reference in her Complaint to "entities who have financial decision making power like Lincoln Financial Group"[4] directly correlate to Defendant's decisions on her claim for short term disability benefits that would be payable under a Policy insuring benefits under an "employee welfare benefit plan" as defined by ERISA. Accordingly, any recovery to Plaintiff in this action would be limited to the 25 weeks of short-term disability benefits at issue.

## III. ARGUMENT

### A. PLAINTIFF WAS PROPERLY SERVED ALL DOCUMENTS IN THIS ACTION

Defendant's Notice of Removal to this Court was filed on April 19, 2023, and Defendant served true and correct copies of the Notice of Removal and all other documents it has filed in this matter upon Plaintiff's by mailing paper copies of said documents to the address shown for Plaintiff in the State Court Action (7500 W. Lake Mead Blvd., Suite 9-104, Las Vegas, NV 89128), and by sending pdf copies of the same via electronic mail to D1A2N3N4@proton.me and therealisrealites221@gmail.com. However, the paper copies of the documents sent via US Mail were returned to Defendant's counsel by the US Postal Service as undeliverable "because the

[1] Complaint at sole paragraph contained therein.
[2] Complaint at sole paragraph contained therein.
[3] Complaint at sole paragraph contained therein.
[4] Complaint at sole paragraph contained therein.

address was vacant or the business was no longer operating at the location and no further information was available."

A litigant is responsible for ensuring that the Court has accurate and current contact information, and Defendant was justified in relying on the address last provided by Plaintiff in the State Action. However, after receiving information that the Lake Mead Blvd. address was not valid, the undersigned's office researched filings made by Plaintiff in other cases in this Court and upon learning of a different address Plaintiff used in a document filed on April 10, 2023, in another case (2:23-cv-00065-GMN-DJA), the undersigned forwarded true and correct copies of the Notice of Removal and all other documents it had filed in this matter upon Plaintiff by mailing paper copies of said documents to Plaintiff at 9620 S. Las Vegas Blvd., Suite E461, Las Vegas, NV 89123 (see Amended Certificate of Service (Document 13) filed by Defendant on 4/24/2023). Defendant also notes that this is the very same address contained in Plaintiff's Motion for Mediation (Document 16) filed on 6/26/2023 and which address Plaintiff has also confirmed as her mailing address on the Consent for Electronic Service of Documents (Document 21) signed by Plaintiff on June 28, 2023, and filed on June 30, 2023. Attached hereto as Exhibit A, are copies of the envelopes that have been sent to Plaintiff and returned to the undersigned, along with the corresponding USPS Priority Mail receipts (as the "Return to Sender" sticker covers the mailing address on the priority mail envelopes, USPS receipts are included behind each Priority Mail envelope to show the address to which the envelope was sent). In addition to re-sending paper copies of those documents, pdf copies were also sent (again) to Plaintiff via electronic mail to D1A2N3N4@proton.me and therealisrealites221@gmail.com (*See* Exhibit B attached hereto).

Furthermore, to the extent Plaintiff could claim someone else is improperly returning her mail and so she was not served copies of the Notice of Removal, Defendant refers to the Notification of Service dated April 20, 2023 (Exhibit C attached hereto) showing service upon Plaintiff through the State Court's electronic filing system of Defendant's Notice of Removal of Action to Federal Court. Attached to the Removal Notice filed in State Court (included in Exhibit C hereto) was a file-stamped copy of Defendant's Notice of Removal (Document 1) that had been

filed in this Court. Further, according to the State Court electronic notice of service, Plaintiff was served with a copy of the removal documents at D1A2N3N4@proton.me, which is the same email address provided by Plaintiff as her current email address on the Consent for Electronic Service of Documents (Document 21) filed by Plaintiff on June 30, 2023. As a case participant in the State Action, and as Plaintiff's own filings in this indicate that the correct email address was used for service in the State Action and that it is a current email address for Plaintiff, Plaintiff was properly served with the Removal Notices in this action, and was fully aware of the removal of her State Action to Federal Court.

To the extent Plaintiff may assert that she did not receive or see the emails regarding the Notice of Removal filed in the State Action, Plaintiff would have certainly been made aware of the removal to federal court no later than May 30, 2023. Indeed, Plaintiff had requested to appear via "BludeJean" for a hearing/trial set in the State Action for May 30, 2023, at 10:00 am. (*See* Defendant's Notice of Removal, Document 1-2 at Pages 7 and 9). Surely, if Plaintiff was unaware of the filing of the removal, she would have appeared at the Justice Court of Las Vegas Township (or attempted to appear via BlueJean) for the hearing and trial on that date and then been made aware that the case was removed to federal court. Nevertheless, as a case participant, it would would have been Plaintiff's responsibility to monitor her email for the electronic notices, and as such, she was properly served with Defendant's Notice of Removal to Federal Court through the Notification of Service dated April 20, 2023. Having been properly served with the State Court Notice, Plaintiff was fully aware of removal to this Court.

Further, in addition to mailing paper copies of all documents filed in this action to Plaintiff at two different addresses (*See* Exhibit A attached hereto), Defendant also sent electronic copies of those documents to Plaintiff at both the email address she was using to send documents to Defendant in the State Action, as well as to the email address Plaintiff was using as of April 10, 2023, in another case in this Court (*See* Exhibit B attached hereto). One of those email addresses was D1A2N3N4@proton.me, which is the very same email address contained on Plaintiff's Motion for Mediation (Documents 16) filed on June 26, 2023, and which Plaintiff has also

asserted as her email address on the Consent for Electronic Service of Documents (Document 21) signed by Plaintiff on June 28, 2023 and filed on June 30, 2023.

However, any arguments Plaintiff could make regarding Defendant's failure to serve paper copies on Plaintiff, are without merit as it is a litigant's responsibility to provide a proper mailing address at which documents can be served. Plaintiff has clearly failed to do so, as evidenced by the return of every mailing made by the undersigned to Plaintiff at both the address Plaintiff used in filing the State Action and the address that Defendant later learned of through research (and that Plaintiff confirms as her address on her (late) filings in this case). Accordingly, it is Defendant's position that, in addition to providing copies electronically (to what Plaintiff now confirms is her correct email address), Defendant has attempted to serve all filings in this action via US Priority Mail. As such, Defendant has fulfilled its responsibilities with regard to proper service on Plaintiff.

Indeed, all of the paper copies that have been sent to Plaintiff at both addresses have now been returned to the undersigned as undeliverable (including mail sent via regular mail and priority mail to 9620 S. Las Vegas Blvd., Suite E461, Las Vegas, NV 89123, which is the very address that Plaintiff asserts as her address on her Consent to Electronic Service. Further, the undersigned has not received a response to the emails sent to Plaintiff, and Plaintiff never made any attempt at contacting the undersigned via telephone, mail, or email since the commencement of this action until June 22, 2023.

A full two months after removal of this Action to federal court, Plaintiff now asserts that she has never been properly served by Defendant. However, this assertion is disingenuous, at best. Again, Defendant refers to its certificates of service on each and every filing in this action, as well as the Amended Certificate of Service (Document 13) filed by Defendant on April 24, 2023. As further proof, Defendant refers to Exhibit A attached hereto, and would point out that one such envelope sent by regular mail, clearly states in large hand-written print "NO LONGER IN THIS ADDRESS." The return sticker, dated June 8, 2023, states "RETURN TO SENDER ATTEMPTED - NOT KNOWN UNABLE TO FOWARD RETURN TO SENDER." (*See* Exhibit A attached hereto).

Accordingly, it is Defendant's contention that Plaintiff has been either intentionally avoiding service by choosing to return all envelopes received from Defendant's counsel, or Plaintiff is continuing to provide an invalid mailing address. In either case, Plaintiff cannot be allowed to file a lawsuit and then either fail to provide a proper address for service or refuse to accept service at the address she provided on her pleadings, only to later claim that she "has not been properly served with this removal" (or any other documents in this case) and would now, after over 60 days later, like to participate in mediation without having responded to the Motion to Dismiss.

## A. <u>PLAINTIFF'S MOTION FOR MEDIATION IS MERELY AN ATTEMPT TO SALVAGE THE CASE SHE HAD EFFECTIVELY ABANONED</u>

In her Motion for Mediation, Plaintiff asserts that she has "inquired if defendant was interested in a settlement" and attached to her Motion a copy of an email regarding such inquiry. However, Defendant notes that this email from Plaintiff was not sent to the undersigned, but to sandy@rademaekerslaw.com, which is the email address for the undersigned's assistant and which Plaintiff could only have obtained as a means of communication with the undersigned by virtue of the undersigned's assistant sending copies of all documents in this case from that email address to Plaintiff at D1A2N3N4@proton.me.[5] Therefore, this email inquiry is further proof that not only was Plaintiff fully aware of the removal of this action since the date of removal, but the fact that the email from Plaintiff was addressed to sandy@rademaekerslaw.com is further confirmation that Defendant has served Plaintiff with each and every document in this case – as the only way Plaintiff would have obtained that particular email address is through the email service of all such documents from the undersigned's assistant, as that email address is not listed on any documents filed in this action, nor is it contained on the Court's docket sheet as part of the contact information for the undersigned. In other words, but for receipt of the email service of the documents in this case, Plaintiff would not have otherwise obtained sandy@rademaekerslaw.com as an email address to which she could correspond regarding this lawsuit after its removal to federal court. Accordingly, Defendant contends that Plaintiff was fully aware of all filings in this

---

[5] The email from D1A2N3N4@proton.me to sandy@rademaekerslaw.com was filtered by the firm's email system and delivered to the junk mail folder.

case since the date of the filing of the notice of removal and that Plaintiff simply chose to ignore all such notices and pleadings.

To the extent Plaintiff could claim that mail from the undersigned was returned due to accident or error by any other persons residing at 9620 S. Las Vegas Blvd, Defendant would point out that three separate envelopes between April 19 and June 8, were each returned. One could have been an accident, but certainly not three. But Plaintiff now expects the undersigned and this Court to believe that somehow that very same address is suddenly a good address for Plaintiff.

Plaintiff cannot have it both ways. Either the aforementioned address (9620 S. Las Vegas Blvd., Suite E461, Las Vegas, NV 89123) is valid and Plaintiff has intentionally played the game of avoiding “proper service” OR it is not a valid address and Plaintiff continues to provide a false address in order to avoid providing her current address where she can be served. Further, to the extent that 9620 S. Las Vegas Blvd is not a proper address for Plaintiff, Defendant would further note that all documents served in this case have also been served on Plaintiff at the address on the original petition filed in the State Action. Nevertheless, it appears that Plaintiff has received the documents via email from the undersigned’s office and has intentionally chosen to have each and every one of those envelopes returned in order to avoid service. Plaintiff cannot be allowed to file a lawsuit, avoid service, and then attempt to revive the lawsuit by requesting mediation long after Plaintiff has missed a critical response deadline during the timeframe she chose to ignore the filings in this case.

Additionally, prior to filing its Status Report on May 22, 2023, the undersigned counsel has attempted to telephone Plaintiff at the phone number listed on her Complaint in this action, but there was no answer. Further, Plaintiff continues to file lawsuits against other entities in Clark County District Court, listing the same 9620 S. Las Vegas Blvd. address that is on the Amended Certificate of Service (Document 13). See Complaints dated May 1, 6, 10, and 19, 2023, attached to the Status Report (Document 15) filed by Defendant on May 24, 2023.

Accordingly, it is Defendant’s contention that Plaintiff has been either intentionally avoiding service by choosing to return all envelopes received from Defendant’s counsel, or Plaintiff is continuing to provide invalid contact information. In either case, Plaintiff should not

be allowed to file a lawsuit, avoid service (or fail to provide proper contact information) only to later make an appearance and claim that she was never properly served and would now, more than 60 days after removal (and more than 30 days after her deadline to respond to the Motion to Dismiss), like to participate in mediation.

Further, to the extent that Plaintiff asserts that her failure to respond to any filings in this action were not intentional but by mistake or error, Plaintiff has clearly shown that her address, email address, and telephone number are not reliable means of communication and Defendant does not believe mediation would be possible given the history of returned mailings to avoid service and lack of communication on Plaintiff's part.

As such, Defendant would again state that on April 24, 2023, it filed a Motion to Dismiss Plaintiff's Complaint in its entirety (Document 11). Plaintiff failed to respond to the Motion or to file any documents whatsoever in this case until June 28, 2023, which is 70 days after the action was removed to federal court and over 60 days after Defendant's Motion to Dismiss was filed. Defendant's Motion to Dismiss, which Plaintiff clearly knew about but to which she failed to file a response, is ripe for determination and should be granted, and Plaintiff's request for mediation is premature.

**B. <u>PLAINTIFF FAILED TO RESPOND TO DEFENDANT'S MOTION FOR DISMISSAL OF THE ACTION AND DEFENDANT'S MOTION IS RIPE FOR DETERMINATION</u>**

As stated above, Defendant filed a Motion to Dismiss Plaintiff's Complaint in its entirety on April 24, 2023. Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Defendant's Motion to Dismiss (Document 11), these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the

allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested and Defendant has filed a Motion to Dismiss this Action.

Plaintiff has failed to file a response to the Motion to Dismiss and now tries to assert that she has never been properly served any documents in this matter and moves to mediate the case with Defendant. However, as described above, Defendant has fulfilled its responsibility to serve paper copies of the Motion to Dismiss on Plaintiff via US Priority Mail, as well as electronic copies via email, to the very same address and email address that Plaintiff now confirms as her correct mailing and email addresses (see Plaintiff's Motion for Mediation and Plaintiff's Consent to Electronic Notices). Simply put, Defendant cannot be held responsible for either Plaintiff's failure to provide a correct address for service or her intentional avoidance of service. Moreover, Defendant does not believe mediation would be appropriate at this stage of this action, particularly given that any recovery to Plaintiff would be limited to the 25 weeks of short-term disability benefits at issue and would certainly not warrant the additional expense of mediation.

Further, as the Motion to Dismiss was filed on April 24, 2023, and as Plaintiff failed to file a response to the Motion, Defendant's Motion to Dismiss Plaintiff's Complaint is ripe for determination and should be granted pursuant to LR 7-2(d), which states "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Accordingly, Defendant's motion under Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint brought by Plaintiff, should be granted at this time.

## IV. CONCLUSION AND PRAYER

For the reasons set forth above, Defendant requests the Court to enter an Order denying Plaintiff's motion for mediation; dismissing Plaintiff's Complaint against Defendant with prejudice; awarding Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and granting Defendant any other relief to which it shows itself justly entitled.

Dated this 6th day of July 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*

I hereby certify that on the 6th day of July 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me
*Pro Se Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers