**From:** no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>
**Sent:** Thursday, April 20, 2023 11:06:58 AM
**To:** spanglerlaw@outlook.com <spanglerlaw@outlook.com>
**Subject:** Notification of Service for Case: 23A000316, Allanna Warren, Plaintiff(s)vs.Lincoln Financial Group, Defendant(s) for filing CVNOT - Notice, Envelope Number: 11682013

# Notification of Service

Case Number: 23A000316
Case Style: Allanna Warren, Plaintiff(s)vs.Lincoln Financial Group, Defendant(s)
Envelope Number: 11682013

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 23A000316 |
| **Case Style** | Allanna Warren, Plaintiff(s)vs.Lincoln Financial Group, Defendant(s) |
| **Date/Time Submitted** | 4/20/2023 10:50 AM PST |
| **Filing Type** | CVNOT - Notice |
| **Filing Description** | Defendant's Notice of Removal of Action to Federal Court |
| **Filed By** | Georlen Spangler |
| **Service Contacts** | Allanna Warren:<br><br>Allanna Warren (d1a2n3n4@proton.me)<br><br><br>Lincoln Financial Group:<br><br>Lincoln Financial Group (spanglerlaw@outlook.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |

EXHIBIT
C

Las Vegas Justice Court
Electronically Filed
4/20/2023 10:50 AM
Cynthia Cruz
CLERK OF THE COURT

Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com
*Attorneys for Defendant*

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| **Allanna Warren, Plaintiff,**<br>**vs.**<br>**Lincoln Financial Group, Defendant.** | **CASE NO.: 23A000316**<br><br>**JC DEPARTMENT 1**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

TO: THE CLERK OF THE JUSTICE COURT OF LAS VEGAS TOWNSHIP, CLARK COUNTY NEVADA; and

TO: PLAINTIFF ALLANNA WARREN, pro se:

PLEASE TAKE NOTICE that Defendant, Lincoln Financial Group, filed a Notice of Removal in the United States District Court for the District of Nevada, in the above captioned case. A true and correct copy of the Notice of Removal, including all exhibits, is attached hereto and incorporated herein by reference and is served and filed herewith as "**Exhibit 1**." Pursuant to 28 U.S.C. 28 § 1446(d), the filing of the attached Notice of Removal with the State Court effects the removal of this action. The above-captioned Court may proceed no further unless and until the case is remanded.

DATED this 20th day of April 2023

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler

Georlen Spangler, Esq.
Nevada Bar No. 3818.
2620 Regatta Dr., Ste. 102
Las Vegas, Nevada 89128
spanglerlaw@outlook.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April 2023, I electronically transmitted the foregoing, DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, to the clerk's office using the electronic filing system for filing and transmittal of the Notice to the following CM/ECF Registrants:

Allana Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128
Email: D1A2N3N4@proton.me
Email: therealisrealites221@gmail.com
*Pro Se Plaintiff*

/s/ Georlen Spangler
Georlen Spangler

Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Pro Hac Vice* Petition Forthcoming**
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | CASE NO.: 2:23-cv-00601<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") hereby gives Notice of Removal of Case No. 23A000316 from the Justice Court, Township of Las Vegas,

[1] Incorrectly named in the State Action Complaint as "Lincoln Financial Group." The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was the issuer of the relevant disability policy. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.



EXHIBIT
A

Clark County, Nevada (the "State Action"), to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1331, 1441(a)-(c), and 1446.

**I. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 (a) - (c) on the grounds that the Court has original jurisdiction by virtue of federal question jurisdiction.

By the State Court action, Plaintiff is seeking to resolve legal issues regarding Lincoln's administration of disability benefits under 29 U.S.C. § 1132(a)(1)(B) from a disability benefits plan ("Plan"), in which she was a participant by virtue of her employment with Hilton Grand Vacations ("Hilton"). Lincoln issued a Group Disability Income Policy ("Policy"), which provides certain benefits to employees of Hilton. Although Plaintiff does not specifically reference the Policy in her Petition, Plaintiff does make reference in the Petition to Lincoln's "financial decision making power," which directly correlates to the benefits that would be payable under the Policy issued by Lincoln. However, Plaintiff did not attach a copy of the Policy (or even Lincoln's "decision") to her Petition. Accordingly, true and correct copies of the Policy for the Plan and Lincoln's decisions on Plaintiff's claim for benefits are attached as Exhibits 2 and 3. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). Lincoln hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." This action involves claims that relate to the laws of the

United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

As noted above, Plaintiff is seeking to resolve legal issues regarding benefits from a disability benefits plan, in which she was a participant by virtue of her employment with Hilton. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined by ERISA. The benefits at issue are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA. The Court's analysis of Plaintiffs' causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiffs' causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiffs' causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985); Pilot Life Ins. Co. v. Dedeoux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant

to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

**II. VENUE**

Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the District of Nevada embraces the Justice Court, Township of Las Vegas, Clark County Nevada, which is the venue where the original State Action was filed.

**III. REMOVAL IS TIMELY**

Although Lincoln has not been properly served in the State Action, an employee of Lincoln received an email from Plaintiff on March 23, 2023, stating, "Lincoln Financial Group consider this as formal and legal service." The Complaint filed in the State Action was not attached to that email, and the Complaint has not been properly served upon Lincoln at any other time. Further, the court's docket in the State Action does not reflect a return of service of summons for Lincoln, the sole Defendant in the State Action. This Notice of Removal has been filed within thirty (30) days of receipt of the email stating "consider as this formal and legal service." Therefore, to the extent that the aforementioned email from Plaintiff could be construed as "service" upon Lincoln (which Lincoln disputes), removal of this matter is timely pursuant to 28 U.S.C. § 1446.

**IV. NOTICE TO THE STATE COURT**

Lincoln has on this date given written notice of this filing to Plaintiff and has sent a Notice of Filing of Removal to the Clerk of the Justice Court, Township of Las Vegas, Clark County, Nevada, simultaneously with or immediately after filing this Notice of Removal, pursuant to 28 U.S.C. § 1446.

**V. PRIOR PLEADINGS AND ORDERS PROVIDED**

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this case are attached hereto as Exhibit 1.

By filing this Notice of Removal, Lincoln does not waive its right to assert any defenses and/or objections to which it is entitled.

WHEREFORE, Lincoln hereby removes this action from the Justice Court, Township of Las Vegas, Clark County, Nevada, to the United States District Court for the District of Nevada.

Dated this 19th day of April 2023.

LAW OFFICE OF GEORLEN K. SPANGLER

By: *_/s/ Georlen Spangler_*
Georlen Spangler
Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April 2023, I electronically transmitted the foregoing, **DEFENDANT'S NOTICE OF REMOVAL,** to the clerk's office using the CM/ECF System for filing.

I further certify that a true and correct copy of the foregoing was served upon the following non-CM/ECF Registrants via US Priority Mail and by Electronic Mail:

Allana Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128
Email: D1A2N3N4@proton.me
Email: therealisrealites221@gmail.com
*Pro Se Plaintiff*

/s/ *Georlen K. Spangler*
Georlen K. Spangler

Case 2:23-cv-00601-GMN-EJY Document 1-2 Filed 04/19/23 Page 1 of 2

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALLANA WARREN

**(b)** County of Residence of First Listed Plaintiff: Clark
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Allana Warren, Pro Se, 7500 W. Lake Mead Blvd., Suite 9-104, Las Vegas, NV 89128

## DEFENDANTS

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Georlen Spangler, Law Office of Georlen K. Spangler, 2620 Regatta Dr., Ste 102, Las Vegas, NV 89128, 702-381-5830

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §§ 1001, et seq., 1132(a)(1)(B) and/or 28 U.S.C. § 1332

Brief description of cause:
Plaintiff seeks recovery of ERISA benefits and damages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: April 19, 2023

SIGNATURE OF ATTORNEY OF RECORD: Georlen Spangler

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : Justice Court Help

# REGISTER OF ACTIONS
## CASE NO. 23A000316

**Allanna Warren, Plaintiff(s) vs. Lincoln Financial Group, Defendant(s)** § § § § §

| | |
|---|---|
| Case Type: | **Small Claims - General Individual Plaintiff** |
| Date Filed: | **02/19/2023** |
| Location: | **JC Department 1** |

### RELATED CASE INFORMATION

**Related Cases**
23A000317 (Related Case)

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Lincoln Financial Group** | |
| **Plaintiff** | **Warren, Allanna** | **Pro Se** |

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS |
|---|---|
| 02/19/2023 | **Start Time Tracking: JCRCP 41(e) - 2 years** |
| 02/19/2023 | **Start Time Tracking: JCRCP 41(e) - 5 years** |
| 02/19/2023 | **Start Time Tracking: JCRCP 93** |
| 02/19/2023 | **Small Claims Affidavit of Complaint - $7,500.01 to $10,000**<br>*Small Claims Complaint - $10,000.00* |
| 02/19/2023 | **Application to Proceed in Forma Pauperis - Fee Waiver Req**<br>*Fee Waiver* |
| 02/21/2023 | **Summons and Complaint**<br>Lincoln Financial Group Unserved |
| 02/21/2023 | **Order to Proceed In Forma Pauperis Granted** |
| 02/21/2023 | **Request for Continuance**<br>*Request for Continuance* |
| 02/28/2023 | **Order**<br>*Order Regarding Small Claims Motion/Request for Continuance* |
| 03/02/2023 | **General Request for Telephonic Hearing**<br>*Motion to attend hearing via Bluejean or remotely* |
| 03/07/2023 | **Order**<br>*Order Regarding Motion for Appearance by Alternative Means* |
| 03/23/2023 | **Proof of Service**<br>*Proof of service* |
| 03/23/2023 | **Motion**<br>*motion* |
| 03/23/2023 | **Motion: Service of Small Claims Complaint by Certified Mail**<br>*Motion to serve by Email or certified mail* |
| 03/28/2023 | **Order**<br>*Order Denying Motion for Service of Small Claims Complaint by Certified Mail* |
| 03/28/2023 | **Order**<br>*Order Regarding Motion "Requesting that Judges/Clerks Treat Me Fairly"* |
| 04/17/2023 | **Motion**<br>*motion* |
| 04/19/2023 | **Order**<br>*Order Denying Motion to Make NRCP are followed* |
| 05/23/2023 | *CANCELED* **Small Claims Individual** (10:00 AM) (Judicial Officer Graham, Elana Lee)<br>*Vacated* |
| 05/30/2023 | **Small Claims Individual** (10:00 AM) (Judicial Officer Graham, Elana Lee) |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Lincoln Financial Group | | | |
| | Total Financial Assessment | | | 6.00 |
| | Total Payments and Credits | | | 6.00 |
| | **Balance Due as of 04/19/2023** | | | **0.00** |
| 04/03/2023 | Transaction Assessment | | | 6.00 |
| 04/03/2023 | Payment (Mail) | Receipt # CIV-2023-37536 | Georlen K. Spangler | (6.00) |

EXHIBIT
1

Case 2:23-cv-00631-GMN-EJY Document 1-2 Filed 04/19/23 Page 2 of 17

Las Vegas Justice Court
Electronically Filed
2/19/2023 12:28 AM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, TOWNSHIP OF LAS VEGAS**
**Clark County, Nevada**

*Name and Address of Plaintiff(s):*
Allanna Warren
7500 W. Lake Mead Blvd., Suite 9-104
Las Vegas, NV 89128

| | |
|---|---|
| *Plaintiff(s)' Email Address* | |
| *Plaintiff(s)' Telephone Number* | 3234199602 |

VERSUS

*Name and Address of Defendant(s):*
Lincoln Financial Group LLC
3355 Spring Mountain Rd Ste 255
Las Vegas, NV 89102

| | |
|---|---|
| *Defendant(s)' Telephone Number and Email Address* | (702) 448-8960 |

**Case No.** 23A000316

**Department No.** ______________
Department #: LVJC 1

**SMALL CLAIMS COMPLAINT**

STATE OF NEVADA )
COUNTY OF CLARK )

I, *(insert your name)* Allanna Warren, being first duly sworn, deposes and says:

That the defendant is indebted to the plaintiff in the sum of $ 10,000.00; that the reason for this indebtedness is:

Racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information. LVMPD and Sparks PD have spent the last five years going around/stalking me to places that I shop, work, spend time, with my family/friends, medical facilities, entities who have financial decision making power like Lincoln Financial Group (LFG) or Worker's comp. Because I am currently suing law enforcement for intentional misconduct they are retaliating against me. LFG is a willing participant in the retaliation. Law enforcement has used the Cartel, gang members, neighbors/landlords retired law enforcement (Louise Price, Howard Matts) to stalk, harass, follow, illegally tap my phone, emails, text, voicmails etc.

that this affiant has demanded payment of the sum; that the defendant refuses to pay the same. The Justice Court or the Las Vegas Township, in the County of Clark, State of Nevada is the proper venue for this action pursuant to NRS 73.010. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

*Signature of Affiant* [signature]
*Print Name* Allanna Warren

*Dated* 2/19/23
*Attorney for* ______________________

**ORDER TO APPEAR**

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY ENTER A JUDGMENT AGAINST YOU WITHOUT YOUR PRESENCE UNLESS YOU APPEAR AT THE TRIAL ON THE FOLLOWING DATE:**

**TRIAL DATE:** 05/23/23 **TRIAL TIME:** 10:00 AM **LOCATION:** 6C

**Any Evidence, including receipts, pictures or documents that are necessary to prove your case MUST be brought to trial. Please bring copies for Court to keep and for the opposing party.** Any witnesses should appear with you at the time of trial. Those wishing to appear by alternative means should submit a request no later than two (2) judicial days prior to your Trial.

Las Vegas Justice Court
Electronically Filed
2/19/2023 12:28 AM
Cynthia Cruz
CLERK OF THE COURT

**AAFW**
Name: Allanna Warren
Address: 7500 W. Lake Mead Blvd
City, State, Zip: Las Vegas, NV 89128
Phone: 3234199602
Email: d1a2n3n4@proton.me

**JUSTICE COURT, LAS VEGAS TOWNSHIP**
**CLARK COUNTY, NEVADA**

Allanna Warren
Plaintiff,

vs.

Lincoln Financial Group LLC
Defendant.

CASE NO.: 23A000316

DEPT:

Department #: LVJC 1

## Application to Proceed in Forma Pauperis

I am unable to pay the costs of prosecuting or defending this action. I request permission to proceed without paying costs or fees pursuant to NRS 12.015 based on the following:

1. **Public Assistance.** I receive federal and/or state public assistance benefits: (*check all that you receive*)
   - ■ Medicaid
   - ☐ SNAP (food stamp assistance)
   - ☐ TANF (temporary assistance for needy families)
   - ☐ Child care subsidy/ Child Care & Development Fund assistance
   - ☐ SSI (supplemental security income)
   - ☐ Other federal and/or state public assistance: ______________.
   - ☐ I do not receive any kind of public assistance.

2. **Household Members**: In my household there are 2 adults (over 18) and _______ children (under 18) for a total of 2 people.

3. **Income** includes employment (include tips/overtime), unemployment, retirement, pension, social security, child support. Please list all income for household member: (*all numbers should be after taxes are taken out*):

For each adult in the home, list net monthly income (*after taxes*):

| | |
|---|---|
| My total income | $1800.00 |
| Household Adult #1 total income | $ |
| Household Adult #2 total income | $ |
| Household Adult #3 total income | $ |
| Household Adult #4 total income | $ |
| Household Adult #5 total income | $ |
| **HOUSEHOLD TOTAL** | $1800.00 |

Case 2:23-cv-00601-GMN-EJY Document 22-3 Filed 11/07/23 Page 4 of 17

4. **My basic monthly expense include:** *Fill out the chart below.*

| | |
|---|---|
| Rent / Mortgage | $1600.00 |
| Utilities (electric, gas, water, phone, other utilities) | $100.00 |
| Food | $ |
| Child care | $ |
| Medical expenses (health insurance, co-pays, out of pocket expenses) | $ |
| Transportation (bus fare, car, gas, insurance) | $100.00 |
| Other: | $1800.00 |
| **TOTAL** | $1800.00 |

5. **Other Compelling Reason.** Explain why you cannot pay the filing fee.
I am destitute

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

DATED (*month*) February (*day*) 19, 2023.

Submitted By: (*Signature*) ▸ [signature]

Printed Name: Allanna Warren

**FOR COURT USE ONLY**

Upon consideration of the movant's Application to Proceed in Forma Pauperis, and good cause appearing therefore,

☒ The Application to Proceed in Forma Pauperis is **GRANTED**. The applicant shall be permitted to proceed with fees and costs waived in this action as permitted by NRS 12.015.

☐ The Application to Proceed in Forma Pauperis is **DENIED** for the following reasons:
☐ The applicant is not indigent within the meaning of NRS 12.015
☐ The application was incomplete or not legible.

2/21/2023
Date

2/21/2023
Justice of the Peace/Clerk of Court

Las Vegas Justice Court
Electronically Filed
3/23/2023 12:02 PM
Cynthia Cruz
CLERK OF THE COURT

JUSTICE COURT, Las Vegas
CLARK COUNTY, NEVADA

Allanna Warren

Plaintiff,

-vs-

Lincoln Financial Group

Defendant.

CASE NO. 23A000316
DEPT. NO. LVJC 1

MOTION TO
Requesting that Judges/clerks treat me fairly
(complete title to describe relief requested)

COMES NOW, the ☑ Plaintiff ☐ Defendant in the above-entitled matter and files this Motion for the following reasons: After the uneithical, shameful, cruel, embarrassing, horrific, abusive and violent way Judge De La Garza and her clerks treated me during my hearing today, 3/15/2023, because her clerks aren't competent enough to handle evidence given in the Justice Court procedural way of emailing the dedicated email address of smallclai4msexhibits@clarkcountynv.gov, I am requesting that the court clerks have all my exhibits with the subject "Evidence for Case 23A000316 Allanna Warren VS. Lincoln F Group" removed from the spam/junk folders, have them prepared before my hearing, notify me of the new hearing and have them for the, hopefully unbiased, judge so I can get justice from this racist state.

I declare under penalty of perjury that the foregoing is true and correct.

3/22/23 — Allanna Warren — *Allanna Warren*
(date) (type or print name) (signature)

Will Be Sent for Judicial Review

**NOTICE OF MOTION**

TO: (Name of Opposing Party) ______________________; and

TO: (Name of attorney for Opposing Party, if any) ______________________

PLEASE TAKE NOTICE that a hearing on (check one) ☐ Plaintiff's ☐ Defendant's MOTION TO (insert the title of your motion) ______________________ will be held at the Justice Court located at: in Department ________, on the ________ day of ______________________, 20_____, at the hour of __________ ______M.

**YOU ARE REQUIRED TO FILE WITH THE COURT AND SERVE ON THE MOVING PARTY A WRITTEN "OPPOSITION" TO THIS MOTION WITHIN 10 (TEN) JUDICIAL DAYS. YOUR FAILURE TO FILE AND SERVE A WRITTEN OPPOSITION MAY BE UNDERSTOOD AS AN ADMISSION THAT**



© Civil Law Self-Help Center
Clark County, Nevada

Will Be Sent for Judicial Review

Case Number: 23A000316

**THE MOTION IS VALID, AND MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED IN THE MOTION AGAINST YOU.**

| | | |
|---|---|---|
| 3/22/23 | Allanna Warren | Allanna Warren |
| (date) | (type or print name) | (signature) |

---

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that service of the foregoing MOTION TO Requesting that Judges/clerks trea was made on (insert date) March 22, 20 23, pursuant to JCRCP 5(b) by depositing a copy of the same in the United States Mail in Las Vegas, NV, postage prepaid, addressed as follows:

(Other party's name) Lincoln Financial Group

(Other party's address) LFGCommunications_D53@lfg.com
ellen.cooper@lfg.com

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/22/23 | Allanna Warren | Allanna Warren |
| (date) | (type or print name) | (signature) |



© Civil Law Self-Help Center
Clark County, Nevada

Case 2:23-cv-00601 Document 1-2 Filed 04/19/23 Page 17 of 103

Las Vegas Justice Court
Electronically Filed
3/28/2023 4:05 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

**Allanna Warren, Plaintiff(s)**
**vs.**
**Lincoln Financial Group, Defendant(s)**

**CASE NO.: 23A000316**

**JC DEPARTMENT 1**

**ORDER REGARDING MOTION "REQUESTING THAT JUDGES/CLERKS TREAT ME FAIRLY"**

This matter came before the Court on Plaintiff's Small Claims Motion "Requesting that Judges/Clerks treat me fairly" filed herein. The Court having reviewed all the pleadings on the motion, and good cause appearing, hereby finds the following;

☒ The Motion will be heard on the 30th day of May, 2023 at 10:00 am in Courtroom 6C, Regional Justice Center, 200 Lewis Avenue, Las Vegas NV 89155.

☒ The Trial Set for May 30, 2023 **STANDS.**

DATED 03/27/2023

ELANA LEE GRAHAM
Justice of the Peace

You must arrive 30 minutes prior to your trial time to check in with the clerk. Please bring with you all witnesses, and original and 2 copies of any evidence, receipts or books, necessary to prove your case. A mediator will be available in the courtroom prior to your trial should you wish to mediate this matter. You are further notified that in the event you do not appear, Default Judgment may be entered against you in the amount claimed due by the Plaintiff, which may result in the garnishment of wages and seizure of property.

Las Vegas Justice Court
Electronically Filed
3/28/2023 4:05 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

**Allanna Warren, Plaintiff(s)**
**vs.**
**Lincoln Financial Group, Defendant(s)**

**CASE NO.: 23A000316**

**JC DEPARTMENT 1**

**ORDER DENYING MOTION FOR SERVICE OF SMALL CLAIMS COMPLAINT BY CERTIFIED MAIL**

This matter came before the Court on Plaintiff's Motion for Service of Small Claims Complaint by Certified Mail filed herein.

The Court having reviewed all the pleadings on the motion and good cause appearing, hereby finds there is insufficient basis to establish the Defendant resides out of State, has departed from the State, or cannot, after due diligence, be found within the State or that Defendant is avoiding service pursuant to JCRCP4(e).

While the submitted affidavit shows that efforts to serve the Defendant at his last place of his work address were unsuccessful, no information has been provided to the Court to establish there is an address to which to send certified mail. Further investigative efforts to identify an address are necessary.

IT IS HEREBY ORDERED that Plaintiff's Motion for Service of Small Claims Complaint by Certified Mail is **DENIED.**

DATED 03/28/2023

ELANA LEE GRAHAM
Justice of the Peace

Las Vegas Justice Court
Electronically Filed
3/7/2023 10:02 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

**Allanna Warren, Plaintiff(s)**
**vs.**
**Lincoln Financial Group, Defendant(s)**

**CASE NO.: 23A000316**

**JC Department 1**

**ORDER REGARDING MOTION FOR APPEARANCE BY ALTERNATIVE MEANS**

This matter came before the Court on Plaintiff's Motion for Appearance by Alternative Means for the Trial scheduled for the 30th day of May 2023, at 10:00 a.m. The Court having reviewed all the pleadings on the motion, and good cause appearing, hereby finds the following;

Pursuant to the Supreme Court Rules, PART IX-B, (A), Rules Governing Appearance by Telephonic Transmission Equipment for Civil and Family Court Proceedings,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appearance by Alternative Means is

☒ **GRANTED**. You may access the BlueJeans hearing through any of the following methods:

1. Use the following link: https://bluejeans.com/7026713478 in an Internet browser.
2. Download the BlueJeans App on your iPhone or Android Phone, select Join a Meeting and enter the Meeting ID 7026713478
3. Call (408) 419-1715 and enter meeting ID 7026713478#

**DATED** 3/7/2023

Electronically signed by
Justice of the Peace
Department 1, Las Vegas Justice Court

ELANA LEE GRAHAM
Justice of the Peace

Case 2:23-cv-00631-GMN-EJY Document 22-3 Filed 07/06/23 Page 1 of 1

Las Vegas Justice Court
Electronically Filed
2/28/2023 2:08 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

**Allanna Warren, Plaintiff(s)**
**vs.**
**Lincoln Financial Group, Defendant(s)**

**CASE NO.: 23A000316**

**JC Department 1**

**ORDER REGARDING SMALL CLAIMS MOTION/REQUEST FOR CONTINUANCE**

This matter came before the Court on Plaintiff's Small Claims Motion/Request for Continuance filed herein. The Court having reviewed all the pleadings on the motion, and good cause appearing, hereby finds the following;

☒ The Small Claims Motion/Request for Continuance is **GRANTED**. The Trial is set for the 30th day of May, 2023 at 10:00 a.m. in Courtroom 6C, Regional Justice Center, 200 Lewis Avenue, Las Vegas NV 89155.

☒ Plaintiff is responsible for notifying opposing party of the new date. Notice must be provided at least 10 judicial days prior to the trial date set above.

**DATED** 2/28/2023

Electronically signed by
Justice of the Peace
Department 1, Las Vegas Justice Court

ELANA LEE GRAHAM
Justice of the Peace

You must arrive 30 minutes prior to your trial time to check in with the clerk. Please bring with you all witnesses, and original and 2 copies of any evidence, receipts or books, necessary to prove your case. A mediator will be available in the courtroom prior to your trial should you wish to mediate this matter. You are further notified that in the event you do not appear, Default Judgment may be entered against you in the amount claimed due by the Plaintiff, which may result in the garnishment of wages and seizure of property.

Las Vegas Justice Court
Electronically Filed
3/23/2023 12:25 PM
Cynthia Cruz
CLERK OF THE COURT

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

| | | |
|---|---|---|
| ALLANNA WARREN<br><br>**PLAINTIFF**<br>vs<br>LINCOLN FINANCIAL GROUP<br><br>**DEFENDANT** | ) | CASE No. 23A000316<br>SHERIFF CIVIL NO: 23001177<br><br>**NOT FOUND AFFIDAVIT** |

**STATE OF NEVADA** }
} **ss:**
**COUNTY OF CLARK** }

SGT ANTHONY LONGO, being duly sworn, deposes and says:

That he/she is a regularly appointed, qualified Sgt Deputy Constable of the said County of Clark, in the State of Nevada and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process by the laws of the State of Nevada, and competent to be a witness therein; that he/she and now is a citizen of the United States of America and of the State of Nevada and that he/she received the within stated civil process: SMALL CLAIMS COMPLAINT, ORDER TO APPEAR (5/23/23), ORDER REGARDING SMALL CLAIMS MOTION/REQUEST FOR CONTINUANCE on 3/6/2023 at the hour of 3:14 PM.

That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said ***LINCOLN FINANCIAL GROUP*** Defendant within Clark County, Nevada.

**ATTEMPTS TO LOCATE:**

**Date: 3/7/2023 @ 10:05 AM - 3355 SPRING MOUNTAIN ROAD SUITE 255 LAS VEGAS, NV 89102**

**Attempted By: Sgt ANTHONY LONGO**

**Service Type: UNABLE TO SERVE**

**Notes: BUSINESS IS VACANT**

*I. DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**Dated: March 8, 2023**

Kevin McMahill, Sheriff

By: Anthony Longo 9583
SGT ANTHONY LONGO P#9583
Sgt Deputy Constable

Case 2:23-cv-00681-GMN-EJY Document 1-2 Filed 04/19/23 Page 12 of 17

Las Vegas Justice Court
Electronically Filed
3/2/2023 3:28 AM
Cynthia Cruz
CLERK OF THE COURT

| JUSTICE COURT, LAS VEGAS TOWNSHIP<br>Clark County, Nevada | Case No: 23A000316<br>Department No: LVJC 6C |
|---|---|
| Name of Plaintiff(s):<br>Allanna Warren<br><br>VERSUS<br><br>Name of Defendant(s):<br>Lincoln Financial Group | SMALL CLAIMS – MOTION FOR TELEPHONIC APPEARANCE |

Upon the application of ☒ Plaintiff or ☐ Defendant, in the above-entitled manner, it is hereby requested that for the hearing or trial scheduled on *(insert date of hearing)* 5/30/23 applicant be allowed to participate via telephone for the following reason(s):

I feel more comfortable attending this hearing via BlueJean. After Bella Lombardi, Ashley Tilley, Julie Donald and other employees at Lincoln Financial Group (LFG) conspired with Cano Health to delay, utilize my medical information unethically and ultimately deny my claim, I do not feel safe being in the same courtroom with them. LFG has taken its toll on me mentally, physically, psychologically and emotionally. I am already on an ADA leave from my job because Hilton Grand Vacation has treated me the same way. This is a direct product of law enforcement involving themselves in civil matters and orchestrating chaos. I appreciate the court's consideration in this matter.

**If my motion is granted**, the telephone number for the Court to call when the Trial/Hearing is ready to start is: (323) 4199602.

## CERTIFICATION OF MAILING

The Undersigned certifies on the 2 day of March, 2023, a copy of the foregoing Small Claims Motion for Telephonic Appearance Continue was mailed to Lincoln Financial Group at 3355 Spring Mountain Rd Ste 255 Las Vegas, NV 89102 by depositing a copy in the United States Mail in an addressed sealed envelope, postage prepaid.

DATE: 3/2/23

NAME: Allanna Warren

Per NRS 53.045, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

*(Signature)*: [signature]

*(Type or print name)*: Allanna Warren

*(Date)*: 3/2/23

LVJCVL Form-154 Revised 1/17

Las Vegas Justice Court
Electronically Filed
3/23/2023 12:39 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT,** Las Vegas
**CLARK COUNTY, NEVADA**

Allanna Warren
Plaintiff,
-vs-
Lincoln Financial Group
Defendant.

**CASE NO.** 23A000316
**DEPT. NO.** LVJC 1

**MOTION TO** Serve Defendant via certified mail
(complete title to describe relief requested)

COMES NOW, the ☑ Plaintiff ☐ Defendant in the above-entitled matter and files this Motion for the following reasons: I have submitted a Not Found Affidavit on Thursday 3/23/23 to this court. The Civil unit of the Sheriff's department stated, "That after due search and diligent inquiry throughout Clark county, State of Nevada, I was unable to effect service upon Linconl Financial Group." Therefore, I am requesting the ability to serve all case related documents via certified mail and/or email. I appreciate the court's consideration in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

| 3/23/23 | Allanna Warren | *Allanna Warren* |
|---|---|---|
| (date) | (type or print name) | (signature) |

Will Be Sent for Judicial Review

**NOTICE OF MOTION**

TO: (Name of Opposing Party) ______________________; and

TO: (Name of attorney for Opposing Party, if any) ______________________

PLEASE TAKE NOTICE that a hearing on (check one) ☐Plaintiff's ☐Defendant's MOTION TO (insert the title of your motion) ______________________ will be held at the Justice Court located at: in Department ________, on the ________ day of ______________, 20_____, at the hour of ________ ______M.

**YOU ARE REQUIRED TO FILE WITH THE COURT AND SERVE ON THE MOVING PARTY A WRITTEN "OPPOSITION" TO THIS MOTION WITHIN 10 (TEN) JUDICIAL DAYS. YOUR FAILURE TO FILE AND SERVE A WRITTEN OPPOSITION MAY BE UNDERSTOOD AS AN ADMISSION THAT**

**THE MOTION IS VALID, AND MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED IN THE MOTION AGAINST YOU.**

| | | |
|---|---|---|
| 3/23/23 | Allanna Warren | Allanna Warren |
| (date) | (type or print name) | (signature) |

---

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that service of the foregoing MOTION TO ____________________ was made on (insert date) March 23, 20 23, pursuant to JCRCP 5(b) by depositing a copy of the same in the United States Mail in Las Vegas, NV, postage prepaid, addressed as follows:

(Other party's name) Lincoln Financial Group

(Other party's address) ____________________

____________________

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/23/23 | Allanna Warren | Allanna Warren |
| (date) | (type or print name) | (signature) |



© Civil Law Self-Help Center
Clark County, Nevada

**JUSTICE COURT,** Las Vegas
**CLARK COUNTY, NEVADA**

Allanna Warren

Plaintiff,

-vs-

Lincoln Financial Group

Defendant.

**CASE NO.** 23A000316
**DEPT. NO.** 1

**MOTION TO**
Make sure NRCP are followed
(complete title to describe relief requested)

COMES NOW, the ☑ Plaintiff ☐ Defendant in the above-entitled matter and files this Motion for the following reasons: Per the Nevada Rules of Civil Procedures I as the Plaintiff am entitled to receive any and all exhibits, evidence and discovery filed in this court by the defendant before the hearing so I have ime to go over it. This court has not followed NRCP rules in any of my cases. The most visible disregard for the NRCP were exhibited on 2/7/23 and 3/15/23 by a long dark haired judge and Judge Melisa De La Garza. Both displayed disrespect for me, the courtroom and the NRCP. They are both racist, a blight on the judicial bench and violated the Canons they swore to uphold. The NRCP have not been followed by the clerks, judges, court staff, sheriffs and bailiffs. I must file this just to be treated fair.

I declare under penalty of perjury that the foregoing is true and correct.

| 4/17/23 | Allanna Warren | Allanna Warren |
|---|---|---|
| (date) | (type or print name) | (signature) |

---

**NOTICE OF MOTION**

TO: (Name of Opposing Party) ______________________ ; and

TO: (Name of attorney for Opposing Party, if any) ______________________

PLEASE TAKE NOTICE that a hearing on (check one) ☐ Plaintiff's ☐ Defendant's MOTION TO (insert the title of your motion) ______________ will be held at the Justice Court located at: in Department ________, on the ______ day of ______________, 20____, at the hour of __________ ______M.

**YOU ARE REQUIRED TO FILE WITH THE COURT AND SERVE ON THE MOVING PARTY A WRITTEN "OPPOSITION" TO THIS MOTION WITHIN 10 (TEN) JUDICIAL DAYS. YOUR FAILURE TO FILE AND SERVE A WRITTEN OPPOSITION MAY BE UNDERSTOOD AS AN ADMISSION THAT**



© *Civil Law Self-Help Center*
*Clark County, Nevada*

**THE MOTION IS VALID AND MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED IN THE MOTION AGAINST YOU.**

| | | |
|---|---|---|
| 4/17/23 | Allanna Warren | |
| (date) | (type or print name) | (signature) |

---

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that service of the foregoing MOTION TO Make sure NRCP are followed was made on (insert date) April 17, 20 23, pursuant to JCRCP 5(b) by depositing a copy of the same in the United States Mail in Las Vegas, NV, postage prepaid, addressed as follows:

(Other party's name) Lincoln Financial Group

(Other party's address) ctbeazer@gmail.com
ellen.cooper@lfg.com

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/17/23 | Allanna Warren | Allanna Warren |
| (date) | (type or print name) | (signature) |



© Civil Law Self-Help Center
Clark County, Nevada

Las Vegas Justice Court
Electronically Filed
4/19/2023 7:56 AM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

**ALLANNA WARREN,**
**Plaintiff**

**vs.**

**LINCOLN FINANCIAL GROUP,**
**Defendants.**

**CASE NO.: 23A000316**

**JC Department 1**

**ORDER DENYING MOTION TO MAKE SURE NRCP ARE FOLLOWED.**

This matter came before the Court on Plaintiff's Motion to make sure NRCP are followed filed herein. The Court having reviewed all the pleadings, and good cause appearing, hereby finds the following;

Nevada Rules of Civil Procedure (NRCP) states in pertinent part:

> **Rule 1. Scope and Purpose**
> "These rules govern the procedure in all civil actions and proceedings in the district courts…"

The instant action is a Small Claims case in the Las Vegas Justice Court, therefore the Justice Court Rules of Civil Procedure (JCRCP) and the Las Vegas Justice Court Local Rules of Practice (LVJCLRP) apply.

Further, Plaintiff failed to set forth any evidence or cite a specific rule that has not been followed in this case. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Make Sure NRCP are Followed is **DENIED.**

**DATED** the 19th day of April, 2023.

ELANA LEE GRAHAM
Justice of the Peace

# GROUP DISABILITY INCOME POLICY

**Sponsor:** **Hilton Resorts Corporation (DBA Hilton Grand Vacations)**

**Policy Number:** **GD/GF3-890-LF0659-01**

**Effective Date:** **January 1, 2022**

**Governing Jurisdiction** is **Florida** and subject to the laws of that State.

**Premiums** are due and payable monthly on the first day of each month.

**Policy Anniversaries** shall occur each January 1st beginning in 2023.

The Lincoln National Life Insurance Company (hereinafter referred to as Lincoln) agrees to pay benefits provided by this policy in accordance with its provisions. This policy provides Short Term Disability and Long Term Disability coverages.

**PLEASE READ THIS POLICY CAREFULLY FOR FULL DETAILS.**

This policy is a legal contract and is issued in consideration of the Application of the Sponsor, a copy of which is attached, and of the payment of premiums by the Sponsor.

For purposes of this policy, the Sponsor acts on its own behalf or as the Covered Person's agent. Under no circumstances will the Sponsor be deemed the agent of Lincoln.

This policy is delivered in and governed by the laws of the governing jurisdiction.

The following pages including any amendments, riders or endorsements are a part of this policy.

Signed at Lincoln's Home Office, 1301 S. Harrison Street, Fort Wayne, IN 46802-3425

Secretary

President

EXHIBIT

2

**NON-PARTICIPATING**

**Form ADOP**

# TABLE OF CONTENTS

**SECTION 1** .................................................................. **SCHEDULE OF BENEFITS**

**SECTION 2** .................................................................. **DEFINITIONS**

**SECTION 3** .................................................................. **ELIGIBILITY AND EFFECTIVE DATES**

**SECTION 4** .................................................................. **DISABILITY INCOME BENEFITS**

**SECTION 5** .................................................................. **EXCLUSIONS**

**SECTION 6** .................................................................. **TERMINATION PROVISIONS**

**SECTION 7** .................................................................. **GENERAL PROVISIONS**

**SECTION 8** .................................................................. **PREMIUMS**

**SECTION 9** .................................................................. **APPLICATION**

Case 2:23-cv-02631-GMN-EJY Document 22-3 Filed 11/07/23 Page 30 of 103

# SECTION 1 - SCHEDULE OF BENEFITS

**ELIGIBILITY REQUIREMENTS FOR INSURANCE BENEFITS**

**Minimum Hourly Requirement:**

Applicable to Short Term Disability

Applicable to Class 1, 2
Employees working a minimum of 30 regularly scheduled hours per week

Applicable to Class 1a, 2a
Employees working a minimum of 20 regularly scheduled hours per week

Applicable to Long Term Disability

Applicable to Class 1, 2
Employees working a minimum of 30 regularly scheduled hours per week

Applicable to Class 1a, 2a
Employees working a minimum of 20 regularly scheduled hours per week

**Short Term Disability Benefits:**

Class 1: All active full-time non-union Employees and union Employees of International Union of Operating Engineers Local 501 and New York Hotels Trade Council Local 153 in the Core Plan, excluding Employees in Hawaii and Guam

Class 1a: All active union and non-union Employees in Hawaii and Guam in the Core Plan

Class 2: All active full-time non-union Employees and union Employees of International Union of Operating Engineers Local 501 and New York Hotels Trade Council Local 153 electing the buy-up benefit, excluding Employees in Hawaii and Guam

Class 2a: All active union and non-union Employees in Hawaii and Guam electing the buy-up benefit

**Note:** This policy does not cover the following Employees: Temporary and Seasonal Employees, and Employees who are not legal residents working in the United States.

**Long Term Disability Benefits:**

Class 1: All active full-time, non-union Employees and union Employees of International Union of Operating Enginners Local 501 and New York Hotels Trade Council Local 153 electing the 50% benefit, excluding Employees in Hawaii and Guam

Class 1a: All active union and non-union Employees in Hawaii and Guam electing the 50% benefit

Class 2: All active full-time, non-union Employees and union Employees of International Union of Operationg Enginners Local 501 and New York Hotels Trade Council Local 153 electing the 60% benefit, excluding Employees in Hawaii and Guam

Class 2a: All active union and non-union Employees in Hawaii and Guam electing the 60% benefit

**Note:** This policy does not cover the following Employees. Temporary and seasonal Employees; Employees who are not legal residents working in the United States.

**Eligibility Waiting Period:**

1. If the Covered Person is employed by the Sponsor on the policy effective date - None

2. If the Covered Person begins employment for the Sponsor after the policy effective date - None

**Employee Contributions Required:**

Short Term Disability Benefits:

Applicable to Class 1, 1a

No

Applicable to Class 2, 2a

Yes

Long Term Disability Benefits:

Yes

## SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE**

**Elimination Period:**

The period for which a benefit is payable will commence following the Elimination Period shown below:

7 calendar days for Injury
7 calendar days for Sickness

**Note:** Benefits will begin on the first day following the completion of the Elimination Period.

**Amount of Insurance:**

Applicable to Class 1, 1a:

60.00% of Basic Weekly Earnings not to exceed a Maximum Weekly Benefit of $2,000.00 less Other Income Benefits and Other Income Earnings as outlined in Section 4. The Minimum Weekly Benefit is $25.00.

Applicable to Class 2, 2a:

60.00% of Basic Weekly Earnings not to exceed a Maximum Weekly Benefit of $3,500.00 less Other Income Benefits and Other Income Earnings as outlined in Section 4. The Minimum Weekly Benefit is $25.00.

**Maximum Benefit Period:**

**Applicable to Injury:**

The period for which a benefit is payable, following completion of the Elimination Period, for any one Disability will end on the earliest of:

a. the end of the Disability; or

b. the end of the 25th weeks of Disability for which a benefit is payable.

**Applicable to Sickness:**

The period for which a benefit is payable, following completion of the Elimination Period, for any one Disability will end on the earliest of:

a. the end of the Disability; or

b. the end of the 25th weeks of Disability for which a benefit is payable.

Case 2:23-cv-02601-GMN-EJY Document 22-3 Filed 04/30/24 Page 6 of 6

# SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE**

**Elimination Period:**

180 days.

**Amount of Insurance:**

Applicable to Class 1, 1a:

50.00% of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $3,000.00 less Other Income Benefits and Other Income Earnings as outlined in Section 4.

Applicable to Class 2, 2a:

60.00% of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $20,000.00 less Other Income Benefits and Other Income Earnings as outlined in Section 4.

**Maximum Basic Monthly Earnings on which the Benefit is Based:**

| | |
|---|---|
| Applicable to Class 1, 1a: | $6,000.00 |
| Applicable to Class 2, 2a: | $33,333.33 |

**Own Occupation Duration:**

24 Month Own Occupation

# SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Minimum Monthly Benefit:**

The Minimum Monthly Benefit is $100.00.

**Maximum Benefit Period:**

| Age at Disability | Maximum Benefit Period |
|---|---|
| Less than age 60 | Greater of SSNRA* or to age 65 (but not less than 5 years) |
| 60 | 60 months |
| 61 | 48 months |
| 62 | 42 months |
| 63 | 36 months |
| 64 | 30 months |
| 65 | 24 months |
| 66 | 21 months |
| 67 | 18 months |
| 68 | 15 months |
| 69 and over | 12 months |

* SSNRA means the Social Security Normal Retirement Age as figured by the 1983 amendment to the Social Security Act and any subsequent amendments and provides:

| Year of Birth | Normal Retirement Age |
|---|---|
| Before 1938 | 65 |
| 1938 | 65 and 2 months |
| 1939 | 65 and 4 months |
| 1940 | 65 and 6 months |
| 1941 | 65 and 8 months |
| 1942 | 65 and 10 months |
| 1943-1954 | 66 |
| 1955 | 66 and 2 months |
| 1956 | 66 and 4 months |
| 1957 | 66 and 6 months |
| 1958 | 66 and 8 months |
| 1959 | 66 and 10 months |
| 1960 and after | 67 |

# SECTION 2 - DEFINITIONS

In this section Lincoln defines some basic terms needed to understand this policy. The male pronoun whenever used in this policy includes the female.

**"Active Employment"** means the Employee must be actively at work for the Sponsor:

1. on a full-time or part-time basis and paid regular earnings;

2. for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work:

   a. at the Sponsor's usual place of business; or
   b. at a location to which the Sponsor's business requires the Employee to travel.

An Employee will be considered actively at work if he was actually at work on the day immediately preceding:

1. a weekend (except where one or both of these days are scheduled work days);
2. holidays (except when the holiday is a scheduled work day);
3. paid vacations;
4. any non-scheduled work day;
5. an excused leave of absence (except medical leave for the Covered Person's own disabling condition and lay-off); and
6. an emergency leave of absence (except emergency medical leave for the Covered Person's own disabling condition).

**"Administrative Office"** means The Lincoln National Life Insurance Company, 100 Liberty Way, Suite 100, Dover, NH 03820-4695.

**"Annual Enrollment Period"** or **"Enrollment Period"** means the period before each policy anniversary so designated by the Sponsor and Lincoln during which an Employee may enroll for coverage under this policy.

## SECTION 2 - DEFINITIONS
(Continued)

**"Any Occupation"** means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

**"Application"** is the document designated in Section 9; it is attached to and is made a part of this policy.

**"Appropriate Available Treatment"** means care or services which are:

1. generally acknowledged by Physicians to cure, correct, limit, treat or manage the disabling condition;
2. accessible within the Covered Person's geographical region;
3. provided by a Physician who is licensed and qualified in a discipline suitable to treat the disabling Injury or Sickness;
4. in accordance with generally accepted medical standards of practice.

**"Basic Monthly Earnings"** means the Covered Person's Annual Benefit Base Rate, the period between July 1 and June 30, as reported on January 1 from the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. If the Covered Person was not employed by the Sponsor from July 1 through June 30, Basic Monthly Earnings means the Covered Person's target compensation as reported by the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. However, such earnings will not include extra compensation, other than commissions, bonuses, overtime pay, and tips. Commissions and bonuses will be averaged over the lesser of (a) 12 month period as reported on January 1st; or (b) the period of employment.

**"Basic Weekly Earnings"** means the Covered Person's Annual Benefit Base Rate, the period between July 1 and June 30, as reported on January 1 from the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. If the Covered Person was not employed by the Sponsor from July 1 through June 30, Basic Weekly Earnings means the Covered Person's target compensation as reported by the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. However, such earnings will not include extra compensation, other than commissions, bonuses, overtime pay, and tips. Commissions and bonuses will be averaged over the lesser of (a) 12 month period as reported on January 1st; or (b) the period of employment.

**"Consumer Price Index"** means the government publication " The Consumer Price Index for Urban Wage Earners and Clerical Workers" provided monthly by the U.S. Department of Labor, or its successor or in the event of no successor a similar Index of comparable purpose chosen by Lincoln.

**"Covered Person"** means an Employee insured under this policy.

**"Disability"** or **"Disabled"**, with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.

Case 2:23-cv-00601-GMN-EJY Document 22-3 Filed 07/06/23 Page 37 of 103

## SECTION 2 - DEFINITIONS
(Continued)

**"Disability"** or **"Disabled"**, with respect to Long Term Disability, means:

1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:

    i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

    ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:

    **"Disability"** or **"Disabled"** means as a result of Injury or Sickness: (a) the Covered Person cannot perform the material and substantial duties of his own occupation; and (b) after benefits have been paid for 12 months, the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation

**"Disability Benefits under a Retirement Plan"** means money which:

1. is payable under a Retirement Plan due to Disability as defined in that plan; and

2. does not reduce the amount of money which would have been paid as retirement benefits at the normal retirement age under the plan if the Disability had not occurred. (If the payment does cause such a reduction, it will be deemed a Retirement Benefit as defined in this policy.)

## SECTION 2 - DEFINITIONS
(Continued)

**"Eligibility Date"** means the date an Employee becomes eligible for insurance under this policy. Eligibility Requirements are shown in the Schedule of Benefits.

**"Eligible Survivor"** means the Covered Person's spouse, if living, otherwise the Covered Person's children under age 25.

**"Eligibility Waiting Period"** means the continuous length of time an Employee must be in Active Employment in an eligible class to reach his Eligibility Date.

**"Elimination Period"**, with respect to Short Term Disability, means a period of consecutive days of Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability.

**"Elimination Period"**, with respect to Long Term Disability, means a period of consecutive days of Disability or Partial Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability.

If the Covered Person returns to work for any thirty or fewer days during the Elimination Period and cannot continue, Lincoln will count only those days the Covered Person is Disabled or Partially Disabled to satisfy the Elimination Period.

**"Employee"** means a person in Active Employment with the Sponsor.

**"Enrollment Form"** is the document completed by the Covered Person, if required, when enrolling for coverage. This form must be satisfactory to Lincoln.

**"Evidence of Insurability"** means a statement of proof of an Employee's medical history upon which acceptance for insurance will be determined by Lincoln.

## SECTION 2 - DEFINITIONS
(Continued)

**"Extended Treatment Plan"** means continued care that is consistent with the American Psychiatric Association's standard principles of Treatment, and is in lieu of confinement in a Hospital or Institution. It must be approved in writing by a Physician.

**"Family and Medical Leave"** means a leave of absence for the birth, adoption or foster care of a child, or for the care of the Covered Person's child, spouse or parent or for the Covered Person's own serious health condition as those terms are defined by the Federal Family and Medical Leave Act of 1993 (FMLA) and any amendments, or by applicable state law.

**"Family Status Change"** means any one of the following events that may occur:
1. the Employee's marriage or divorce;
2. the birth of a child to the Employee;
3. the adoption of a child by the Employee;
4. the death of the Employee's spouse or child;
5. the commencement or termination of employment of the Employee's spouse;
6. the change from part-time employment to full-time employment by the Employee or the Employee's spouse;
7. the change from full-time employment to part-time employment by the Employee or the Employee's spouse;
8. the taking of unpaid leave of absence by the Employee or the Employee's spouse.

**"Gross Monthly Benefit"** means the Covered Person's Monthly Benefit before any reduction for Other Income Benefits and Other Income Earnings.

**"Gross Weekly Benefit"** means the Covered Person's Weekly Benefit before any reduction for Other Income Benefits and Other Income Earnings.

**"Hospital"** or **"Institution"** means a facility licensed to provide Treatment for the condition causing the Covered Person's Disability.

Case 2:23-cv-00601-GMN-EJY Document 22-3 Filed 07/06/23 Page 13 of 24

## SECTION 2 - DEFINITIONS

(Continued)

**"Indexed Basic Monthly Earnings"** means the Covered Person's Basic Monthly Earnings in effect just prior to the date Disability or Partial Disability began adjusted on the first anniversary of benefit payments and each anniversary thereafter.

**"Initial Enrollment Period"** means one of the following periods during which an Employee may first enroll for coverage under this policy:

1. for an Employee who is eligible for insurance on the policy effective date, a period before the policy effective date set by the Sponsor and Lincoln.
2. for an Employee who becomes eligible for insurance after the policy effective date, the period which ends 31 days after his Eligibility Date.

**"Injury"** means bodily impairment resulting directly from an accident and independently of all other causes. For the purpose of determining benefits under this policy:

1. any Disability which begins more than 60 days after an Injury will be considered a Sickness; and
2. any Injury which occurs before the Covered Person is covered under this policy, but which accounts for a medical condition that arises while the Covered Person is covered under this policy will be treated as a Sickness.

**"Last Monthly Benefit"** means the gross Monthly Benefit payable to the Covered Person prior to his death without any reduction for earnings received from employment.

**"Material and Substantial Duties"**, with respect to Short Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Job and cannot be reasonably eliminated or modified.

**"Material and Substantial Duties"**, with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

## SECTION 2 - DEFINITIONS
(Continued)

**"Mental Illness"** means a psychiatric or psychological condition classified as such in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) regardless of the underlying cause of the Mental Illness. If the DSM is discontinued, Lincoln will use the replacement chosen or published by the American Psychiatric Association.

**"Monthly Benefit"**, with respect to Long Term Disability, means the monthly amount payable by Lincoln to the Disabled or Partially Disabled Covered Person.

**"Non-Verifiable Symptoms"** means the Covered Person's subjective complaints to a Physician which cannot be diagnosed using tests, procedures or clinical examinations typically accepted in the practice of medicine. Such symptoms may include, but are not limited to, dizziness, fatigue, headache, loss of energy, numbness, pain, ringing in the ear, and stiffness.

**"Own Job"**, with respect to Short Term Disability, means the Covered Person's job that he was performing when his Disability or Partial Disability began.

**"Own Occupation"**, with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the national economy.

Case 2:23-cv-00681-GMN-EJY Document 22-3 Filed 07/06/23 Page 42 of 103

## SECTION 2 - DEFINITIONS
(Continued)

**"Partial Disability" or "Partially Disabled"**, with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is able to:

1. perform one or more, but not all, of the Material and Substantial Duties of his Own Job or another job on an Active Employment or a part-time basis; or

2. perform all of the Material and Substantial Duties of his Own Job or another job on a part-time basis; and

3. earn between 20.00% and 80.00% of his Basic Weekly Earnings.

**"Partial Disability" or "Partially Disabled"**, with respect to Long Term Disability, means the Covered Person, as a result of Injury or Sickness, is able to:

1. perform one or more, but not all, of the Material and Substantial Duties of his Own Occupation or Any Occupation on an Active Employment or a part-time basis; or

2. perform all of the Material and Substantial Duties of his Own Occupation or Any Occupation on a part-time basis; and

3. earn between 20.00% and 80.00% of his Basic Monthly Earnings.

**"Physician"** means a person who:

1. is licensed to practice medicine and is practicing within the terms of his license; or

2. is a licensed practitioner of the healing arts in a category specifically favored under the health insurance laws of the state where the Treatment is received and is practicing within the terms of his license.

It does not include a Covered Person, any family member or domestic partner.

## SECTION 2 - DEFINITIONS
(Continued)

**"Proof"** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:

1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;
2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and
3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.

Proof must be submitted in a form or format satisfactory to Lincoln.

**"Regular Attendance"** means the Covered Person's personal visits to a Physician which are medically necessary according to generally accepted medical standards to effectively manage and treat the Covered Person's Disability or Partial Disability.

**"Retirement Benefit under a Retirement Plan"** means money which:

1. is payable under a Retirement Plan either in a lump sum or in the form of periodic payments;
2. does not represent contributions made by an Employee (payments which represent Employee contributions are deemed to be received over the Employee's expected remaining life regardless of when such payments are actually received); and
3. is payable upon:
   a. early or normal retirement; or
   b. Disability, if the payment does reduce the amount of money which would have been paid under the plan at the normal retirement age.

Case 2:23-cv-00631-GMN-EJY Document 22-3 Filed 07/06/23 Page 44 of 103

## SECTION 2 - DEFINITIONS

(Continued)

**"Retirement Plan"** means a plan which provides retirement benefits to Employees and which is not funded wholly by Employee contributions. The term shall not include a profit-sharing plan, informal salary continuation plan, registered retirement savings plan, stock ownership plan, 401(K) or a non-qualified plan of deferred compensation.

**"Schedule of Benefits"** means the section of this policy which shows, among other things, the Eligibility Requirements, Eligibility Waiting Period, Elimination Period, Amount of Insurance, Minimum Benefit, and Maximum Benefit Period.

**"Sickness"** means illness, disease, pregnancy or complications of pregnancy.

**"Sponsor"** means the entity to whom this policy is issued.

**"Sponsor's Retirement Plan"** is deemed to include any Retirement Plan:

1. which is part of any Federal, State, Municipal or Association retirement system; or

2. for which the Employee is eligible as a result of employment with the Sponsor.

**"Substance Abuse"** means alcohol and/or drug abuse, addiction or dependency.

**"Treatment"** means consulting, receiving care or services provided by or under the direction of a Physician including diagnostic measures, being prescribed drugs and/or medicines, whether the Covered Person chooses to take them or not, and taking drugs and/or medicines.

**"Weekly Benefit"**, with respect to Short Term Disability, means the weekly amount payable by Lincoln to the Disabled or Partially Disabled Covered Person.

# SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES

**Eligibility Requirements for Insurance Benefits**

The eligibility requirements for insurance benefits are shown in the Schedule of Benefits.

**Eligibility Date for Insurance Benefits**

An Employee in an eligible class will qualify for insurance on the later of:

1. this policy's effective date; or
2. the day after the Employee completes the Eligibility Waiting Period shown in the Schedule of Benefits.

Applicable to Long Term Disability Class 1, 1a, 2, 2a:

**Initial Enrollment Period**

During the Initial Enrollment Period an Employee can enroll in any one coverage or coverage option shown in the Schedule of Benefits. If he does not choose any coverage or coverage option, he will not be enrolled for any coverage. If an Employee's Initial Enrollment Period takes place during or after the Annual Enrollment Period, but before the policy anniversary his coverage option will apply for (a) the rest of the policy year in which he first becomes eligible; and (b) the next policy year.

Applicable to Short Term Disability Class 1, 1a, 2, 2a:

**Initial Enrollment Period**

During the Initial Enrollment Period an Employee can enroll in any one coverage or coverage option shown in the Schedule of Benefits. If he does not choose any coverage or coverage optionhe will automatically be enrolled in the Core Plan If an Employee's Initial Enrollment Period takes place during or after the Annual Enrollment Period, but before the policy anniversary his coverage option will apply for (a) the rest of the policy year in which he first becomes eligible; and (b) the next policy year.

Applicable to Long Term Disability Class 1, 1a, 2, 2a:

**Annual Enrollment Period**

During each Annual Enrollment Period, a Covered Person may keep his coverage at the same level or make one of the following changes in coverage for the next policy year:

1. a decrease in coverage;
2. an increase in coverage without Evidence of Insurability subject to the Pre-Existing Condition Exclusion defined herein.

Applicable to Short Term Disability Class 1, 1a, 2, 2a:

**Annual Enrollment Period**

During each Annual Enrollment Period, a Covered Person may keep his coverage at the same level or make one of the following changes in coverage for the next policy year:

1. a decrease in coverage;

2. an increase in coverage without Evidence of Insurability.

If a Covered Person fails to enroll for a change in his coverage option during any Annual Enrollment Period he will continue to be insured for the same coverage option during the next policy year and no change in that coverage can be made during the next policy year, unless the Covered Person experiences a Family Status Change.

Case 2:23-cv-00631 Document 1-3 Filed 04/26/23 Page 26 of 62

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

Applicable To Long Term Disability Class 1, 1a, 2, 2a:

**Family Status Change**

When an Employee experiences a Family Status Change, he may keep his coverage at the same level or make one of the following changes in coverage:

1. a decrease in coverage;

2. an increase in coverage without Evidence of Insurability subject to the Pre-Existing Condition Exclusion defined herein.

Applicable To Short Term Disability Class 1, 1a, 2, 2a:

**Family Status Change**

When an Employee experiences a Family Status Change, he may keep his coverage at the same level or make one of the following changes in coverage:

1. a decrease in coverage;

2. an increase in coverage without Evidence of Insurability.

The Covered Person must apply for the change in coverage within 31 Days of the date of the Family Status Change. Such changes in coverage must be due to or consistent with the reason that the change in coverage was permitted. A change in coverage is consistent with a Family Status Change only if it is necessary or appropriate as the result of the Family Status Change.

**Effective Date of Insurance**

Insurance will be effective at 12:01 A.M. Standard Time in the governing jurisdiction on the day determined as follows, but only if the Employee's application or enrollment for insurance is made with Lincoln through the Sponsor in a form or format satisfactory to Lincoln.

1. For Coverage Applied for During Initial Enrollment Periods:

   a. an Employee will be insured for non-contributory coverage on his Eligibility Date.
   b. an Employee will be insured for contributory coverage on the date the Employee makes application for insurance if he enrolls on or before the 31st day after his Eligibility Date; or

   c. an Employee who does not enroll for contributory coverage on or before the 31st day after his Eligibility Date, or terminated his insurance while continuing to be eligible may not enroll for contributory coverage until the next Annual Enrollment Period or following a Family Status Change.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Effective Date of Insurance** (Continued)

2. For Contributory Coverage Applied for During Annual Enrollment Periods

   An Employee will be insured for the selected contributory coverage on the first day of the next policy anniversary.

3. For Coverage Applied for Due to a Family Status Change

   An Employee will be insured for the selected coverage on the later of the following dates, provided he applies or enrolls for the change in coverage before the end of the 31st Day following the Family Status Change:

   a. the date of the Family Status Change;
   b. the date the Employee applies or enrolls for the change in coverage.

**Delayed Effective Date for Insurance**

The effective date of any initial, increased or additional insurance will be delayed for an individual if he is not in Active Employment because of Injury or Sickness. The initial, increased or additional insurance will begin on the date the individual returns to Active Employment.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Family and Medical Leave**

An Employee's coverage may be continued under this policy for an approved family or medical leave of absence for up to 12 weeks following the date coverage would have terminated, subject to the following:

1. the authorized leave is in writing;

2. the required premium is paid;

3. the Covered Person's benefit level, or the amount of earnings upon which the Covered Person's benefit may be based, will be that in effect on the date before said leave begins; and

4. continuation of coverage will cease immediately if any one of the following events should occur:

   a. the Covered Person returns to work;
   b. this group insurance policy terminates;
   c. the Covered Person is no longer in an eligible class;
   d. nonpayment of premium when due by the Sponsor or the Covered Person;
   e. the Covered Person's employment terminates.

Applicable to Long Term Disability Class 1, 1a, 2, 2a:

**Rehire Terms**

If a former Employee is re-hired by the Sponsor within 12 months of his termination date, all past periods of Active Employment with the Sponsor will be used in determining the re-hired Employee's Eligibility Date. If a former Employee is re-hired by the Sponsor more than 12 months after his termination date, he is considered to be a new Employee when determining his Eligibility Date.

Applicable to Short Term Disability Class 1, 1a, 2, 2a:

**Rehire Terms**

If a former Employee is re-hired by the Sponsor within 12 months of his termination date:

1. all past periods of Active Employment with the Sponsor will be used in determining the re-hired Employee's Eligibility Date; and

2. if an Employee is re-hired by the Sponsor he will be insured for the same coverage that was in effect for him on the date his employment terminated and no change in that coverage may be made during the rest of that policy year, unless he experiences a Family Status Change. He may make changes in his coverage options at the next Annual Enrollment Period.

If a former Employee is re-hired by the Sponsor more than 12 months after his termination date, he is considered to be a new Employee when determining his Eligibility Date.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Leave of Absence**

The Sponsor may continue the Covered Person's coverage(s) by paying the required premiums, if the Covered Person is given a leave of absence.

The Covered Person's coverage will not continue beyond a period of twelve months. In continuing such coverage under this provision, the Sponsor agrees to treat all Covered Persons equally.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Transfer Provision**

In order to prevent loss of coverage for an individual because of transfer of insurance carriers, this policy will provide coverage for certain individuals as follows:

**Failure to be In Active Employment Due to Injury or Sickness:**

Subject to premium payments, this policy will cover individuals who:

1. at the time of transfer are covered under the prior carrier's policy; and

2. are not in Active Employment due to Injury or Sickness on the effective date of this policy.

Benefits will be determined based on the lesser of:

1. the amount of the Disability benefit that would have been payable under the prior policy and subject to any applicable policy limitations; or

2. the amount of Disability benefits payable under this policy. If benefits are payable under the prior policy for the Disability, no benefits are payable under this policy.

**Disability Due to a Pre-Existing Condition**

Applicable to Long Term Disability Class 1, 1a, 2, 2a:

If an individual was insured under the prior carrier's policy at the time of transfer and was in Active Employment and insured under this policy on its effective date, benefits may be payable for a Disability due to a Pre-Existing Condition.

If the individual can satisfy this policy's Pre-Existing Condition Exclusion, the benefit will be determined according to this policy.

If the individual cannot satisfy this policy's Pre-Existing Condition Exclusion, then:

1. Lincoln will apply the Pre-Existing Condition Exclusion of the prior carrier's policy and;

2. if the individual would have satisfied the prior carrier's pre-existing condition exclusion, giving consideration towards continuous time coverage under this policy; and the prior carrier's policy, the benefit will be determined according to this policy. However, the Maximum Monthly Benefit amount payable under this policy shall not exceed the maximum monthly benefit payable under the prior carrier's policy.

No benefit will be paid if the individual cannot satisfy the Pre-Existing Condition Exclusions of either policy.

Case 2:23-cv-00691-GMN-EJY Document 22-3 Filed 07/06/23 Page 52 of 103

# SECTION 4 - DISABILITY INCOME BENEFITS

## SHORT TERM DISABILITY COVERAGE

### Disability Benefit

When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Weekly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Lincoln Proof of continued:

1. Disability;

2. Regular Attendance of a Physician; and

3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage.

The Weekly Benefit will not:

1. exceed the Covered Person's Amount of Insurance; or

2. be paid for longer than the Maximum Benefit Period.

The Amount of Insurance and the Maximum Benefit Period are shown in the Schedule of Benefits.

### Amount of Disability Weekly Benefit

To figure the amount of Weekly Benefit:

1. Take the lesser of:

    a. the Covered Person's Basic Weekly Earnings multiplied by the benefit percentage shown in the Schedule of Benefits; or

    b. the Maximum Weekly Benefit shown in the Schedule of Benefits; and then

2. Deduct Other Income Benefits and Other Income Earnings, (shown in the Other Income Benefits and Other Income Earnings provision of this policy), from this amount.

Case 2:23-cv-00691-GMN-EJY Document 22-3 Filed 07/06/23 Page 53 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Partial Disability**

When Lincoln receives Proof that a Covered Person is Partially Disabled and has experienced a loss of earnings due to Injury or Sickness and requires the Regular Attendance of a Physician, he may be eligible to receive a Weekly Benefit, subject to any other provisions of this policy. To be eligible to receive Partial Disability benefits, the Covered Person may be employed in his Own Job or another job, must satisfy the Elimination Period, and must be earning between 20.00% and 80.00% of his Basic Weekly Earnings.

A Weekly Benefit will be paid for the period of Partial Disability if the Covered Person gives to Lincoln Proof of continued:

1. Partial Disability;
2. Regular Attendance of a Physician; and
3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Partially Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

For purposes of determining Partial Disability, the Injury must occur and Partial Disability must begin while the Employee is insured for this coverage.

**Work Incentive Calculation**

The work incentive benefit will be an amount equal to the Covered Person's Basic Weekly Earnings multiplied by the benefit percentage shown in the Schedule of Benefits, without any reductions from earnings.

The work incentive benefit will only be reduced, if the Weekly Benefit payable plus any earnings exceed 100% of the Covered Person's Basic Weekly Earnings. If the combined total is more, the Weekly Benefit will be reduced by the excess amount so that the Weekly Benefit plus the Covered Person's earnings does not exceed 100% of his Basic Weekly Earnings.

The Weekly Benefit payable will not be more than the Disability benefit otherwise payable under this policy.

Case 2:23-cv-00681-GMN-EJY Document 22-3 Filed 07/06/23 Page 54 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Rehabilitation Incentive Benefit**

Lincoln will pay an increased Weekly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:

1. be Disabled and receiving benefits under this policy; and

2. be fully participating in a Rehabilitation Program approved by Lincoln.

**Increased Weekly Benefit**

If the Covered Person is eligible for a Rehabilitation Incentive Benefit, the benefit percentage shown in the Schedule of Benefits, will be increased by 10.00%. The increased benefit will begin on the first day of the month after Lincoln receives written Proof of the Covered Person's full participation in the Rehabilitation Program.

**Disability Benefits Termination**

If the Covered Person, at any time, declines to fully participate in an approved Rehabilitation Program recommended by Lincoln, his Disability benefits will terminate on the first day of the month following the Covered Person's declination to fully participate in the approved Rehabilitation Program. If Lincoln recommends rehabilitation, no benefit will be paid from the date recommendation is made until Lincoln receives the Covered Person's written agreement to fully participate in the Rehabilitation Program.

**Discontinuation of the Rehabilitation Incentive Benefit**

The Rehabilitation Incentive Benefit will cease:

1. when the Covered Person is no longer fully participating in a Rehabilitation Program approved by Lincoln;

2. in accordance with the provision[s] entitled " Discontinuation of the Short Term Disability Benefit" ; or

3. when the Rehabilitation Program ends.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Rehabilitation Incentive Benefit** (Continued)

For the purpose of this provision, **"Rehabilitation Program"** means a comprehensive individually tailored, goal oriented program to return a Disabled Covered Person to gainful employment. The services offered may include, but are not limited to, the following:

1. physical therapy;
2. occupational therapy;
3. work hardening programs;
4. functional capacity evaluations;
5. psychological and vocational counseling;
6. rehabilitative employment; and
7. vocational rehabilitation services.

Case 2:23-cv-00691-GMN-EJY Document 22-3 Filed 07/06/23 Page 56 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Other Income Benefits and Other Income Earnings**

**Other Income Benefits** means:

1. The amount for which the Covered Person is paid under:

   a. any work loss provision in mandatory "No-Fault" auto insurance; or

   b. any governmental program or coverage required or provided by statute (including any amount attributable to the Covered Person's family).

2. any amount the Covered Person receives from any unemployment benefits; or

3. any amount of Disability and/or Retirement Benefits under the United States Social Security Act, the Canada Pension Policy, the Quebec Pension Plan, or any similar plan or act, which:

   a. the Covered Person receives or is eligible to receive; and
   b. his spouse, child or children receives or are eligible to receive because of his Disability; or
   c. his spouse, child or children receives or are eligible to receive because of his eligibility for retirement benefits.

**Other Income Earnings** means:

1. the amount of earnings the Covered Person earns or receives from any form of employment including severance; and

2. any amount the Covered Person receives from any formal or informal sick leave or salary continuation plan(s).

Other Income Benefits, except retirement benefits, must be payable as a result of the same Disability for which Lincoln pays a benefit. The sum of Other Income Benefits and Other Income Earnings will be deducted in accordance with the provisions of this policy.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Estimation of Benefits**

Lincoln will reduce the Covered Person's Disability or Partial Disability benefits by the amount of Other Income Benefits that we estimate are payable to the Covered Person and his dependents.

The Covered Person's Disability benefit will not be reduced by the estimated amount of Other Income Benefits if the Covered Person:

1. provides satisfactory proof of application for Other Income Benefits;

2. signs a reimbursement agreement under which, in part, the Covered Person agrees to repay Lincoln for any overpayment resulting from the award or receipt of Other Income Benefits;

3. if applicable, provides satisfactory proof that all appeals for Other Income Benefits have been made on a timely basis to the highest administrative level unless Lincoln determines that further appeals are not likely to succeed; and

4. if applicable, submits satisfactory proof that Other Income Benefits have been denied at the highest administrative level unless Lincoln determines that further appeals are not likely to succeed.

In the event that Lincoln overestimates the amount payable to the Covered Person from any plans referred to in the Other Income Benefits and Other Income Earnings provision of this policy, Lincoln will reimburse the Covered Person for such amount upon receipt of written proof of the amount of Other Income Benefits awarded (whether by compromise, settlement, award or judgement) or denied (after appeal through the highest administrative level).

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Lump Sum Payments**

Other Income Benefits from a compromise, settlement, award or judgement which are paid to the Covered Person in a lump sum and meant to compensate the Covered Person for any one or more of the following:

1. loss of past or future wages;
2. impaired earnings capacity;
3. lessened ability to compete in the open labor market;
4. any degree of permanent impairment; and
5. any degree of loss of bodily function or capacity;

will be prorated on a weekly basis as follows:

1. over the period of time such benefits would have been paid if not in a lump sum; or

2. if such period of time cannot be determined, over a period of 260 weeks.

**Cost of Living Freeze**

After the first deduction for each of the Other Income Benefits, the Weekly Benefit will not be further reduced due to any cost of living increases payable under the Other Income Benefits provision of this policy.

**Prorated Benefits**

For any period for which a Short Term Disability benefit is payable that does not extend through a full week, the benefit will be paid on a prorated basis. The rate will be 1/7th for each day for such period of Disability.

**Discontinuation of the Short Term Disability Benefit**

The Weekly Benefit will cease on the earliest of:

1. the date the Covered Person fails to provide Proof of continued Disability or Partial Disability and Regular Attendance of a Physician;

2. the date the Covered Person fails to cooperate in the administration of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due;

Case 2:23-cv-00601-GMN-EJY Document 1-3 Filed 04/19/23 Page 32 of 62

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Discontinuation of the Short Term Disability Benefit** (Continued)

The Weekly Benefit will cease on the earliest of: (Continued)

3. the date the Covered Person refuses to be examined or evaluated at reasonable intervals;

4. the date the Covered Person refuses to receive Appropriate Available Treatment;

5. the date the Covered Person refuses a job with the Sponsor where workplace modifications or accommodations were made to allow the Covered Person to perform the Material and Substantial Duties of the job;

6. the date the Covered Person is able to work in his Own Job on a part-time basis, but chooses not to;

7. on the first day of the month following the date the Covered Person refuses to fully participate in a Rehabilitation Program recommended by Lincoln according to the individually written Rehabilitation Program;

8. the date the Covered Person's current Partial Disability earnings exceed 80.00% of his Basic Weekly Earnings;

   Because the Covered Person's current earnings may fluctuate, Lincoln will average earnings over three consecutive weeks rather than immediately terminating his benefit once 80.00% of Basic Weekly Earnings has been exceeded.

9. the date the Covered Person is no longer Disabled according to this policy;

10. the end of the Maximum Benefit Period; or

11. the date the Covered Person dies.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**SHORT TERM DISABILITY COVERAGE** (Continued)

**Successive Periods of Disability**

With respect to this policy, **"Successive Periods of Disability"** means a Disability which is related or due to the same cause(s) as a prior Disability for which a Weekly Benefit was payable.

A Successive Period of Disability will be treated as part of the prior Disability if, after receiving Disability benefits under this policy, a Covered Person:

1. returns to his Own Job on an Active Employment basis for less than thirty continuous days; and

2. performs all the Material and Substantial duties of his Own Job.

To qualify for the Successive Periods of Disability benefit, the Covered Person must experience more than a 20% loss of Basic Weekly Earnings.

Benefit payments will be subject to the terms of this policy for the prior Disability.

If a Covered Person returns to his Own Job on an Active Employment basis for thirty continuous days or more, the Successive Period of Disability will be treated as a new period of Disability. The Covered Person must complete another Elimination Period.

If a Covered Person becomes eligible for coverage under any other group short term disability coverage, this Successive Periods of Disability provision will cease to apply to that Covered Person.

# SECTION 4 - DISABILITY INCOME BENEFITS

## LONG TERM DISABILITY COVERAGE

### Disability Benefit

When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Lincoln Proof of continued:

1. Disability;
2. Regular Attendance of a Physician; and
3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage.

The Monthly Benefit will not:

1. exceed the Covered Person's Amount of Insurance; or
2. be paid for longer than the Maximum Benefit Period.

The Amount of Insurance and the Maximum Benefit Period are shown in the Schedule of Benefits.

### Amount of Disability Monthly Benefit

To figure the amount of Monthly Benefit:

1. Take the lesser of:
   a. the Covered Person's Basic Monthly Earnings multiplied by the benefit percentage shown in the Schedule of Benefits; or
   b. the Maximum Monthly Benefit shown in the Schedule of Benefits; and then
2. Deduct Other Income Benefits and Other Income Earnings, (shown in the Other Income Benefits and Other Income Earnings provision of this policy), from this amount.

The Monthly Benefit payable will not be less than the Minimum Monthly Benefit shown in the Schedule of Benefits. However, if an overpayment is due to Lincoln, the Minimum Monthly Benefit otherwise payable under this provision will be applied toward satisfying the overpayment.

Case 2:23-cv-00631-GMN-EJY Document 22-3 Filed 07/06/23 Page 62 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Partial Disability**

When Lincoln receives Proof that a Covered Person is Partially Disabled and has experienced a loss of earnings due to Injury or Sickness and requires the Regular Attendance of a Physician, he may be eligible to receive a Monthly Benefit, subject to any other provisions of this policy. To be eligible to receive Partial Disability benefits, the Covered Person may be employed in his Own Occupation or another occupation, must satisfy the Elimination Period and must be earning between 20.00% and 80.00% of his Basic Monthly Earnings.

A Monthly Benefit will be paid for the period of Partial Disability if the Covered Person gives to Lincoln Proof of continued:

1. Partial Disability;
2. Regular Attendance of a Physician; and
3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Partially Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

For purposes of determining Partial Disability, the Injury must occur and Partial Disability must begin while the Employee is insured for this coverage.

**Proportionate Loss Monthly Calculation**

To figure the Amount of Monthly Benefit the formula (A divided by B) x C will be used.

A = The Covered Person's Basic Monthly Earnings minus the Covered Person's earnings received while he is Partially Disabled. This figure represents the amount of lost earnings.

B = The Covered Person's Basic Monthly Earnings.

C = The Monthly Benefit as figured in the Disability provision of this policy plus the Covered Person's earnings received while he is Partially Disabled, (but, not including adjustments under the Cost of Living Adjustment Benefit, if included).

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Partial Disability** (Continued)

**Proportionate Loss Monthly Calculation** (Continued)

On the first anniversary of benefit payments and each anniversary thereafter, for the purpose of calculating the benefit, the term "Basic Monthly Earnings" is:

1. replaced by "Indexed Basic Monthly Earnings"; and

2. increased annually by 7.00%, or the current annual percentage increase in the Consumer Price Index, whichever is less.

The Monthly Benefit payable will not be less than the Minimum Monthly Benefit shown in the Schedule of Benefits. However, if an overpayment is due to Lincoln, the Minimum Monthly Benefit otherwise payable under this provision will be applied toward satisfying the overpayment.

Case 2:23-cv-00631-GMN-EJY Document 22-3 Filed 07/06/23 Page 64 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Mental Illness and/or Substance Abuse and/or Non-Verifiable Symptoms Limitation**

The benefit for Disability due to Mental Illness and/or Substance Abuse and/or Non-Verifiable Symptoms will not exceed a combined period of 24 months of Monthly Benefit payments while the Covered Person is insured under this policy.

If the Covered Person is in a Hospital or Institution for Mental Illness and/or Substance Abuse at the end of the combined period of 24 months, the Monthly Benefit will be paid during the confinement.

If the Covered Person is not confined in a Hospital or Institution for Mental Illness and/or Substance Abuse, but is fully participating in an Extended Treatment Plan for the condition that caused Disability, the Monthly Benefit will be payable to a Covered Person for up to a combined period of 36 months.

In no event will the Monthly Benefit be payable beyond the Maximum Benefit Period shown in the Schedule of Benefits.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Rehabilitation Incentive Benefit**

Lincoln will pay an increased Monthly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:

1. be Disabled and receiving benefits under this policy; and
2. be fully participating in a Rehabilitation Program approved by Lincoln.

**Increased Monthly Benefit**

If the Covered Person is eligible for a Rehabilitation Incentive Benefit, the benefit percentage shown in the Schedule of Benefits, will be increased by 10.00%. The increased benefit will begin on the first day of the month after Lincoln receives written Proof of the Covered Person's full participation in the Rehabilitation Program.

**Disability Benefits Termination**

If the Covered Person, at any time, declines to fully participate in an approved Rehabilitation Program recommended by Lincoln, his Disability benefits will terminate on the first day of the month following the Covered Person's declination to fully participate in the approved Rehabilitation Program. If Lincoln recommends rehabilitation, no benefit will be paid from the date recommendation is made until Lincoln receives the Covered Person's written agreement to fully participate in the Rehabilitation Program.

**Discontinuation of the Rehabilitation Incentive Benefit**

The Rehabilitation Incentive Benefit will cease:

1. when the Covered Person is no longer fully participating in a Rehabilitation Program approved by Lincoln;
2. in accordance with the provision[s] entitled "Discontinuation of the Long Term Disability Benefit"; or
3. when the Rehabilitation Program ends.

Case 2:23-cv-00601-GMN-EJY Document 22-3 Filed 07/06/23 Page 66 of 103

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Rehabilitation Incentive Benefit** (Continued)

For the purpose of this provision, **"Rehabilitation Program"** means a comprehensive individually tailored, goal oriented program to return a Disabled Covered Person to gainful employment. The services offered may include, but are not limited to, the following:

1. physical therapy;
2. occupational therapy;
3. work hardening programs;
4. functional capacity evaluations;
5. psychological and vocational counseling;
6. rehabilitative employment; and
7. vocational rehabilitation services.

# SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Three Months Survivor Benefit**

Lincoln will pay a lump sum benefit to the Eligible Survivor when Proof is received that a Covered Person died:

1. after Disability had continued for 180 or more consecutive days; and

2. while receiving a Monthly Benefit.

The lump sum benefit will be an amount equal to three times the Covered Person's Last Monthly Benefit.

If the survivor benefit is payable to the Covered Person's children, payment will be made in equal shares to the children, including step children and legally adopted children. However, if any of said children are minors or incapacitated, payment will be made on their behalf to the court appointed guardian of the children's property. This payment will be valid and effective against all claims by others representing or claiming to represent the children.

If there is no Eligible Survivor, the benefit is payable to the estate.

If an overpayment is due to Lincoln at the time of a Covered Person's death, the benefit payable under this provision will be applied toward satisfying the overpayment.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Other Income Benefits and Other Income Earnings**

**Other Income Benefits** means:

1. The amount for which the Covered Person is paid under:

   a. Workers' or Workmen's Compensation Laws;
   b. Occupational Disease Law;
   c. Title 46, United States Code Section 688 (The Jones Act);
   d. any work loss provision in mandatory "No-Fault" auto insurance;
   e. Railroad Retirement Act;
   f. any governmental compulsory benefit act or law; or
   g. any other act or law of like intent.

2. The amount of any Disability benefits which the Covered Person is eligible to receive under:
   a. any other group insurance plan of the Sponsor;
   b. any governmental retirement system as a result of his employment with the Sponsor ; or
   c. any individual insurance plan where the premium is wholly or partially paid by the Sponsor. However, Lincoln will only reduce the Monthly Benefit if the Covered Person's Monthly Benefit under this policy, plus any benefits that the Covered Person is eligible to receive under such individual insurance plan exceed 100% of the Covered Person's Basic Monthly Earnings. If this sum exceeds 100% of Basic Monthly Earnings, the Covered Person's Monthly Benefit under this policy will be reduced by such excess amount.

3. The amount of benefits the Covered Person receives under the Sponsor's Retirement Plan as follows:

   a. the amount of any Disability Benefits under a Retirement Plan, or Retirement Benefits under a Retirement Plan the Covered Person voluntarily elects to receive as retirement payment under the Sponsor's Retirement Plan; and
   b. the amount the Covered Person receives as retirement payments when he reaches the later of age 62, or normal retirement age as defined in the Sponsor's plan.

4. The amount of Disability and/or Retirement Benefits under the United States Social Security Act, the Canada Pension Plan, the Quebec Pension Plan, or any similar plan or act, which:

   a. the Covered Person receives or is eligible to receive; and
   b. his spouse, child or children receives or are eligible to receive because of his Disability; or
   c. his spouse, child or children receives or are eligible to receive because of his eligibility for retirement benefits.

5. Any amount the Covered Person receives from any unemployment benefits.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Other Income Benefits and Other Income Earnings** (Continued)

**Other Income Earnings** means:

1. the amount of earnings the Covered Person earns or receives from any form of employment including severance; and

2. any amount the Covered Person receives from any formal or informal sick leave or salary continuation plan(s).

Other Income Benefits, except retirement benefits, must be payable as a result of the same Disability for which Lincoln pays a benefit. The sum of Other Income Benefits and Other Income Earnings will be deducted in accordance with the provisions of this policy.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Estimation of Benefits**

Lincoln will reduce the Covered Person's Disability or Partial Disability benefits by the amount of Other Income Benefits that we estimate are payable to the Covered Person and his dependents.

The Covered Person's Disability benefit will not be reduced by the estimated amount of Other Income Benefits if the Covered Person:

1. provides satisfactory proof of application for Other Income Benefits;

2. signs a reimbursement agreement under which, in part, the Covered Person agrees to repay Lincoln for any overpayment resulting from the award or receipt of Other Income Benefits;

3. if applicable, provides satisfactory proof that all appeals for Other Income Benefits have been made on a timely basis to the highest administrative level unless Lincoln determines that further appeals are not likely to succeed; and

4. if applicable, submits satisfactory proof that Other Income Benefits have been denied at the highest administrative level unless Lincoln determines that further appeals are not likely to succeed.

Lincoln will not estimate or reduce for any benefits under the Sponsor's pension or retirement benefit plan according to applicable law, until the Covered Person actually receives them.

In the event that Lincoln overestimates the amount payable to the Covered Person from any plans referred to in the Other Income Benefits and Other Income Earnings provision of this policy, Lincoln will reimburse the Covered Person for such amount upon receipt of written proof of the amount of Other Income Benefits awarded (whether by compromise, settlement, award or judgement) or denied (after appeal through the highest administrative level).

**Social Security Assistance**

Lincoln may help a Covered Person in applying for Social Security Disability Income Benefits. In order to be eligible for assistance the Covered Person must be receiving a Monthly Benefit from Lincoln. Such assistance will be provided only if Lincoln determines that assistance would be beneficial.

Case 2:23-cv-00681-GMN-EJY Document 22-3 Filed 07/06/23 Page 44 of 62

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Lump Sum Payments**

Other Income Benefits from a compromise, settlement, award or judgement which are paid to the Covered Person in a lump sum and are meant to compensate the Covered Person for any one or more of the following:

1. loss of past or future wages;
2. impaired earnings capacity;
3. lessened ability to compete in the open labor market;
4. any degree of permanent impairment; and
5. any degree of loss of bodily function or capacity;

will be prorated on a monthly basis as follows:

1. over the period of time such benefits would have been paid if not in a lump sum; or

2. if such period of time cannot be determined, the lesser of:

    a. the remainder of the Maximum Benefit Period; or
    b. 5 years.

**Cost of Living Freeze**

After the first deduction for each of the Other Income Benefits, the Monthly Benefit will not be further reduced due to any cost of living increases payable under the Other Income Benefits and Other Income Earnings provision of this policy. This provision does not apply to increases received from any form of employment.

**Prorated Benefits**

For any period for which a Long Term Disability benefit is payable that does not extend through a full month, the benefit will be paid on a prorated basis. The rate will be 1/30th for each day for such period of Disability.

**Discontinuation of the Long Term Disability Benefit**

The Monthly Benefit will cease on the earliest of:

1. the date the Covered Person fails to provide Proof of continued Disability or Partial Disability and Regular Attendance of a Physician;

2. the date the Covered Person fails to cooperate in the administration of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due;

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Discontinuation of the Long Term Disability Benefit** (Continued)

The Monthly Benefit will cease on the earliest of: (Continued)

3. the date the Covered Person refuses to be examined or evaluated at reasonable intervals;

4. the date the Covered Person refuses to receive Appropriate Available Treatment;

5. the date the Covered Person refuses a job with the Sponsor where workplace modifications or accommodations were made to allow the Covered Person to perform the Material and Substantial Duties of the job;

6. the date the Covered Person is able to work in his Own Occupation on a part-time basis, but chooses not to;

7. on the first day of the month following the date the Covered Person refuses to fully participate in a Rehabilitation Program recommended by Lincoln according to the individually written Rehabilitation Program;

8. the date the Covered Person's current Partial Disability earnings exceed 80.00% of his Indexed Basic Monthly Earnings;

   Because the Covered Person's current earnings may fluctuate, Lincoln will average earnings over three consecutive months rather than immediately terminating his benefit once 80.00% of Indexed Basic Monthly Earnings has been exceeded.

9. the date the Covered Person is no longer Disabled according to this policy;

10. the end of the Maximum Benefit Period; or

11. the date the Covered Person dies.

## SECTION 4 - DISABILITY INCOME BENEFITS
(Continued)

**LONG TERM DISABILITY COVERAGE** (Continued)

**Successive Periods of Disability**

With respect to this policy, **"Successive Periods of Disability"** means a Disability which is related or due to the same cause(s) as a prior Disability for which a Monthly Benefit was payable.

A Successive Period of Disability will be treated as part of the prior Disability if, after receiving Disability benefits under this policy, a Covered Person:

1. returns to his Own Occupation on an Active Employment basis for less than six continuous months; and

2. performs all the Material and Substantial Duties of his Own Occupation.

To qualify for a Successive Periods of Disability benefit, the Covered Person must experience more than a 20% loss of Basic Monthly Earnings.

Benefit payments will be subject to the terms of this policy for the prior Disability.

If a Covered Person returns to his Own Occupation on an Active Employment basis for six continuous months or more, the Successive Period of Disability will be treated as a new period of Disability. The Covered Person must complete another Elimination Period.

If a Covered Person becomes eligible for coverage under any other group long term disability coverage, this Successive Period of Disability provision will cease to apply to that Covered Person.

# SECTION 5 - EXCLUSIONS

**GENERAL EXCLUSIONS**

This policy will not cover any Disability due to:

1. war, declared or undeclared, or any act of war;
2. intentionally self-inflicted injuries, while sane or insane;
3. active Participation in a Riot;
4. the committing of or attempting to commit a felony or misdemeanor; or
5. cosmetic surgery unless such surgery is in connection with an Injury or Sickness sustained while the individual is a Covered Person.

No benefit will be payable during any period of incarceration.

With respect to this provision, **Participation** shall include promoting, inciting, conspiring to promote or incite, aiding, abetting, and all forms of taking part in, but shall not include actions taken in defense of public or private property, or actions taken in defense of the Covered Person, if such actions of defense are not taken against persons seeking to maintain or restore law and order including, but not limited to police officers and fire fighters.

With respect to this provision, **Riot** shall include all forms of public violence, disorder or disturbance of the public peace, by three or more persons assembled together, whether or not acting with a common intent and whether or not damage to persons or property or unlawful act or acts is the intent or the consequence of such disorder.

# SECTION 5 - EXCLUSIONS

**SHORT TERM DISABILITY COVERAGE**

**Disability Benefit Exclusions**

A Weekly Benefit will not be paid if a Covered Person becomes Disabled due to:

1. Injury that arises out of or in the course of employment; or

2. Sickness when a benefit is paid under a Workers' Compensation Law, or any other act or law of like intent.

These exceptions will not apply to partners or proprietors who elect not to be covered under such laws.

Case 2:23-cv-00601-GMN-EJY Document 1-3 Filed 04/19/23 Page 49 of 62

## SECTION 5 - EXCLUSIONS
(Continued)

**LONG TERM DISABILITY COVERAGE**

**Pre-Existing Condition Exclusion**

This policy will not cover any Disability or Partial Disability:

1. which is caused or contributed to by, or results from, a Pre-Existing Condition; and

2. which begins in the first 12 months immediately after the Covered Person's effective date of coverage.

**"Pre-Existing Condition"** means a condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within three months prior to the Covered Person's effective date of coverage.

Routine follow up care to determine whether a breast cancer has recurred in a Covered Person who has been previously determined to be free of breast cancer does not constitute medical advice, diagnosis, care, or treatment for purposes of determining preexisting conditions unless evidence of breast cancer is found during or as a result of the follow up care.

Case 2:23-cv-00691 Document 1-3 Filed 04/19/23 Page 50 of 62

# SECTION 6 - TERMINATION PROVISIONS

**Termination of a Covered Person's Insurance**

A Covered Person will cease to be insured on the earliest of the following dates:

1. the date this policy terminates, but without prejudice to any claim originating prior to the time of termination;

2. the date the Covered Person is no longer in an eligible class;

3. the date the Covered Person's class is no longer included for insurance;

4. the last day for which any required Employee contribution has been made;

5. the date employment terminates. Cessation of Active Employment will be deemed termination of employment, except the insurance will be continued for an Employee absent due to Disability during:

   a. the Elimination Period; and
   b. any period during which premium is being waived.

6. the date the Covered Person ceases active work due to a labor dispute, including any strike, work slowdown, or lockout.

Lincoln reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered.

Case 2:23-cv-00681-GMN-EJY Document 22-3 Filed 07/06/23 Page 51 of 62

## SECTION 6 - TERMINATION PROVISIONS
(Continued)

Applicable to Long Term Disability Class 1, 1a, 2, 2a

**Policy Termination**

1. Termination of this policy under any conditions will not prejudice any claim which occurs while this policy is in force.

2. If the Sponsor fails to pay any premium within the grace period, this policy will terminate at 12:00 midnight Standard Time on the last day of the grace period. The Sponsor may terminate this policy by advance written notice delivered to Lincoln at least 31 days prior to the termination date. This policy will not terminate during any period for which premium has been paid. The Sponsor will be liable to Lincoln for all premiums due and unpaid for the full period for which this policy is in force.

3. Lincoln may terminate this policy on any premium due date by giving written notice to the Sponsor at least 45 days in advance if:

   a. the number of Employees insured is fewer than 10; or

   b. less than 15.00% of all the Employees eligible for any contributory insurance are insured for it; or

   c. the Sponsor fails:

      i. to furnish promptly any information which Lincoln may reasonably require; or
      ii. to perform any other obligations pertaining to this policy.

4. Lincoln may terminate this policy or any coverage(s) afforded hereunder and for any class of covered Employees on any premium due date after it has been in force for 12 months. Lincoln will provide written notice of such termination to the Sponsor at least 45 days before the termination is effective.

5. Termination may take effect on an earlier date if agreed to by the Sponsor and Lincoln.

Case 2:23-cv-00691-GMN-EJY Document 22-3 Filed 07/06/23 Page 52 of 62

# SECTION 6 - TERMINATION PROVISIONS
(Continued)

Applicable to Short Term Disability Class 1, 1a, 2, 2a

**Policy Termination**

1. Termination of this policy under any conditions will not prejudice any claim which occurs while this policy is in force.

2. If the Sponsor fails to pay any premium within the grace period, this policy will terminate at 12:00 midnight Standard Time on the last day of the grace period. The Sponsor may terminate this policy by advance written notice delivered to Lincoln at least 31 days prior to the termination date. This policy will not terminate during any period for which premium has been paid. The Sponsor will be liable to Lincoln for all premiums due and unpaid for the full period for which this policy is in force.

3. Lincoln may terminate this policy on any premium due date by giving written notice to the Sponsor at least 45 days in advance if:

   a. the number of Employees insured is fewer than 10; or

   b. less than 100.00% of all the Employees eligible for any non-contributory insurance are insured for it; or

   c. less than 25.00% of all the Employees eligible for any contributory insurance are insured for it; or

   d. the Sponsor fails:

      i. to furnish promptly any information which Lincoln may reasonably require; or
      ii. to perform any other obligations pertaining to this policy.

4. Lincoln may terminate this policy or any coverage(s) afforded hereunder and for any class of covered Employees on any premium due date after it has been in force for 12 months. Lincoln will provide written notice of such termination to the Sponsor at least 45days before the termination is effective.

5. Termination may take effect on an earlier date if agreed to by the Sponsor and Lincoln.

**Termination of Coverage Option(s)**

**Participation Requirements**

Lincoln may terminate coverage or any coverage option afforded hereunder on any premium due date by giving written notice to the Sponsor at least 45 days in advance:

1. if the overall participation for all coverage options falls below 25.00% of the Employees eligible for benefits under this policy; and

2. if less than 15.00% of the Employees eligible for each coverage option are insured for it.

Termination may take effect on an earlier date if agreed to by the Sponsor and Lincoln.

# SECTION 7 - GENERAL PROVISIONS

**Assignment**

No assignment of any present or future right or benefit under this policy will be allowed.

**Complete Contract - Policy Changes**

1. This policy is the entire contract. It consists of:

   a. all of the pages; and
   b. the attached signed Application of the Sponsor; and
   c. if contributory each Employee's signed application for insurance.

2. This policy may be changed in whole or in part. Only an officer of Lincoln can approve a change. The approval must be in writing and endorsed on or attached to this policy.

3. No other person, including an agent, may change this policy or waive any part of it.

**Conformity with State Statutes**

Any provision of this policy which, on its effective date, is in conflict with the statutes of the governing jurisdiction of this policy is hereby amended to conform to the minimum requirements of such statute.

**Employee's Certificate**

Lincoln will provide a Certificate to the Sponsor for delivery to Covered Persons. It will state:

1. the name of the insurance company and the policy number;
2. a description of the insurance provided;
3. the method used to determine the amount of benefits;
4. to whom benefits are payable;
5. limitations or reductions that may apply;
6. the circumstances under which insurance terminates; and
7. the rights of the Covered Person upon termination of this policy.

If the terms of a Certificate and this policy differ, this policy will govern.

**Examination**

Lincoln, at its own expense, may have the right and opportunity to have a Covered Person, whose Injury or Sickness is the basis of a claim, examined or evaluated at reasonable intervals deemed necessary by Lincoln. This right may be used as often as reasonably required.

Case 2:23-cv-00691-GMN-EJY Document 22-3 Filed 07/06/23 Page 54 of 63

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Furnishing of Information - Access to Records**

1. The Sponsor will furnish at regular intervals to Lincoln:

    a. information relative to Employees:

        i. who qualify to become insured;
        ii. whose amounts of insurance change; and/or
        iii. whose insurance terminates.

    b. any other information about this policy that may be reasonably required.

    The Sponsor's records which, in the opinion of Lincoln, have a bearing on the insurance will be opened for inspection at any reasonable time.

2. Clerical error or omission will not:

    a. deprive an Employee of insurance;
    b. affect an Employee's Amount of Insurance; or
    c. effect or continue an Employee's insurance which otherwise would not be in force.

**Interpretation of the Policy**

Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

**Incontestability**

The validity of this policy shall not be contested, except for non-payment of premiums, after it has been in force for two years from the date of issue. The validity of this policy shall not be contested on the basis of a statement made relating to insurability by any person covered under this policy after such insurance has been in force for two years during such person's lifetime, and shall not be contested unless the statement is contained in a written instrument signed by the person making such statement.

**Legal Proceedings**

A claimant or the claimant's authorized representative cannot start any legal action:

1. until 60 days after Proof of claim has been given; or

2. after the expiration of the applicable statute of limitations from the time written Proof of loss is required to be given.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Misstatement of Age**

If a Covered Person's age has been misstated, an equitable adjustment will be made in the premium. If the amount of the benefit is dependent upon an Employee's age, the amount of the benefit will be the amount an Employee would have been entitled to if his correct age were known.

A refund of premium will not be made for a period more than 12 months before the date Lincoln is advised of the error.

**Notice and Proof of Claim**

1. **Notice**

    a. Notice of claim must be given to Lincoln within 20 days of the date of the loss on which the claim is based. If that is not possible, Lincoln must be notified as soon as it is reasonably possible to do so. Such notice of claim must be received in a form or format satisfactory to Lincoln.

    b. When written notice of claim is applicable and has been received by Lincoln, the Covered Person will be sent claim forms. If the forms are not received within 15 days after written notice of claim is sent, the Covered Person can send to Lincoln written Proof of claim without waiting for the forms.

2. **Proof**

    a. Satisfactory Proof of loss must be given to Lincoln no later than 90 days after the end of the Elimination Period.

    b. Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time. Such Proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, later than one year from the time Proof is otherwise required.

    c. Proof of continued loss, continued Disability or Partial Disability, when applicable, and Regular Attendance of a Physician must be given to Lincoln within 30 days of the request for such Proof.

Lincoln reserves the right to determine if the Covered Person's Proof of loss is satisfactory.

**Time of Payment of Claims**

When Lincoln receives satisfactory proof of claim, the benefit payable under this policy may be paid at least monthly, depending on the coverage for which claim is made, during any period for which Lincoln is liable. Any balance remaining unpaid upon the termination of the period of liability will be paid immediately upon receipt of due written proof.

**Payment of Claims**

The benefit is payable to the Covered Person. But, if a benefit is payable to a Covered Person's estate, a Covered Person who is a minor, or who is not competent, Lincoln has the right to pay up to $3,000 to any of the Covered Person's relatives or any other person whom Lincoln considers entitled thereto by reason of having incurred expense for the maintenance, medical attendance or burial of the Covered Person. If Lincoln in good faith pays the benefit in such a manner, any such payment shall fulfill Lincoln's responsibility for the amount paid.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Right of Recovery**

Lincoln has the right to recover any overpayment of benefits caused by, but not limited to, the following:

1. fraud;
2. any error made by Lincoln in processing a claim; or
3. the Covered Person's receipt of any Other Income Benefits.

Lincoln may recover an overpayment by, but not limited to, the following:

1. requesting a lump sum payment of the overpaid amount;
2. reducing any benefits payable under this policy;
3. taking any appropriate collection activity available including any legal action needed; and
4. placing a lien, if not prohibited by law, in the amount of the overpayment on the proceeds of any Other Income Benefits, whether on a periodic or lump sum basis.

It is required that full reimbursement be made to Lincoln.

**Statements**

In the absence of fraud, all statements made in any application are considered representations and not warranties (absolute guarantees). No representation by:

1. the Sponsor in applying for this policy will make it void unless the representation is contained in the signed Application; or

2. any Employee in enrolling for insurance under this policy will be used to reduce or deny a claim unless a copy of the Enrollment Form, signed by the Employee if required, is or has been given to the Employee.

**Subrogation and Reimbursement**

When a Covered Person's Injury or Sickness appears to be someone else's fault, benefits otherwise payable under this policy for loss of time as a result of that Injury or Sickness will not be paid unless the Covered Person or his legal representative agree(s):

1. to repay Lincoln for such benefits to the extent they are for losses for which compensation is paid to the Covered Person by or on behalf of the person at fault;

2. to allow Lincoln a lien on such compensation and to hold such compensation in trust for Lincoln; and

3. to execute and give to Lincoln any instruments needed to secure the rights under 1. and 2. above.

Further, when Lincoln has paid benefits to or on behalf of the injured Covered Person, Lincoln will be subrogated to all rights of recovery that the Covered Person has against the person at fault. These subrogation rights will extend only to recovery of the amount Lincoln has paid. The Covered Person must execute and deliver any instruments needed and do whatever else is necessary to secure those rights to Lincoln.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Workers' Compensation**

This policy and the coverages provided are not in lieu of, nor will they affect any requirements for coverage under any Workers' Compensation Law or other similar law.

# SECTION 8 - PREMIUMS

**Premium Rates**

Lincoln has set the premiums that apply to the coverage(s) provided under this policy. Those premiums are shown in a notice given to the Sponsor with or prior to delivery of this policy.

**Applicable to Long Term Disability**

A change in the initial premium rate(s) will not take effect within the first 36 months except that Lincoln may change premium rates at any time for reasons which affect the risk assumed, including those reasons shown below:

**Applicable to Short Term Disability**

A change in the initial premium rate(s) will not take effect within the first 36 months except that Lincoln may change premium rates at any time for reasons which affect the risk assumed, including those reasons shown below:

1. a change occurs in the policy design;
2. a division, subsidiary or Associated Company is added to or deleted from this policy;
3. when the number of Covered Persons changes by 15.00% or more from the number insured on this policy's effective date; or
4. a change in existing law which affects this policy.

No premium may be changed unless Lincoln notifies the Sponsor at least 45 days in advance. Premium changes may take effect on an earlier date when both Lincoln and the Sponsor agree.

**Payment of Premiums**

1. All premiums due under this policy, including adjustments, if any, are payable by the Sponsor on or before their due dates at Lincoln's Administrative Office, or to Lincoln's agent. The due dates are specified on the first page of this policy.
2. All payments made to or by Lincoln shall be in United States dollars.
3. If premiums are payable on a monthly basis, premiums for additional or increased insurance becoming effective during a policy month will be charged from the next premium due date.
4. The premium charge for insurance terminated during a policy month will cease at the end of the policy month in which such insurance terminates. This manner of charging premium is for accounting purposes only. It will not extend insurance coverage beyond a date it would have otherwise terminated as shown in the "Termination of a Covered Person's Insurance" provision of this policy.

5. If premiums are payable on other than a monthly basis, premiums for additional, increased, reduced or terminated insurance will cause a prorated adjustment on the next premium due date.

6. Except for fraud and premium adjustments, refunds of premiums or charges will be made only for:

    1. the current policy year; and

    2. the immediately preceding policy year.

## SECTION 8 - PREMIUMS
(Continued)

**Grace Period**

This is the 31 days following a premium due date, other than the first, during which premium payment may be made. During the grace period this policy shall continue in force, unless the Sponsor has given Lincoln written notice 31 days in advance of discontinuance of this policy.

**Waiver of Premium**

With respect to Long Term Disability benefits, premium payments for a Covered Person are waived during any period for which benefits are payable. If coverage is to be continued, premium payments must be resumed following a period during which they were waived.

Case 2:23-cv-00691-GMN-EJY Document 1-3 Filed 04/19/23 Page 61 of 63

# AMENDMENT NO. 1

It is agreed the following changes are hereby made to this policy: GD/GF3-890-LF0659-01

| Changes | Additions | Deletions |
|---|---|---|
| Removed Eligibility Waiting Period from STD Classes 1 and 2 | Form ADOP-SCH-1 R (1) | Form ADOP-SCH-1 |

The effective date of this change is May 1, 2022.

The changes will only apply to Disabilities or Partial Disabilities which start on or after the effective date of this change.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 1st day of June, 2022.

Issued to and Accepted by:

Hilton Resorts Corporation (DBA Hilton Grand Vacations)
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**The Lincoln National Life Insurance Company**



Officer of the Company

# AMENDMENT NO. 2

It is agreed the following changes are hereby made to this policy: GD/GF3-890-LF0659-01

| Changes | Additions | Deletions |
|---|---|---|
| Removed Eligibility Waiting Period for Classes 1 and 2 | Form ADOP-SCH-1 R (2) | Form ADOP-SCH-1 R (1) |

The effective date of this change is May 1, 2022.

The changes will only apply to Disabilities or Partial Disabilities which start on or after the effective date of this change.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 22nd day of June, 2022.

Issued to and Accepted by:

Hilton Resorts Corporation (DBA Hilton Grand Vacations)
**Sponsor**

By ______________________________________
**Signature and Title of Officer**

**The Lincoln National Life Insurance Company**

______________________________________
Officer of the Company

Lincoln Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (800) 210-0268
Secure Fax No.: (603) 334-0401

January 11, 2023

Ms. Allanna Warren

RE: Short Term Disability (STD) Benefits
Hilton Grand Vacations
Claim #: 13633599

Dear Ms. Allanna Warren:

The Lincoln National Life Insurance Company is responsible for managing claims for Short Term Disability (STD) benefits under Hilton Grand Vacations's Group Disability Policy. We are writing in reference to your claim for STD benefits under the Policy.

We have completed a thorough review of your eligibility for benefits and have determined that benefits are not payable. Hilton Grand Vacations' STD Policy requires that to be eligible for benefits you must meet the following definition of disability:

> ***"Disability" or "Disabled",*** *with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.*
>
> ***"Proof"*** *means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
>
> *1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
>
> *2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
>
> *3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
>
> *Proof must be submitted in a form or format satisfactory to Lincoln*

We received notice of your claim on December 6, 2022.

EXHIBIT
3

You filed a claim stating you were unable to work as of November 15, 2022 as a result of stress and anxiety which worsen your chronic medical conditions of asthma, upset stomach, lack of sleep, lack of focus headaches and HS breakouts.

We received a note from Megan Pailing, APRN, on December 14, 2022 stating stress and anxiety worsen your chronic medical conditions. No medical records were enclosed.

We notified you by our letter dated December 14, 2022 that we required proof of disability and requested that you provide us with your provider(s) information.

We received a work activity status report dated December 2, 2022 stating return to modified work activity today. Allow for break as needed ten minutes per hour.

We requested updated medical records from Jesse Connors on December 19, 2022 and December 20, 2022.

We requested medical records from Raul Red Rock Medical Center on December 21, 2022.

We notified you of our request for medical information by our email dated December 29, 2022.

You remitted a copy of your Job Accommodations form completed on December 16, 2022.,

We received records from CanoHealth on December 30, 2022.

We requested medical records from Raul Red Rock Medical Center on December 30, 3022.

We received medic al records from CanoHealth on January 3, 2022.

To ensure a thorough review of your eligibility for benefits, your file was referred for a medical review. The medical review is summarized as:

You ceased work on November 15, 2022 with multiple symptoms including, but not limited to, decreased concentration, anxiety, asthma, hair loss, depression/anxiety, vomiting, stress, nervousness, upset stomach, insomnia, headaches.

You reported on November 15, 2022 you were unable to focus, had an asthma attack, HS flared up, hair falling out with lack of focus/concentration, increased irritability and getting worse since working at this current employer with anxiety from job related conditions. Reports seen at Cano Health for this reported injury.

Work note September 1, 2022 from Megan A. Pailing, APRN states a visit date on August 25, 2022 and attests that stress and anxiety worsens chronic medical conditions

Visit October 7, 2022 with Jessica Lorenzana, APRN, FNP-BC {PCP} for routine gynecological exam/testing and reported heavy/painful menstrual cycle.   BP normal 126/79, pleasant, well

nourished, non-tender abdomen with good eye contact and adequate judgment/insight. Female exam documented as normal. Lab work October 7, 2022 normal and f/u after ultrasound. No further information regarding these conditions.

You saw Jesse Connors, PA-C on November 18, 2022 {PCP}reporting current nausea, decreased concentration, irritability which caused leaving work from symptoms with other stressors that caused more problems with anxiety/depression. Would like to see a counselor. Patient pleasant, in no distress, cooperative with good eye contact, judgement and insight is adequate and clear speech, normal physical findings including no evidence of active skin infection.

Work status report from Jason Rusk, PA-C Service date November 25, 2022 notes initial visit this date for Anxiety and Stress with note to allow for break as needed 10 minutes per hour.

Jesse Connors, PA-C notes on December 16, 2022, patient states has not been able to schedule with counselor and would like another provider and needing forms. Vital signs are documented and include a BP of 143/99 {controlled is consistently less than 140/90}, with otherwise normal numbers and an elevated BMI of 33.65 {ideal BMI generally between 19—25}. Patient pleasant, in no distress, cooperative with good eye contact, judgement and insight is adequate and clear speech, normal physical findings. Monitor BP at home and follow up in 2-3 weeks. Form from this provider {Cano Health} states you have anxiety with mood swings, GI discomfort and an unreadable word, needing a leave of absence from November 15, 2022 through December 31, 2022 and will need follow up appointment 3-4 times monthly and for 1-2 days per episode.

To assist in our understanding of your medical functionality we contacted Jesse Connors . A telephone phone conversation with Jesse Connors on January 10, 2023 indicates no medical records prior to your transfer to this office. Jesse suggested a return to work of February 2023 given self-reported history and referral to behavioral health. Jesse stated you had not been seen recently.

While we understand that you may experience symptoms associated with your condition(s), we are responsible for determining if you meet the definition of disability as defined above. We requested medical records from your providers and you were advised of all of our requests for information and that we required proof of disability. We conducted an independent medical review and contacted your provider in our evaluation of your claim. We understand that you have work related stress along with a dispute with the police department, however; our evaluation concludes that your condition is not of the degree and severity to support disability. Based on the medical documentation received in relation to the requirements of your job, you do not meet the definition of disability outlined above. Thus, no benefits are payable and we must deny your claim.

This claim determination reflects an evaluation of the claim facts and the Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Lincoln National Life Insurance Company
Attn: Appeal Review Unit

Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688

The written request for review must be sent within 180 days from the receipt of this letter and state the reasons you feel your claim should not have been denied. In your request for review please include the following documentation:

All outstanding office visit notes, diagnostic test results, procedure reports, list of medications, therapy notes, and treatment plans from November 1, 2022 through the present from Jesse Connors, Jason Rusk, Jessica Lorenzana, Megan Pailing and any other treating providers not already received; along with any additional information or specific restrictions and limitations established with the objective evidence to support disability

You should also provide any additional information that you feel will support your claim.

You are entitled to receive, upon request and free of charge, copies of all claim file documents relevant to the claim determination. If Lincoln Financial Group does not receive your written request for review within 180 days from the receipt of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted.

Under normal circumstances, you will be notified of the final decision within 45 days from the date your request is received.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata’ hane’go shíká a’doowoł nínízingo saad hosíníłįį’ dóó ná’ookąąh níiní’ąągo naaltsoos nííníłtsoozígíí hazho’ó bik’idi’deeshtįįł nínízingo doo bąąh ílínígóó níká a’doowoł éí biniiyé shił hodíílnih áko ákwe’égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 90 days from the date your request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved by Lincoln Financial Group, whether or not they are specifically mentioned herein.

If you have any questions regarding this matter, please contact me.

Sincerely,

Julianne Donald
Manager - Short Term Disability
Phone No.: (800) 210-0268 Ext. 16139
Secure Fax No.: (603) 334-0401

Lincoln Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

March 13, 2023

Ms. Allanna Warren

RE: Short Term Disability (STD) Benefits
Hilton Grand Vacations
Claim #: 13633599

Dear Ms. Allanna Warren:

We have completed our review of your appeal for Short Term Disability Benefits and the original determination to deny benefits is being maintained.

***Initial Claim Decision***

You filed a claim for multiple reported symptoms including but not limited to, anxiety, stress, asthma, depression, and headaches. Based on the documentation contained in your claim file, your last day of work was on November 14, 2022 and your date of disability was November 15, 2022. Benefits would have begun on November 22, 2022 after satisfying the Policy's elimination period.

Lincoln National Life Insurance Company initially evaluated your claim based on medical information received from Megan Pailing, APRN with The Healthcare Center and Jesse Connors, PA-C with Cano Health--Redrock. A clinical review was performed by a Nurse Disability Consultant (*RN, CCM*) and it was determined that impairment from your job was not supported based on the medical information contained in your file.

The medical evidence on file at the time of our initial review included the following,

- A note dated September 1, 2022 from Megan Pailing, APRN
- Work Activity Status Report dated November 25, 2022 from Jason Rusk, PA-C with CMC-Las Vegas Polaris
- Medication List (undated, but received on December 20, 2022)
- Appointment List for dates of service October 7, 2022 through December 20, 2022 from CanoHealth
- Job Accommodation Questionnaire dated December 16, 2022 from Jesse Connors, PA-C
- Office visit notes dated October 7, 2022 through December 16, 2022 from your providers with CanoHealth
- Lab results dated December 30, 2022

- Chest x-ray dated November 18, 2022
- Treating Provider Statement dated January 3, 2023 from Connors, PA-C

The clinical review concluded in summary, that you reported anxiety and stress with multiple physical complaints. There were records showing that you had a gynecological exam prior to ceasing work. You were to have a diagnostic ultrasound; however, this was not on file, and the provider noted that although you had increased bleeding and pain with menstruation, this was chronic and ongoing since 2021. As such, restrictions and limitations were not related to this condition. You treated as of your date of disability with complaints of anxiety and depression and was started on a low dose medication for the same. Objective findings were normal as you were noted to be pleasant, in no distress, cooperative with good eye contact, adequate judgement and insight and clear speech. You had normal physical findings to include no evidence of an active skin infection. A referral to mental health providers for reported symptoms was indicated. You treated again on December 16, 2022 with normal mental status and physical exam findings documented. Despite a slightly abnormal blood pressure which you were to monitor at home, no further work up was needed.

On January 10, 2023, the Nurse Disability Consultant spoke with Jesse Connors, PA-C and confirmed that a return to work in February 2023 was suggested given your reported history as well as a referral to behavioral health providers for further assessment. It was not confirmed if these visits had occurred yet and you had not been seen recently.

Your claim was denied because you did not meet the definition of disability. A letter was sent to you dated January 11, 2023 that detailed the medical information in your claim, explained the claim decision, and outlined your right to appeal by providing a written appeal request stating the reasons why you felt that your claim should not have been denied. The denial letter also advised you to include the following documentation with your appeal request: *In your request for review please include the following documentation: All outstanding office visit notes, diagnostic test results, procedure reports, list of medications, therapy notes, and treatment plans from November 1, 2022 through the present from Jesse Connors, Jason Rusk, Jessica Lorenzana, Megan Pailing and any other treating providers not already received; along with any additional information or specific restrictions and limitations established with the objective evidence to support disability. You should also provide any additional information that you feel will support your claim.*

***Appeal***

We received your written request for reconsideration on January 12, 2023. You outlined issues with your employer, your neighbor, LVPD and your health care providers. You stated that Mr. Connors is a physician assistant and relying on him for a medical diagnosis was not professional.

New medical information received since the denial of your STD benefits included medical records dated August 2012 through December 2016 related to Workers Compensation claim; date of injury August 27, 2012.

We also received additional information from you including various court documents and personal correspondence that you wished for us to include with our review which included,

- Document dated June 12, 2020
- Team Member Accident Report dated November 16, 2022
- E-mail correspondence dated November 16, 2022 titled ADA Accommodations
- E-mail correspondence dated November 9, 2022 and November 14, 2022 titled Mandatory Meeting Nov 9th 3:00pm
- Justice Court Township documents regarding Michael Silva filed December 29, 2022
- E-mail correspondence dated May 19, 2022 to Law Clerk/Robert Melcic
- District Court Clark County Nevada - Case A-22-852179-C documents filed July 20, 2022 (104 pages)
- Screenshot of IM conversations dated stamped November 13, 2022 and November 16, 2022
- E-mail correspondence dated September 21, 2022 through September 23, 2022 titled Unpaid Spiffs due to Allanna Warren
- E-mail correspondence dated October 27, 2022 through November 13, 2022 titled Set back call
- E-mail correspondence dated November 10, 2022 through November 13, 2022 titled WFM correction for Thursday 11/10/22
- E-mail correspondence dated November 8, 2022 titled Please fix this
- E-mail correspondence dated July 25, 2022 and October 23, 2022 titled Terrible treatment for a team member
- E-mail correspondence dated November 3, 2022 titled Reinstatement of my Hilton Go benefits

On January 18, 2023, we sent you a letter confirming the receipt of your appeal and acknowledged your report of an upcoming psychiatry visit; a period of time was given to allow you to submit any additional medical information you wished for us to review with your appeal. A deadline of February 16, 2023 was indicated.

On January 26, 2023, we received your correspondence (*via e-mail*) in which you requested that we proceed with the appeal review.

On January 30, 2023, we received a Job Accommodation Questionnaire dated January 30, 2023 from Jesse Connors, PA-C. This form was completed on January 30, 2023 and stated that a non-stressful environment would be helpful as a reasonable accommodation.

You also remitted pictures of your depression medication bottle on January 30, 2023.

***Appeal Evaluation***

We notified you by letter dated January 30, 2023 that we had referred your file for a medical review.

On February 5, 2022 we received the following,

- E-mail correspondence between you and Robert Melcic/Law Clerk dated September 30, 2022
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 documents (8 pages)

Case 2:23-cv-00631-GMN-EJY Document 4-3 Filed 04/20/23 Page 9 of 14

On February 12, 2022 we received the following,

- Justice Court Township of Las Vegas Case No. 23A000222 with Cano Health, Jesse Connors, Luis Bobbys document filed February 6, 2023

On February 13, 2022 we received the following,

- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 documents Plaintiff Affidavit
- E-mail correspondence dated February 2, 2023 titled State Bar of Nevada: Receipt of Online Complaint
- Justice Court Township of Las Vegas Case No. 22A001736 document with The Law Firm of Robert Melcic
- E-mail correspondence dated November 1, 2022, December 5, 2022, and January 29, 2023 between you and Robert Melcic
- E-mail correspondence dated February 9, 2023 titled Conflict of Interest
- Justice Court Township of Las Vegas Case document with Genevieve “Gigi” Generaux
- Settlement Agreement and Release of Claims document dated June 22, 2021
- United States Department of Labor Case No. 2020-CER-00003 document
- Letter dated July 29, 2021 addressed to United States Department of Labor from you
- Justice Court Township of Las Vegas Case No: 21A001706 document with Law Office of Gianna M. Orlandi

In order to ensure a thorough evaluation of your appeal, an additional clinical review was performed by an Appeals Nurse Disability Consultant (*RN, BS, FLMI, CCM*).

The medical information on file was summarized as follows,

Jesse Connors, PA-C evaluated you on November 18, 2022 to establish care. You had diagnoses of anxiety disorder unspecified, depression unspecified, dermatitis unspecified and asthma. You utilized the inhaled medications albuterol and Advair. Laboratory results noted you had a thyroid function level one point over the normal range, which was not clinically relevant, nor was any action taken based on this result by the provider. The record noted that you needed a new primary care provider. The physical exam as documented was normal. You reported increased difficulties with concentration and irritability which resulted in leaving work. You also reported harassment from your job and other entities. On exam, you appeared cooperative, made good eye contact, had adequate judgment and insight and clear speech. You were prescribed an antidepressant, escitalopram 10 mg.

A work status form completed by physician assistant Jason Rusk with a service date of November 25, 2022 noted that you could return to work with a break as needed, 10 minutes per hour. There were no accompanying clinical documents with this form.

A follow-up with Connors, PA-C on December 16, 2022, documented a nonspecific skin condition of dermatitis that flared up under times of stress. You reported a history of anxiety and depression, but no particular timeline was documented, nor did you remember what medications you took. You reported nausea, concentration issues, and irritability. You had an exacerbation of anxiety and depression and wanted to see a counselor. Your health screening results were discussed and were normal. On exam you did not appear in distress and were cooperative. You had a slightly elevated blood pressure and were to monitor this and return in three weeks. A form completed indicated that you needed a leave of absence from November 15, 2022, through December 31, 2022.

On January 3, 2023, Connors, PA-C, completed a Treating Provider Statement. Symptoms were noted to have begun on November 18, 2022, including anxiety and stress. You also had dermatitis. The primary diagnosis was anxiety.

Connors, PA-C completed an Accommodations Questionnaire that noted you to be easily stressed and had anxiety with an occasional asthma flare. It was noted that you would find a non-stressful environment helpful. These accommodations were requested as of January 30, 2023 and through February 28, 2023.

On February 14, 2023, we sent you a letter which included a complete copy of the clinical review performed in connection with your request for appeal. You were given an opportunity to review and respond with any additional information that you would like considered before a final determination was made on the appeal. A deadline for response was given of March 6, 2023.

We received your February 14, 2023 response to the medical review conducted on appeal. You reiterated that Mr. Connors was not a physician and that you saw him on two occasions. You reported that Mr. Connors did not get your prior medical records. You stated that Lincoln should have never relied on a physician's assistant to make a decision. You stated that there was no follow-up as Cano Health would no longer treat you. You stated that that you were currently under a psychologist care and that you could not release this information because of your involvement with law enforcement. No new or additional medical records were submitted with your February 14, 2023 response.

On February 14, 2023, we received the following,

- Justice Court Township of Las Vegas Case No: 23A000222 Small Claims Motion for Telephonic Appearance with Cano Health, Jesse Connors, Luis Bobbys

We notified you by letter dated February 17, 2023 that our review encompassed the medical records that were submitted. As you referenced that you were treating with a psychologist, we offered you the opportunity to submit these records to us for consideration of your claim.

You remitted additional documents to various Lincoln Financial staff including the CEO as follows:

- Justice Court Township of Las Vegas Case No. 23A000222 with Cano Health, Jesse Connors, Luis Bobbys document filed February 6, 2023
- E-mail correspondence dated December 15, 2021 and December 16, 2021 with Robert Melcic titled Bar Association Referral
-

Case 2:23-cv-00601-GMN-EJY Document 1-2 Filed 04/19/23 Page 14 of 14

- Justice Court Township of Las Vegas Case No: 21A001706 document with Law Office of Gianna M. Orlandi filed April 12, 2022
- E-mail correspondence dated October 27, 2022 and October 31, 2022 titled Withdrawal of Representation between you and Robert Melcic
- E-mail correspondence dated October 18, 2022 and October 25, 2022 titled Against Attorney Advice Agreement for you to sign between you and Robert Melcic
- E-mail correspondence dated March 7, 2022 through March 29, 2022 titled Notice of Rescheduled Interview between you and Law Clerk/Robert Melcic
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 Plaintiff Affidavit Replying to Affidavit of Law Clerk in Support of Robert Melcic's Motion to Withdraw dated February 24, 2023
- Second District Court of the State of Nevada in and For the County of Washoe Case No.: CV22-01525 Plaintiff Affidavit dated March 6, 2023
- E-mail correspondence dated September 23, 2020, August 31, 2021 and April 4, 2022 between you and City of Sparks titled My exonerated bill
- E-mail correspondence dated May 12, 2022-May 13, 2022 titled Order Dissolving Sealing of Record
- E-mail correspondence dated February 16, 2021 and April 9, 2021 titled No Entry in Unit 66 Allowed by Aspen Ridge Staff
- Letter dated May 11, 2021 from Aspen Ridge
- Move Out Statement dated July 14, 2021
- E-mail correspondence dated May 20, 2022 titled Landlord Tenant Matter Update
- E-mail correspondence dated May 13, 2022 titled 5821 Smoke Ranch Rd. #C service request
- E-mail correspondence dated March 6, 2023 titled Terrible Treatment from a racial discrimination victim and evidence for case #23A000005 Warren vs. BJD Realty
- E-mail correspondence dated March 6, 2023 Nevada Equal Rights…

***<u>Conclusion</u>***

We have conducted a thorough and independent review of your entire claim. While we acknowledge that you may have symptoms associated with your condition, the records received from any providers you treated with as of your claimed date of inability to work, November 15, 2022, do not support a physical or psychiatric impairment to the degree and severity to render you unable to perform your job. We have received your documents and acknowledge that you have multiple external complaints including but not limited to your health care provider, your employer, and your attorney, however, please note that our role is to determine if you are disabled as defined below. In doing so, we rely on the medical records that are submitted in order to assess disability. We conducted clinical review(s) of all medical records received and disability was not supported. Furthermore, we advised you on multiple occasions that you could remit any information for consideration including the records form your current treating psychologist. We did not receive any additional/new medical evidence in response to our February 17, 2023 letter.

The ability to perform the material and substantial duties of your job is dependent on the impairments, if any, that are supported by the medical evidence, not an individual's own assessment of functional capacity. Therefore, in the absence of sufficient clinical evidence to support your inability to perform the activities consistent with those required to perform your job, you do not meet the definition of disability and we have determined that the denial of Short Term Disability benefits was appropriate and is supported by the medical information contained in your claim file.

This claim determination reflects an evaluation of the claim facts and the Policy provisions.

***Policy Provisions***

Hilton Resorts Corporation's Disability Policy requires that to receive benefits you must meet the following provisions:

***"Disability"*** *or* ***"Disabled"***, with respect to Short Term Disability, means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.

***"Material and Substantial Duties"***, with respect to Short Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Job and cannot be reasonably eliminated or modified.

***"Own Job"***, with respect to Short Term Disability, means the Covered Person's job that he was performing when his Disability or Partial Disability began.

***"Proof"*** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:

1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;
2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and
3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.

Proof must be submitted in a form or format satisfactory to Lincoln.

***Disability Benefit***
When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Weekly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Lincoln Proof of continued:

1. Disability;
2. Regular Attendance of a Physician; and
3. Appropriate Available Treatment.

The Proof must be given upon Lincoln's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Lincoln will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.

***"Appropriate Available Treatment"*** means care or services which are:

1. generally acknowledged by Physicians to cure, correct, limit, treat or manage the disabling condition;
2. accessible within the Covered Person's geographical region;
3. provided by a Physician who is licensed and qualified in a discipline suitable to treat the disabling Injury or Sickness;
4. in accordance with generally accepted medical standards of practice.

***"Regular Attendance"*** means the Covered Person's personal visits to a Physician which are medically necessary according to generally accepted medical standards to effectively manage and treat the Covered Person's Disability or Partial Disability.

Under the Employee Retirement Income Security Act (ERISA) Appeal guidelines, you were entitled to appeal the determination made by Lincoln National Life Insurance Company (Lincoln) and to submit any additional information wished to be considered as part of the appeal. Lincoln has conducted a full and fair review of your appeal and accompanying materials and has determined that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted and no further review will be conducted by Lincoln and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim.

Hilton Resorts Corporation's Disability Policy contains the below provision:

> ***Legal Proceedings***
>
> A claimant or the claimant's authorized representative cannot start any legal action:
>
> 1. until 60 days after Proof of claim has been given; or
> 2. after the expiration of the applicable statute of limitations from the time written Proof of loss is required to be given.

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of six years which means that a lawsuit must be brought within six years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is February 20, 2029.

Nothing in this letter should be construed as a waiver of any Lincoln National Life Insurance Company's rights and defenses under the above captioned policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Determinations made by Lincoln are based on the provisions outlined in Hilton Resorts Corporation's Disability Policy. These provisions are not contingent on decisions made by either the Social Security Administration or the Workers' Compensation Carrier. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́įł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

April Six
Claim Resolution Consultant
Phone No.: (888) 437-7611 Ext. 14656
Secure Fax No.: (603) 334-0401