Allanna Warren
9620 S. Las Vegas Blvd., Suite E461
Las Vegas, NV 89123
d1a2n3n4@proton.me
(323) 807-6739

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FIANACIAL GROUP.<br><br>Defendant. | Case No.: 2:23-cv-00601-GMN-EJY<br><br>REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS |

COMES NOW Plaintiff, ALLANNA WARREN, files her reply to DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS. This Motion is made and based upon all papers, pleadings, and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

**MEMORANDUM OF POINTS & AUTHORITIES**

On July 6 2023 PLAINTIFF received Defendant the Lincoln National Life Insurance Company's response to PLAINTIFF'S MOTION FOR MEDIATION. This case was removed from a small claims matter filed in the Las Vegas Justice Court. At the time of the filing, PLAINTIFF filled out her name, address and other contact information on the filing, as required.

As PLAINTIFF has explained in her small claims case, PLAINTIFF is the victim of stalking and other crimes perpetrated by law enforcement in Northern and Southern Nevada. As such, when PLAINTIFF files any documents, applies for a job, applies for an apartment or puts her contact information on any document, law enforcement gains access to that information and continues the crimes explained above. Exhibit 1, 2, 3, 4 and 5 give a detailed timeline of the ordeal MS. WARREN has had to endure for almost five years. All that PLAINTIFF has had to endure from law enforcement has affected her endure life, including this case.

The defendant states that PLAINTIFF was properly served because they mailed documents to 7500 W. Lake Mead Blvd., Suite 9-104, Las Vegas, NV 90128. However, they also stated that, "the paper copies of the documents sent via US Mail were returned to defendant's counsel." If the papers were returned to defendant's counsel, then they were not properly served. Next, the defendant states that another address that paper copies of the documents were mailed to was 9620 S. Las Vegas Blvd, Suite E461, Las Vegas, NV 89123. Again, the defendant states" the envelopes that have been sent to PLAINTIFF and returned to the undersigned," have stickers stating return to sender. These facts clearly mean PLAINTIFF was not properly served any documents pertaining to this case as is the defendant's responsibility.

Per FRCP Rule 5:

> FRCP 5(b)(2)(E) states:
>
> Serving and Filing Pleadings and Other Papers -- Service: How Made -- Service in General.
>
> A paper is served under this rule by:
>
> sending it by electronic means if the person consented in writing-in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

First, PLAINITFF never consented to being served electronically. Second, PLAINTIFF never received any documents from the defendant before PLAINTIFF was notified about this case on June 26, 2023. When PLAINTIFF finally became aware of the proceedings in this case, she checked her spam folder and found emails from the following email address sandy@rademaekerslaw.com. So, PLAINTIFF adamantly denies ever receiving proper service, which defendant agrees with in their response, and never received any emails before June 26, 2023. Email is not a proper way to serve anyone important information for this very reason. The email can think it is spam or junk and the intended recipient never sees the email. The defendant's are in violation of NRCP Rule FRCP 5(b)(2)(E). It was an untrue statement that the defendant's submitted in their April 24, 2023 Defendant's Amended Certificate of Service. Exhibit 6 is a copy of the 4/24/23 filing. Plaintiff was not properly served by any means.

PLAINTIFF has had to constantly change her contact information, including her address, because of law enforcement and their attorney, Jackie Nichols, stalking PLAINTIFF. PLAINTIFF has requested multiple courts to seal or redact her contact information. Exhibit 7 is a pleading PLAINTIFF filed in the US Court of Appeals Ninth District Court. It explains PLAINTIFF is being stalked and she is afraid for her safety. Exhibit 8 is a pleading PLAINTIFF filed in the Eighth Judicial District Court. Again, PLAINTIFF explains that she and her family are being staked and she is afraid because LVMPD has shown up at her brand new residence as recent as June9, 2023, which is outside of their jurisdiction. LVMPD confirmed that there was no legitimate reason for LVMPD to be stalking around MS. WARREN'S house which is outside of their jurisdiction. Below is the docket sheet, at the US District Court Nevada

District, from PLAINTIFF'S current case against LVMPD. Docket item 52 is where PLAINTIFF submitted a motion to seal.

CM/ECF Civil Criminal Query Reports Utilities Search Help Log Out

| | | |
|---|---|---|
| 06/13/2023 | 45 | AMENDED MOTION to Strike 43 Motion to Dismiss, and 42 Motion to Strike by Plaintiff Allanna Warren. Responses due by 6/27/2023. (JQC) (dispositive) (Entered: 06/13/2023) |
| 06/14/2023 | 46 | REPLY to Response to 40 Motion to Extend/Shorten Time, by Defendant Las Vegas Metropolitan Police Department. (Nichols, Jacqueline) (Entered: 06/14/2023) |
| 06/14/2023 | 47 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro on 6/14/2023.<br><br>Pending before the Court is the Las Vegas Metropolitan Police Department's ("LVMPD") 40 Motion to Extend Time to File a Responsive Pleading to Plaintiff Allanna Warren's ("Plaintiff") 28 Second Amended Complaint. Plaintiff filed a Response, (ECF No. 41 ), to which LVMPD filed a Reply, (ECF No. 46 ). Pursuant to LR IA 6-1, extensions of time may be granted for good cause shown. Here, LVMPD requests a seven (7) day extension of time to file a responsive pleading to Plaintiff's Second Amended Complaint and explains that an extension of time is warranted because its counsel "has several competing deadlines" as listed in the Motion. (Mot. Extend Time 2:4-13, ECF No. 40 ). The Court finds that LVMPD has provided sufficient good cause to warrant an extension of time. *See Martin v. Pizza*, No. 2:22-cv-00784, 2022 WL 4000640, at *2 (D. Nev. Aug. 31, 2022) (granting a motion to extend time and noting the "need to get up to date on a case and deal with competing deadlines is a reality of the legal profession, not an indication of irresponsibility"). The extension sought is minimal, and LVMPD's counsel has adequately shown that her workload in the seven-day period justifies an extension. Accordingly, **IT IS HEREBY ORDERED** that the 40 Motion to Extend Time is **GRANTED**.<br><br>(Copies have been distributed pursuant to the NEF - JD) (Entered: 06/14/2023) |
| 06/14/2023 | 48 | REPLY to Defendant's Response to 40 Motion to Extend/Shorten Time by Plaintiff Allanna Warren. (CAH) (Entered: 06/15/2023) |
| 06/14/2023 | 51 | COPY OF SECOND REQUEST FOR AN EMERGENCY MOTION TO MEDIATE AMENDED FOR THE NINTH CIRCUIT COURT OF APPEALS by Allanna Warren. (Attachments: # 1 Second Request Emergency Motion to Mediate, # 2 Exhibit)(CAH) (Entered: 06/16/2023) |
| 06/15/2023 | 49 | MOTION TO VACATE by Plaintiff Allanna Warren. Responses due by 6/29/2023. (CAH) (Entered: 06/15/2023) |
| 06/15/2023 | 50 | MOTION for Pro Se Litigant to File Electronically by Plaintiff Allanna Warren. (Attachments: # 1 Exhibit, # 2 Exhibit) (CAH) Modified event on 6/16/2023 (EDS). (Entered: 06/15/2023) |
| 06/15/2023 | 52 | MOTION Motion to Seal Address and get fee waiver mailed to new address by Plaintiff Allanna Warren. Responses due by 6/29/2023. (CAH) (misc) (dispositive) (Entered: 06/16/2023) |

Although PLAINTIFF has explained that her safety is at risk due to law enforcement's crimes against her, no court will grant her motions to seal her contact information. Below is where the judge denied PLAINTIFF's motion.

| | | |
|---|---|---|
| 06/28/2023 | 63 | ORDER - Plaintiff's motion (ECF No. 52 ) is **denied**.<br>The Clerk is **directed** to mail Plaintiff a copy of this order. (Mailed 6/29/2023).<br>Signed by Magistrate Judge Daniel J. Albregts on 6/28/2023.(Copies have been distributed pursuant to the NEF - DLS) (Entered: 06/29/2023) |

Exhibit 9 is an email PLAINTIFF submitted to the Nevada Supreme Court asking how she could ask the court to seal or redact her contact information for fear of a stalker. The courts either don't rule on PLAINTIFF's requests or denies them. To further illustrate that PLAINTIFF has proof of law enforcement stalking her, below are two different instances of PLAINTIFF'S home being harassed by her new city's law enforcement officers. In one picture you can see a female officer grasping at her gun at PLAINTIFF'S front door. PLAINTIFF is taking care of her elderly mother and this frightened PLAINTIFF and her mother who is over 70 years old. This

was the direct result of LVMPD and law enforcement in Nevada having access to PLAINTIFF'S contact information and abusing it. Having PLAINTIFF's contact information available is putting her very life at risk.






What's worse, PLAINTIFF's family is the only black American family in her neighborhood and she is new to the neighborhood. Now she constantly has police at her door for no reason except to harass and stalk her. Because of this constant harassment, stalking, illegal surveillance and other crimes, PLAINTIFF now must sue this law enforcement agency for its part in the police misconduct lawsuits already filed.

PLAINTIFF denies abandoning her case or ignoring this court. PLAINTIFF was not properly served any documents in the mail or otherwise. PLAINTIFF is not trying to salvage her case, she was just informed about it by this court the end of June 2023. PLAINTIFF is very appreciative for this court not dismissing her claim and MS. WARREN is glad that now she does know about this case and plans on being an active participant. This is why she asked for a mediation in the case. PLAINTIFF believes that a mediation will help this case move along quickly or at the very least end in settlement. PLAINTIFF has no ill will, she is just seeking

justice. PLAINTIFF is now able to file electronically and receives notification through the system. If PLAINTIFF'S address is mandatory she is asking for her address and all contact information to be redacted and/or sealed for her safety. MS. WARREN is not trying to violate any of the rules but as proven above, her and her family's safety is at risk with her contact information being out for public consumption.

This response is also written to oppose the dismissal of PLAINTIFF'S case. If she was made aware when the initial Motion to Dismiss was filed, she would have responded. Since defendant violated multiple NRCP, FRCP and local rules by not properly serving MS. WARREN and relying on email as a form of service, denying their motion to dismiss is proper. In addition, PLAINTIFF believes that a mediation is proper as well. In the FRCP under Rule 16 it states:

> Paragraph (9) is revised to describe more accurately the various procedures that, in addition to traditional settlement conferences, may be helpful in settling litigation. Even if a case cannot immediately be settled, the judge and attorneys can explore possible use of alternative procedures such as mini-trials, summary jury trials, mediation, neutral evaluation, and nonbinding arbitration that can lead to consensual resolution of the dispute without a full trial on the merits. The rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures even when not agreed to by the parties. See 28 U.S.C. §§473(a)(6), 473(b)(4), 651–58; Section 104(b)(2), Pub. L. 101–650. The rule does not attempt to resolve questions as to the extent a court would be authorized to require such proceedings as an exercise of its inherent powers.

PLAINTIFF would like to highlight the statement, “The rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures even when not agreed to by the parties.” So, although the defendant’ s may not want mediation, this court has the power to utilize the Alternative Dispute Resolution methods even if the parties don’t want to.

CONCLUSION

For the reasons set forth above, PLAINTIFF would humbly request the redaction and/or sealing of PLAINTIFF’s contact information. PLAINTIFF also opposes dismissing this action and opposes defendant’s motion for attorney’s fees and costs. PLAINTIFF would ask to move the case forward to mediation.

Dated this 7th day of July , 2023.

Allanna Warren

Pro Se Name Allanna Warren

# CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS to The US District Court Nevada District on THE 7TH DAY OF JULY, 2023.

■ I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

Allanna Warren
PLAINTIFF

CERTIFICATE OF SERVICE

Pursuant to NRCP Rule 5(b)(4), I hereby certify that I am over the age of 18 and that on the 1st day of April, 2023, I caused the foregoing SECOND AMENDED COMPLAINT to be served as follows:

[ ] BY U.S. MAIL: By placing a true and correct copy of the same to be deposited for mailing in the U.S. Mail in Las Vegas, Nevada, enclosed in a sealed envelope upon which First-Class postage was fully prepaid to the following address:

[ ] BY PERSONAL SERVICE: By hand delivery of the document(s) listed above to the person(s) at the following address:

[ X ] BY ELECTRONIC FILING: By EFS service pursuant to Rule 5(b)(2)(E) of the NRCP and Rule 9 of the NEFCR.

[ ] BY ELECTRONIC MAIL: By e-mail, consented to in writing, pursuant to Rule 5(b)(2)(F) of the NRCP at the following e-mail address:

Allanna Warren
Pro Se

SECOND JUDICIAL DISTRICT COURT
COUNTY OF WASHOE, STATE OF NEVADA

**AFFIRMATION**
**Pursuant to NRS 239B.030 and 603A.040**

The undersigned does hereby affirm that the preceding document, (*title of document)*

SECOND AMENDED COMPLAINT

file in case number: CV22-01525

(☒ *mark one*)

■ Document does not contain the personal information of any person.

☐ Document contains the social security number of a person as required by: (☒ *mark one*)

☐ A specific state or federal law, to wit: (*write the specific state or federal law*)

______________________________

☐ For the administration of a public program

☐ For the administration for a federal or state grant

☐ Confidential Family Court Information Sheet (NRS 125.130, NRS 125.230, and NRS 125B.055)

DATED this (*day*) 1 day of (*month*) April, 20 23

Submitted By: (*Your signature*) ______________________

(*Print your name*) Allanna Warren

(*Attorney for*) ______________________