Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Defendant") files this Reply in Support of Its Motion to Dismiss Plaintiff's Complaint, and states as follows:

## I. INTRODUCTION

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316 (the "State Action"). Defendant had not been served but removed the case to this Court by Notice of Removal filed April 19, 2023. Defendant grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

On April 24, 2023, Defendant filed a Motion to Dismiss the Complaint in its entirety (Document 11). Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested, and are preempted by ERISA, and the Complaint must be dismissed.

Furthermore, in her Response (Documents 26 and 27), Plaintiff's sole argument for denying Defendant's Motion is that she was unaware of the motion and claims she was never properly served. However, this argument (which Defendant disputes), is now moot as Plaintiff did respond to the Motion and her Response was on file with this Court prior to the entry of a ruling on the Motion. Further, Plaintiff's allegations of defamation contained in her second Response (Document 27) are irrelevant to the Motion to Dismiss, as these allegations were not included in her Complaint, and such allegations are wholly without merit.

Accordingly, for the reasons cited in the Memorandum of Points and Authorities attached to Defendant's Motion to Dismiss, as well as the arguments below, Defendant's Motion to Dismiss Plaintiff's Complaint should be granted.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Complaint are as follows:

Warren alleges that Defendant has "financial decision making power" over Plaintiff,[1] assumably referencing Defendant's denial of Warren's claim for short term disability benefits (Exhibit B to Defendant's Motion to Dismiss Plaintiff's Complaint).

In the Complaint, Warren asserts Defendant is a willing participant in retaliation at the behest of the Las Vegas Metro Police Department and Sparks Policy Department (neither of whom are named as a party in the Complaint.[2] Specifically, in her claim for relief, Warren alleges state law causes of action against Defendant of racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information by being "a willing participant in the retaliation."[3] Further, Warren's reference in her Complaint to "entities who have financial decision making power like Lincoln Financial Group"[4] directly correlates to Defendant's decisions on her claim for short term disability benefits (Exhibit B to Defendant's Motion to Dismiss Plaintiff's Complaint) that would be payable under a Policy insuring benefits under an "employee welfare benefit plan" as defined by ERISA.

## III. <u>ARGUMENT AND AUTHORITIES</u>

### A. <u>Standard Governing Rule 12(b)(6) Motion to Dismiss</u>.

An order granting a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate when, taking the facts alleged in the Complaint as true, the moving party is entitled to a judgment as a matter of law. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990). All inferences reasonably drawn from the facts of the Complaint must be construed in favor of the plaintiff. <u>Baker v. McNeill Island Corrections Center</u>, 859 F.2d 124, 127 (9th Cir. 1988); <u>General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventists Congressional Church</u>, 887 F.2d 228, 230 (9th Cir. 1989). Dismissal for failure to state a claim can be based on lack of a recognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal will

[1] Complaint at sole paragraph contained therein.
[2] Complaint at sole paragraph contained therein.
[3] Complaint at sole paragraph contained therein.
[4] Complaint at sole paragraph contained therein.

be warranted if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998).

**B. The Court May Properly Consider the Relevant Plan Document and Decisions Letters in Ruling on This Motion.**

A true and correct copy of the Policy (Exhibit A to Defendant's Motion to Dismiss) and Defendant's decisions on Warren's STD claim for benefits from the Plan (Exhibit B to Defendant's Motion to Dismiss) are incorporated herein by reference. Although Warren did not attach these documents to the Complaint and the Complaint does not specifically reference them, a short-term disability contract, or disability benefits in her Complaint, Warren does make reference in the Complaint to Defendant's "financial decision making power,"[5] which directly correlates to the benefits that would be payable under the Policy (Exhibit A to Defendant's Motion to Dismiss). Additionally, Warren's claims are clearly predicated on the Policy, and the letters from Defendant evidence Warren's claim for benefits from the Plan under the Policy. It is well-established that under such circumstances, Defendant may incorporate these documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss. Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

**C. The "Indebtedness" Sought by Warren in the Complaint are Disability Benefits from an "Employee Welfare Benefit Plan" Governed by ERISA.**

It is clear that the Hilton short term disability plan is an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or

[5] Complaint at sole paragraph contained therein.

> vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C.S. § 186(c)] . . . .[6]

Based on the facts pled in the Complaint and Exhibit A to Defendant's Motion to Dismiss, it is apparent that to fulfill obligations created under the Plan, Hilton entered into a contract (the Policy, Exhibit A to Defendant's Motion to Dismiss) with Defendant. Warren was a participant in the Plan, which was sponsored by Hilton, and submitted a claim for benefits from the Plan under the Policy, which was denied by Defendant. Accordingly, the Plan was established and maintained by Hilton and provided disability benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the Plan is an ERISA plan based on the face of the Complaint and ancillary documents.

**D. Warren's State Law Causes of Action are All Preempted by ERISA.**

As the Complaint clearly establishes the existence of an ERISA Plan, Warren's state law causes of action in this lawsuit (racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation) are preempted by ERISA Section 514(a), 29 U.S.C. §1144(a). ERISA preempts "any and all state laws insofar as they may now or hereafter relate to an employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). See also Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1999) ("ERISA broadly preempts state law that relates to 'any employee benefit plan' as described in the statute."); Shaw v. Delta Airlines, 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983)( a state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with . . .such a plan."); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416 (9th Cir. 1990) (ERISA's preemption provision "is to be broadly construed and extends to common law and tort and contract actions."); Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) ("[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.").

[6] 29 U.S.C. § 1002(1) (emphasis added).

The United States Supreme Court and the Ninth Circuit repeatedly have found that a plaintiff's state law claims based upon the existence of an employee benefit plan are preempted by ERISA. For example, in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542 (1987), an employee brought suit against his former employer and its insurer alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. The Supreme Court held plaintiff's contract and tort claims were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a) because his claims "relate[d] to [an] employee benefit plan." Id. at 62. The Court again reached the same result in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987), where an employee brought common law breach of contract, bad faith, and other tort claims against the insurance company which insured his employer's group insurance policy alleging the company wrongfully failed to pay benefits under an ERISA-governed plan. The Court rejected plaintiff's state law claims because they "relate[d] to" an employee benefit plan and, thus, were preempted by ERISA. Id. at 57.

The Supreme Court again addressed this issue in Ingersoll-Rand, *supra*. There, an employee brought suit against his former employer in state court seeking compensatory and punitive damages under various state tort and contract theories alleging his termination deprived him of rights to pension benefits; he did not assert any cause of action under ERISA. In reversing the Texas Supreme Court and upholding the appellate court's order granting summary judgment in favor of the employer, the Supreme Court concluded that because plaintiff would "simply [have] no cause of action if there [was] no plan," his claims "relate[d] to" an ERISA-covered plan within the meaning of ERISA § 514(a), 29 U.S.C. § 1144(a). Ingersoll-Rand, 498 U.S. at 140.

Warren's state law cause of action arises from the handling and disposition of her claim for short term disability benefits from the Plan. Accordingly, it is subject to preemption. See Greany v. Western Farm Bureau Life Insurance Company, 973 F.2d 812 (9th Cir. 1992) (challenge to handling of benefits under state tort, contract and insurance theories preempted by ERISA); Tingey v. Poxley-Richards W., Inc., 953 F.2d 543, 545 (9th Cir. 1992) (all claims which involve the administration of an ERISA plan, even if drafted to

refer to the employment relationship, are preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir. 1990) (state claims of negligence, breach of contract, fraud and estoppel related to the administration of an ERISA plan and , therefore, were preempted); Nevill v. Shell Oil Co., 835 F.2d 209, 211-12 (9th Cir. 1990). (ERISA preempted causes of action for breach of the covenant of good faith and fair dealing, where the plaintiff alleged the employer had misrepresented ERISA plan benefits.)

The Ninth Circuit has specifically held that causes of action for breach of contract and violation of state consumer protection acts, among others, are preempted by ERISA. Bast v. Prudential Ins. Co. of Am., 150 F.3d 1007, 1008 (9th Cir. 1998). The Ninth Circuit so held even though it recognized that without these state law causes of action, the plaintiffs were left without a remedy. Bast, 150 F.3d at 1010. See also Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 494 (9th Cir. 1988) (breach of contract and tortuous breach of the covenant of good faith and fair dealing causes of action preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 633 (9th Cir. 1990) (ERISA preempted breach of contract, negligence and fraud causes of action).

Warren's state law causes of action in the Complaint each are inseparably connected to the interpretation and construction of the Policy and the Plan. For example, Plaintiff's allegations of infliction of emotional distress and misuse of medical information causes of action are predicated on the existence and construction of the Plan. But for the covenants, both implicit and explicit, of the Policy and the Plan, Warren would not have been able to submit a claim for benefits from the Plan and, therefore, Defendant would have no "financial decision making power" over Plaintiff, as alleged in the Complaint. Further, the claim for benefits from the Plan submitted to Defendant by Warren, are the sole source of the "misuse of medical information" allegation in the Complaint. Simply put, but for the Plan, Warren would have no basis for either cause of action. Therefore, these causes of action are preempted by ERISA.

Moreover, there can be no doubt that the Plan is inseparably connected to any determination of the harm allegedly suffered by Warren and, thus, ultimate liability under

Warren's state law causes of action. There simply would be no claim against Defendant if there was no Plan. Accordingly, under Supreme Court precedent in Ingersoll-Rand, Plaintiff's state common law claims "relate to" and are expressly preempted by ERISA and must be dismissed. Ingersoll-Rand, 498 U.S. at 140; Barr v. American Cyanamid Company, 808 F. Supp. 752, 756 (W.D. Wash. 1992).

### E. Plaintiff's Constitutional Claims Must Be Dismissed for Failure to Allege Any Facts Supporting Liability

Warren cannot rely on conclusory factual allegations. Rather, a plaintiff must allege facts which, if true, show that the defendant had a constitutionally impermissible policy, practice, or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Warren has not alleged a policy, practice, or custom to support her claims, nor has she sufficiently plead any violations of her constitutional rights under the Fourth or Fourteenth Amendments. Therefore, this Court must dismiss Warren's claims.

### F. Compensatory, Statutory, Exemplary, and Penalty Damages Are Not Available in this Action

Based on the face of the Complaint, Warren makes a vague statement that Defendant is indebted to Warren in the amount $10,000.00. To the extent that all or part of this relief requested is or could be for statutory or punitive damages, Plaintiff is not entitled to such relief. It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that

may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

### G. <u>Plaintiff's Argument That She Was She Was Not Aware Of The Motion To Dismiss Is Now Moot</u>

Plaintiff states in her Response (Document 26) that "denying [Defendant's] motion to dismiss is proper because Defendant "violated multiple NRCP, FRCP and local rules by not properly serving MS. WARREN and relying on email as a form of service." However, as more fully argued in Defendant's Response to Plaintiff's Motion for Mediation (Document 22), any arguments Plaintiff could make regarding Defendant's failure to serve paper copies on Plaintiff, are without merit as it is a litigant's responsibility to provide a proper mailing address at which documents can be served. Plaintiff has clearly failed to do so, as evidenced by the return of every mailing made by the undersigned to Plaintiff at both the address Plaintiff used in filing the State Action and the address that Defendant later learned of through research (and that Plaintiff now confirms as her address on her (late) filings in this case). Accordingly, it is Defendant's position that, in addition to providing copies electronically (to what Plaintiff now confirms is her correct email address), Defendant has attempted to serve all filings in this action via US Priority Mail to addresses that were provided by Plaintiff herself. In other words, Plaintiff cannot be allowed to file a lawsuit and then either fail to provide a proper address for service or refuse to accept service at the address she provided on her pleadings, only to later make the bold assertion that Defendant "violated multiple NRCP, FRCP and local rules" by not properly serving Plaintiff. As such, Defendant has fulfilled its responsibilities with regard to proper service on Plaintiff of all of Defendant's filings in this case, to include Defendant's Motion to Dismiss.

Nevertheless, Plaintiff's argument regarding improper service of the Motion to Dismiss is now moot as the Court has not yet ruled on Defendant's Motion and Plaintiff has now responded to the Motion. Indeed, Plaintiff's July 7, 2023, filing (Document 24) is titled "REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR

MEDIATION **AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS**" (emphasis added). Additionally, on page 7 of the Reply/Response, Plaintiff states "This response is also written to oppose the dismissal of PLAINTIFF'S case." Further, Plaintiff has been afforded the opportunity to refile, and has refiled, her pleading as a response to Lincoln's Motion to Dismiss (See Documents 26 and 27). Accordingly, Plaintiff is aware of the Motion to Dismiss and has now taken the opportunity to respond (albeit late) and the sole argument for denial of Defendant's Motion stated in Plaintiff's Response, is now moot as this Court has made no ruling on Defendant's Motion and Plaintiff's response was filed and before this Court for consideration prior to entry of a decision on Defendant's Motion.

**H. <u>Plaintiff Defamation Allegation is without merit</u>**

In her second Response (Document 27) to Defendant's Motion to Dismiss, Plaintiff alleges that "Defendant has made slanderous and libelous statements" against Plaintiff and that "defendant is guilty of Defamation per se and PLAINTIFF is now due damages." Plaintiff has not made any such allegations in her Complaint. Accordingly, this statement in a response to Defendant's Motion to Dismiss does not give rise to a claim against Defendant.

Moreover, this assertion of defamation is simply untrue. Defendant did not accuse Plaintiff of mail fraud, nor did it elude to any such allegation. In its Response to Plaintiff's Motion for Mediation, Defendant states, "it is Defendant's contention that Plaintiff has been either intentionally avoiding service by choosing to return all envelopes received from Defendant's counsel, or Plaintiff is continuing to provide an invalid mailing address." In that statement Defendant did not claim that Plaintiff has committed mail fraud, but merely stated that it is Defendant's contention that Plaintiff either was avoiding service or provided an invalid address to the Court. Additionally, Plaintiff asserts that Defendant's statement regarding the handwriting on the envelope is an accusation by Defendant that this was Plaintiff's handwriting on the envelope. However, Defendant did not say that but merely stated a fact, which is that the writing on the envelope was written by hand (See Exhibit A to Lincon's Response to Plaintiff's Motion for Mediation). In fact, Defendant even stated in its

Response to Plaintiff's Motion for Mediation that Plaintiff could claim the envelopes were returned by someone other than Plaintiff:

> "To the extent Plaintiff could claim that mail from the undersigned was returned due to accident or error by any other persons residing at 9620 S. Las Vegas Blvd, Defendant would point out that three separate envelopes between April 19 and June 8, were each returned. One could have been an accident, but certainly not three. But Plaintiff now expects the undersigned and this Court to believe that somehow that very same address is suddenly a good address for Plaintiff."

Reading this entire passage in its context, it is quite obvious that Defendant is not accusing Plaintiff of mail fraud, but merely stating its opinion that the return of three envelopes could not be by accident or error, and that Plaintiff cannot expect the Court to believe that the address is a good address for Plaintiff.

Nevertheless, this accusation of defamation still does not provide any argument whatsoever to refute the statements made in Defendant's Motion to Dismiss. The entire basis of this lawsuit is Plaintiff's claim for short term disability benefits, from an employee welfare benefit plan as defined by ERISA. And based on the face of the Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed.

## I. Plaintiff Offers No Factual Or Legal Argument On The Merits Of Defendant's Motion

Plaintiff did not offer any factual or legal argument on the merits of Defendant's motion, but only cited that her failure to respond was only because she was not aware of the motion. Accordingly, Defendant's Motion to Dismiss should granted on its merits as Plaintiff offered no arguments in response to the arguments set forth in Defendant's Motion to Dismiss.

In sum, based on the foregoing case law, as well as those cited in the Memorandum of Points and Authorities attached to Defendant's Motion to Dismiss, it cannot be disputed that the Plan from which Warren seeks short term disability benefits, as alleged in the Complaint, qualifies as an employee welfare benefit plan under ERISA. Accordingly, the state law

causes of action asserted against Defendant by Warren in the Complaint are preempted by ERISA, and the Complaint must be dismissed.

## IV. CONCLUSION AND PRAYER

For the reasons set forth above and the Memorandum of Points and Authorities attached to Defendant's Motion to Dismiss, Defendant requests the Court to enter an Order dismissing Plaintiff's Complaint against Defendant with prejudice, awarding Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and granting Defendant any other relief to which it shows itself justly entitled.

Dated this 11th day of July 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128

*Attorneys for Defendant*

I hereby certify that on the 11th day of July 2023, I electronically transmitted the foregoing, **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers