Allanna Warren
9620 S. Las Vegas Blvd., Suite E461
Las Vegas, NV 89123
d1a2n3n4@proton.me
(323) 807-6739

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FIANACIAL GROUP.<br><br>Defendant. | Case No.: 2:23-cv-00601-GMN-EJY<br><br>REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION TO STRIKE AND MOTION TO AMEND |

COMES NOW Plaintiff, ALLANNA WARREN, files her REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION TO STRIKE AND MOTION TO AMEND. This Motion is made and based upon all papers, pleadings, and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

**MEMORANDUM OF POINTS & AUTHORITIES**

On July 11, 2023 PLAINTIFF received Defendant's reply in support of its motion to dismiss plaintiff's complaint. The defendants have written, several times, that they were not served with PLAINTIFF'S small claims complaint. This statement does not make sense. If the defendants were not served how did they have knowledge of the case PLAINTIFF filed against

them? The headquarters and attorney, Iwana Rademaekers, do not live nor do business in the state of Nevada, where PLAINTIFF lives, so there is no way an out of state defendant would know about a court proceeding in Nevada without being served. If the defendants are denying service, then how did they know there was a complaint against them in another state? Exhibit 1 and 2 are the proof of service submitted and accepted by the Las Vegas Justice Court proving the defendant was served properly. As a matter of fact, the Las Vegas Sheriff's served the defendant and provided the affidavit of service. This deception, lie, from the defendant that they were not served proves that they will lie and deceive this court in order to get the result they want. As PLAINTIFF has just provided evidence to the contrary of defendant's numerous false accusations, PLAINTIFF would like to add this lie, from the defendants, as further evidence to prove her defamation per se claim.

Defendant's July 11 filing is redundant to all of defendant's other filings and states no new facts or arguments. The FRCP Rule 12 titled Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing, it states:

> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party

Pursuant to FRCP 12 PLAINTIFF is requesting the court to strike defendant's July 11, 2023 filing in its entirety. PLAINTIFF believes that the defendants have simply cut and pasted their response from their previously filed motions to construct this one, as such it must be deemed redundant. Additionally, all inferences reasonably drawn from the facts of the Complaint must be construed in favor of the plaintiff. Baker v. McNeill Island Corrections Center, 859 F.2d 124, 127

(9th Cir. 1988); General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventists Congressional Church, 887 F.2d 228, 230 (9th Cir. 1989). If all inferences reasonably drawn from the facts of the PLAINTIFF'S complaint must be construed in favor of the PLAINTIFF, then the defendant's motion to dismiss must be denied. As PLAINTIFF does not want to be redundant, MS. WARREN has addressed the bulk of the July 11, 2023 pleading concerning PLAINTIFF not receiving proper service from the defendants.

PLAINTIFF's complaint is about Lincoln Financial Group relying on a physician's assistant from PLAINTIFF'S former medical facility, Mr. Jesse Connors from Cano Health, to make a financial decision about her Short Term Disability. When this case gets to the evidentiary discovery phase PLAINTIFF plans on presenting a letter she received from the Lincoln financial Group's own nurse who stated the same thing PLAINTIFF stated (Exhibit 3). In this letter dated February 13, 2023 from Bill, Nurse Disability Appeals Consultant II, it states, "there is not clinical information regarding the efficacy of the mediation, nor any indication the employees has documented side effects by a clinical provider. The employee is not engaged in psychotherapy and there has been not escalation of care to an intensive treatment program or evaluation by a physiatrist." This person, Bill, is stating the exact thing PLAINTIFF stated before she received this letter. PLAINTIFF does apologize for the heavy redaction but this is a medical document and contains highly sensitive information, also pursuant to NRS 239B.030 and 603A.040 PLAINTIFF has redacted personal information. PLAINTIFF complained to Ellen Cooper, CEO, Craig Beezer, Julie Donald, Ashley Tilley and Isabella Lombardi that her provider, Cano Health, does not have doctors at any of their facilities, which Mr. Connors admitted to MS. WARREN via a taped zoom appointment from 1/30/23, and they should not rely on him to make a financial determination. In addition, PLAINTIFF will also present emails between Lincoln financial Group, Hilton Grand Vacations and Cano Health where PLAINTIFF informed all parties that Cano Health refuses to refer her to a mental

professional, which they were obligated to do and will not obtain PLAINTIFF'S former doctor's medical records, which is proper medical protocol (Exhibit 4). PLAINTIFF was trying to mediate and coordinate getting her benefits from all three entities but was essentially ignored by all entities. In stead of listening to the PLAINTIFF, who knew a physician's assistant is not medically licensed to provide her the proper medical help for her condition, Lincoln Financial Group continued to deny PLAINTIFF'S pleas. PLAINTIFF indicated to Ellen Cooper, Craig Beazer, Julie Donald, Ashley Tilley and Isabella Lombardi that Mr. Connors is not the proper source to rely on to make a proper medical evaluation. MS. WARREN often begged and pleaded, upon deaf ears, for help and to get on three way calls to resolve the multiple issues she encountered by Lincoln Financial Group. All of this added to PLAINTIFF'S mental anguish, emotional distress and anxiety. Because PLAINTIFF did make Lincoln Financial Group and Hilton Grand Vacations aware of the medical malpractice, negligence and gross negligence she was experiencing at the hands of Mr. Connors and Cano Health, Mr. Connors retaliated against PLAINTIFF and threw her out as a patient on January 30, 2023. Lincoln Financial Group had pretty much made up their minds by then and PLAINTIFF was left without medical help and without income. It can't be denied, when PLAINTIFF presents her evidence, that MS. WARREN is due this judgement. Bill also stated that PLAINTIFF'S primary diagnosis is anxiety. Anxiety is a mental condition that a physician's assistant cannot properly diagnose or treat. PLAINTIFF needed a psychologist or psychiatrist but was never provided with one. It was financially and ethically wrong for Lincoln Financial Group to rely on an improper medical provided to make any decisions, even according to their nurse, Bill. Mr. Connors did not do a proper pre-evaluation of MS. WARREN, did not conduct any evaluations while she was on strong medication that she had never been on, Escitalopram, and never did a post evaluation as Cano Health threw her out as a patient during a zoom appointment. None of the entities involved in this situation operated ethically.

In an order dated July 10, 2023, Magistrate Judge Elayna J. Youchah dismissed PLAINTIFF'S request for a mediation without prejudice and mentioned leave to amend. PLAINTIFF is also requesting a leave to amend her complaint to include the defamation per se damages she is due. The defendants stated that, “plaintiff's defamation allegations are without merit.” However, PLAINTIFF has proven, with defendant’s exact words, that they did accuse her of trying to defraud the court and the defendant by using a physical mail system. This is the definition of mail fraud. Additionally, the defendants just made this defamation statement after PLAINTIFF filed her initial complaint so there would have been no way to have included this allegation in her original complaint. However, in the light of the defendant’s defamatory statements in this court, PLAINTIFF is seeking to amend her complaint to include these new facts.

CONCLUSION

For the reasons set forth above, PLAINTIFF would humbly request the court to strike the defendant’s July 11, 2023 pleading for redundancy and allow PLAINTIFF leave to amend her complaint to include the new facts and state the new remedies PLAINTIFF seeks. PLAINTIFF also opposes defendants request to dismiss this claim, for attorney’s fees and request any other relief.

Dated this 11th day of July , 2023.

Allanna Warren

Pro Se Name Allanna Warren

CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION TO STRIKE AND MOTION TO AMEND to The US District Court Nevada District on THE 11TH DAY OF JULY, 2023.

■ I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

Allanna Warren
PLAINTIFF