Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Admitted Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT'S DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REQUESTED** |

Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, moves this Court for a special scheduling review of the Defendant's proposed discovery plan in this matter.

**I. <u>Rule 26(f) Conference.</u>**

Defendant filed its Motion to Dismiss Plaintiff's Complaint (Dkt 11) on April 24, 2023. The Parties have filed responses and replies (Dkts 26, 27, 29, and 30) to Defendant's Motion and

the Motion is ripe for determination by the Court. However, no ruling has yet been entered on the Motion.

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order (Dkt 34) entered on August 8, 2023, the undersigned counsel for Defendant attempted to confer with Plaintiff on August 14, 2023, regarding a proposed discovery plan by sending a discussion draft to Plaintiff and requesting a date and time when Plaintiff would be available to discuss the matter. Additionally, after the Court extended the deadline (at Plaintiff's request) for filing the joint report, and not having heard back from Plaintiff with input on the joint report or to set a conference to discuss the draft report, the undersigned attempted once again to contact Plaintiff on August 31, 2023, for input on the joint proposed discovery plan. However, Plaintiff was unwilling to discuss a proposed joint plan and instead filed her pleading titled "Update on Discovery Plan and Scheduling Order and Request for Recusal" (Dkt 41) on September 4, 2023. As such, no meeting was held between the parties to discuss the claims and legal issues in this action.

Accordingly, Defendant has filed a Motion to Stay Discovery until the Court rules on the Motion to Dismiss. In the event that Defendant's Motion to Stay Discovery is denied, Defendant submits this Discovery Plan and Proposed Scheduling Order if the Court does not grant Defendant's Motion to Stay. It is Defendant's position that the standard discovery plan is not best-suited for this lawsuit for the reasons set forth below.

## II. Nature of Case and Purpose of Special Review.

This dispute involves Plaintiff's claim for benefits under a policy of group short-term disability insurance held by Plaintiff's employer, Hilton Grand Vacations, for the benefit of its employees. The Hilton Grand Vacations Short Term Disability Plan Plaintiff's is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). As such, discovery is be limited to the administrative record for Plaintiff's administrative claim and appeal, which includes Plaintiff's medical records,

Plaintiff's arguments for the payment of benefits, the plan administrator's decisions, and the long-term disability plan documents.

Accordingly, should the Court decline to stay discovery and subject to the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Complaint, Defendant proposes this Court review and adopt the proposed discovery and case schedule set forth below:

**III. Proposed Plan.**

A. Production and Review of the Administrative Record: Defendant is in possession of the administrative record in this matter. Defendant proposes that Defendant have until **October 16, 2023**, to produce a proposed administrative record for Plaintiff's review and that Plaintiff have until **October 30, 2023,** to notify Defendant of her position as to the following issues: (1) whether Plaintiff believes that any additional documents should be added to the administrative record; (2) whether Plaintiff believes that any documents contained in the proposed administrative record should be omitted, and (3) whether Plaintiff believes that any discovery beyond the administrative record should be conducted.

B. Filing of Administrative Record/Motion for discovery: The parties should have until **December 4, 2023**, to file a joint administrative record with this Court. In the event the parties cannot reach an agreement on the joint administrative record, the parties will file on December 4, 2023, those portions of the administrative record on which they do agree, and Plaintiff should have until **December 18, 2023,** to file any motions that plaintiff believes are appropriate, including but not limited to moving to supplement or omit from the administrative record.

C. Briefing Scheduling for Legal Issues/merits of the Case:

The primary legal issues in this matter are the following: (1) the standard of review to be applied to Defendant's decision to terminate Plaintiff's claim for long-term disability benefits; and (2) whether, applying that standard of review, Defendant's decision should be affirmed by the Court.

If a joint administrative record is timely filed and Plaintiff does not seek to conduct discovery beyond the administrative record, or to supplement or omit from the administrative record, the Defendant proposes that dispositive motions be filed no later than **February 5, 2024**. Thereafter the parties should have until **March 4, 2024**, to file opposing memoranda and util **March 18, 2024**, to file reply memoranda**.**

D. <u>Alternative Dispute Resolution</u>:

Defendant believes that non-binding mediation may be an appropriate alternative dispute resolution method for resolving this matter if the Parties discussions are not successful. Defendant does not request appointment of a mediator at this time.

WHEREFORE, should the Court decline to stay discovery or should the Court deny in whole or in part, Defendant's Motion to Dismiss Plaintiff's Complaint, Defendant requests that this Court adopt the proposed discovery and case schedule set forth herein.

DATED this 11th day of September 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

/s/ Iwana Rademaekers

Iwana Rademaekers, TX Bar No. 16452560
***Admitted Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

Georlen Spangler, Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

I hereby certify that on the 11th day of September 2023, I electronically transmitted the foregoing, **DEFENDANT'S DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers

**ORDER**

IT IS SO ORDERED ______________________________, 2023.

______________________________
United States District Court Judge
United States Magistrate Judge