Allanna Warren
9620 S. Las Vegas Blvd., Suite E461
Las Vegas, NV 89123
d1a2n3n4@proton.me
(323) 807-6739

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FIANACIAL GROUP.<br><br>Defendant. | Case No.: 2:23-cv-00601-GMN-EJY<br><br>PLAINTIFF REPLY TO DEFENDANT'S DISCOVERY PLAN, PROPOSED SCHEDULING ORDER, AND MOTION TO STAY DISCOVERY |

COMES NOW Plaintiff, ALLANNA WARREN, files her PLAINTIFF REPLY TO DEFENDANT'S DISCOVERY PLAN, PROPOSED SCHEDULING ORDER, AND MOTION TO STAY DISCOVERY. This Motion is made and based upon all papers, pleadings, and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

MEMORANDUM OF POINTS & AUTHORITIES

On September 11, 2023, PLAINTIFF received several pleadings from the defendant. This document will address the proposed discovery, proposed scheduling order and the motion to stay case. First, all three of the documents are almost identical to each other. FRCP Rule 12(f) states that a part of a pleading can be removed if it is redundant, immaterial, impertinent, or

scandalous. PLAINTIFF is motioning to strike the following redundant statements from all of the documents filed today September 11, 2023.

> Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order (Dkt 34) entered on August 8, 2023, the undersigned counsel for Lincoln attempted to confer with Plaintiff on August 14, 2023, regarding a proposed discovery plan by emailing a discussion draft to Plaintiff and requesting a date and time when Plaintiff would be available to discuss the matter. Additionally, after the Court extended the deadline (at Plaintiff's request) for filing the joint report, and not having heard back from Plaintiff with input on the joint report or availability for a conference to discuss the draft report, the undersigned attempted once again to contact PLAINTIFF on August 31, 2023 for input on the joint proposed discovery plan. However, Plaintiff was unwilling to discuss a proposed joint plan and instead filed her pleading titled , "Update on Discovery Plan and Scheduling order and Request for Recusal" (Dkt 41) on September 4, 2023. As such, no meeting was held between the parties to discuss the claims and legal issues in the action.

This exact statement is written in each of the three pleadings filed on September 11, 2023. To comply with FRCP Rule 12(f) these redundant statements should be stricken from the record in its entirety.

Second, PLAINTIFF has several viable claims and not just pursuant to 29 U.S.C 1132(a)(1)(B). PLAINTIFF is entitled to have all her claims heard in this case. The defendant is trying to shade the court and diminish the validity of PLAINTIFF'S matter before this court. Lincoln Financial Group should not be allowed to do this. All avenues and courses should be left open and explored in this case. This is why PLAINTIFF is opposing staying this case. This case was removed from a $10,000 small claims case. PLAINTIFF believes that binding mediation would have solved this case a long time ago. Because the defendant did not serve PLAINTIFF properly in the beginning, this case was delayed, and Lincon Financial Group is

attempting to delay this case further by staying the case. There is no good cause to justify delaying any aspect of this case, including entering into binding mediation. After all the time that has elapsed in this case, the defendants are not truly interested in preserving the courts or the litigants resources, if they were then what was the reason for removing a small claims case to federal court?

Third, the defendant has contradicted itself when it states, "the standard of review to be applied to Defendant's decision to terminate PLAINTIFF'S claim for long-term disability benefits. The word terminate denotes that PLAINITFF actually received benefits, which PLAINTIFF never has. And now the defendant is claiming that PLAINTIFF received long term benefits, which PLAINTIFF never has. PLAINTIFF'S claim is for short term disability benefits. Plus, PLAINTIFF is seeking to conduct discovery beyond the administrative record and may omit from the administrative record. PLAINTIFF will also probably be adding discovery when LVMDP supplies the business records this court has subpoenaed. The administrative record is not the only evidence that will be submitted into this case or the only evidence that should be considered in this case. Thus, PLAINTIFF is submitting the following discovery and case scheduling order:

A. **Production and Review of evidence.** The defendant has indicated that the only evidence they have is the administrative record. PLAINTIFF has email, voicemails and other evidence she will be presenting, and additional time should be given in order for all of the evidence to be produced and reviewed. PLAINTIFF proposes that PLAINTIFF have until October 31, 2023 to produce all records for the defendants to review and that the defendant have until November 17, 2023 to notify PLAINTIFF of their position.

B. **Filing of Administrative record/motion for discovery.** The parties have until December 15, 2023 to file a joint record of the evidence with the court. In the event parties can't reach an agreement on the record, the partis will file separately. The defendant should have until December 29, 2023 to file any motions that they believe are appropriate.

C. **Briefing scheduling for legal issues/merits of the case.** There are numerous legal issues in this matter including, when did law enforcement contact Lincoln Financial Group, who initiated the contact, how was the contact made. There will be additional matters that arise so this list is not exhaustive. If a joint record is timely filed and the defendant doesn't seek to conduct discovery beyond what has been presented then the dispositive motions should be filed no later than February 16, 2024. Thereafter the partis should have until March 15, 2024, to file opposing memoranda and until March 29, 2024, to file reply memoranda.

D. **Alternative Dispute Resolution**. PLAINTIFF is seeking a mediator at this time before all of the scheduling commences to see if a resolution can be obtained at this juncture. If not then all mediation should be binding and in writing so it is enforceable.

CONCLUSION

Taking all the above into account, PLAINTIFF requests that this court adopt PLAINTIFF'S proposed discovery and case schedule set forth herin. PLAINTIFF prays for any other relief to which she shows herself justly entitled.

Dated this 11th of September, 2023.

Allanna Warren

Pro Se Name Allanna Warren

# CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing PLAINTIFF REPLY TO DEFENDANT'S DISCOVERY PLAN, PROPOSED SCHEDULING ORDER, AND MOTION TO STAY DISCOVERY to The US District Court Nevada District Clerk for electronic filing at the following email address lv_public_docketing@nvd.uscourts.gov on THE 11TH DAY OF SEPTEMBER, 2023.

■ I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

Allanna Warren
PLAINTIFF