UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALLANNA WARREN,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 2:23-cv-00601-GMN-EJY

**ORDER**

Pending before the Court are Defendant's Motion to Stay Discovery and Proposed Discovery Plan and Scheduling Order. ECF Nos. 43, 44. These Motions were filed on September 11, 2023. Plaintiff responded to ECF Nos. 43 and 44 at ECF No. 50, a document mistitled as a Reply to Defendant's Motion and Proposed Plan.

Also pending is Plaintiff's Motion titled "Affidavit and reply to Defendant's Discovery Plan and Proposed Scheduling Order, Motion to Stay Discovery and Response to Plaintiff's Update on Discovery Plan and Scheduling Order and Request for Recusal." ECF No. 48. The body of this Motion states Plaintiff is seeking to strike redundant statements appearing in Defendant's September 11, 2023 filings. The Motion also seeks to disqualify Georlen Spangler, counsel for Defendant. Finally, Plaintiff filed a Motion to Strike at ECF No. 51 after receiving instruction from the Clerk of Court to file each type of relief sought separately. No response to ECF Nos. 48 and 51 are yet filed; however, because the Court denies Plaintiff's Motions to Strike, the Court proceeds with this Order.

## I. Discussion

### A. Defendant's Motion to Stay Discovery.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175

F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03. Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, at *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012)).

Defendant's Motion To Stay Discovery does not cite to let alone address the above standard. In the absence of Defendant citing to any authorities upon which the Court may rely when considering a motion to stay discovery, the Court declines to grant Defendant's Motion. The Motion to Stay Discovery is denied without prejudice.

B. <u>Defendant's Discovery Plan and Proposed Scheduling Order</u>.

Defendant's special scheduling request is granted as follows:

1. Defendant has until **October 16, 2023** to produce a proposed administrative record for Plaintiff's review.

2. Plaintiff has until **October 30, 2023**, to notify Defendant of her position as to the following issues: (1) whether Plaintiff believes any additional documents should be added to the administrative record; (2) whether Plaintiff believes any documents contained in the proposed administrative record should be omitted, and (3) whether Plaintiff believes any discovery beyond the administrative record should be conducted.

3. Filing of Administrative Record/Motion for discovery: The parties have until **December 4, 2023**, to file a joint administrative record with this Court. In the event the parties

cannot reach an agreement on the joint administrative record, the parties have until **December 4, 2023**, to file those portions of the administrative record on which they do agree. Plaintiff has until **December 18, 2023**, to file any motions she believes are appropriate including, but not limited to, moving to supplement or omit from the administrative record.

4. If a joint administrative record is timely filed and Plaintiff does not seek to conduct discovery beyond the administrative record, or to supplement or omit from the administrative record, dispositive motions may be filed no later than **February 5, 2024**, oppositions are due **March 4, 2024**, and replies are due **March 18, 2024**.

5. If Plaintiff seeks discovery outside the administrative record or otherwise seeks to supplement or omit any portion of the administrative record, Plaintiff must file such request no later than **January 18, 2024**.

C. Plaintiff's Motions to Strike.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). "An 'impertinent' allegation is neither necessary nor relevant to the issues involved in the action." *Id*.

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Id*. at 1182. Moreover, even if the Court assumes, without deciding, that an allegation is immaterial or impertinent for purposes of a Rule 12(f) analysis, the Court may not "exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id*.

Here, Defendant's multiple filings were required by Local Rule LR IC 2-2(b) and, thus, do not violate Federal Rule of Civil Procedure 12(f). Defendant's filings offer concise arguments without redundancy. Defendant does not raise immaterial, impertinent or scandalous matters. Accordingly, Plaintiff's Motions to Strike presented in ECF Nos. 48 and 51 are denied.

D. Plaintiff's Motion Seeking to Disqualify Defense Counsel from Continuing on this Case.

Federal courts apply state law when deciding whether an attorney or law firm should be disqualified. *Stevens v. Wal-Mart Stores, Inc.*, Case No. 2:17-cv-00970-JCM-PAL, 2018 WL 2766876, at *7 (D. Nev. June 8, 2018) (internal citation omitted). United States District Court for the District of Nevada Local Rule IA 11-7(a) states, in relevant part, that "[a]n attorney admitted to practice under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court."

Disqualification of counsel or a firm is required when there "exists "(1) a clear violation of the professional rules of conduct; (2) that affects the public view of the judicial system or the integrity of the court; and (3) it is serious enough to outweigh the parties' interests in counsel of their choice." *Id. citing Kalinauskas v. Wong*, 808 F.Supp. 1469, 1472 (D. Nev. 1992); *Optyl Eyewear Fashion Intern. v. Style Cos.*, 760 F.2d 1045, 1049 (9th Cir. 1985); *In re Coordinated Pretrial Proceedings, Etc.*, 658 F.2d 1355, 1360-61 (9th Cir. 1981). The moving party has the burden of establishing the "ethical violation or other factual predicate upon which the motion depends." *Id.* (internal citation omitted). "Given the seriousness of the matter, the movant has a high standard of proof to meet in order to prove that counsel should be disqualified." *Shahroki v. Harter*, Case No. 2:21-cv-01126-RFB-NJK, 2021 WL 4981565, at *2 (D. Nev. Oct. 26, 2021) (internal quotation marks and citations omitted).[1]

When considering a motion to disqualify counsel the Court must "weigh the prejudices that the parties will suffer based on the district court's decision, consider the public interest in the administration of justice, and discourage the use of such motions for purposes of harassment and delay." *Nevada Yellow Cab Corp. v. Eighth Judicial District Ct.*, 152 P.3d 737, 742-43 (Nev. 2007)

[1] The Court notes that other courts within the Ninth Circuit have taken similar approaches regarding the seriousness of the disqualification of a party's attorney and/or law firm and the high level of scrutiny that must be applied to such requests. *See CWT Canada II Limited P'ship v. Bridges*, Case No. CV-16-02577-PHX-GMS, 2017 WL 3534977, at *2 (D. Ariz. Aug. 17, 2017) ("[B]ecause of the 'great prejudice often associated with an enforced change of counsel, courts applying these standards have granted disqualification only when the moving party has demonstrated substantial and irreparable harm growing out of the ethical violation.'"), *quoting Complaint of Korea Shipping Corp.*, 621 F. Supp. 164, 169 (D. Alaska 1985).

*citing Brown v. Eighth Jud. Dist. Ct.*, 14 P.3d 1266, 1270 (Nev. 2000). If the Court finds an ethical violation, it has broad discretion to determine whether disqualification or a lesser sanction is warranted. *Stevens*, 2018 WL 2766876, at *7 *citing Hernandez v. Guglielmo*, 796 F.Supp.2d 1285, 1290 (D. Nev. 2011); *Yellow Cab*, 152 P.3d at 743. The District of Nevada recognizes disqualification as "a drastic sanction … that should be imposed only after … careful consideration of the client's right to be represented by the counsel of … [its] choice, and the nature and extent of the ethical violation." *Id*. (internal citations omitted).

Plaintiff's Motion, stated as one to recuse Mr. Spangler, is properly treated as a motion to disqualify him from continuing to represent Defendant. However, Plaintiff's Motion does not present evidence of any violation of a professional rule of conduct let alone a clear violation of any such rule. *See* ECF No. 48 at 3-6.

## II. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 43) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Proposed Discovery Plan and Scheduling Order (ECF No. 44) is GRANTED to the extent consistent with the content of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motions to Strike (ECF Nos. 48 and 51) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to recuse—disqualify—defense counsel Georlen Spangler from continued representation of Defendant (ECF No. 48) is DENIED.

Dated this 14th day of September, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE