Allanna Warren
9620 S. Las Vegas Blvd., Suite E461
Las Vegas, NV 89123
d1a2n3n4@proton.me
(323) 807-6739

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FIANACIAL GROUP.<br><br>Defendant. | Case No.: 2:23-cv-00601-GMN-EJY<br><br>ELAYNA J. YOUCHAHS BE RECUSED ON |

Plaintiff, ALLANNA WARREN, hereby submits her ELAYNA J. YOUCHAHS BE RECUSED ON. This affidavit is based upon the following points and authorities and all filings in this court.

DATED this 15th day of September 2023.

ALLANNA WARREN

POINTS AND AUTHORITIES

**1.Factual Background**

The case against Defendants arose from discrimination, unfair treatment and law enforcement's constant involvement in PLAINTIFF'S civil matters since December 2017. This case was initially filed in the Las Vegas Justice Court Small Claims court. The defendant did not answer or acknowledge PLAINTIFF or the proper service by the Clark County Sheriff's civil department. No appearance or answer was filed until this case was removed to the US District Court Nevada District in April 2023.

ARGUMENT

**2.Grounds for Recusal**

PLAINTIFF is not a lawyer, but a fundamental principle of fairness in litigation is that the rules of procedure apply to all parties, including pro se litigants. However, PLAINTIFF has not been treated fairly by Elayna J. Youchahs be recused on.

> Parties to a civil or criminal case in Nevada state court may be able to recuse (remove) the judge from their case on either of the following four grounds:
>
> 1. the judge has actual bias or prejudice for or against one of the parties,
> 2. the judge is a party to or is interested in the case,
> 3. the judge is related to one of the parties or their attorneys within the third degree, or
> 4. the judge served as legal counsel for one of the parties in the case before the court

PLAINTIFF requests that Elayna J. Youchahs be recused on the grounds that she has actual bias and/or prejudice against PLAINTIFF and for the Defendants, Lincoln Financial Group.

First, Judge Youchah has not given PLAINTIFF leave so she can file a substantive claim for damages in this court. As this case was initially filed in a small claims court, the filing and procedures are very informal and not as in depth as a federal court. Therefore, PLAINTIFF did not spell out the entirety of her claims against the defendant. Without having the entirety of PLAINTIFF'S claim in the lawsuit, there cannot be an unbiased and unprejudiced decision in the matter.

Next, Magistrate Youchah has allowed the defendants to dictate what evidence is allowed in this claim. PLAINTIFF was treated very unfairly and discriminated against by the defendants, however, PLAINTIFF'S voicemails, emails and other documents won't be allowed into the case as the defendants said only the administrative record can be submitted. PLAINTFF can make small changes but otherwise the only documents relevant, according to the defendant, is the administrative records produced by the defendants. This is wholly incorrect. FRCP Rule 26 states that there are to be initial disclosures without awaiting a discovery request. This rule has been ignored. Additionally, PLAINTIFF is having to be on defense in her own lawsuit. PLAINTIFF has to explain her position on the defendant's evidence, but they are not being asked to look at or evaluate any of PLAINTIFF'S evidence at any time during these proceedings. PLAINTIFF brought this case, but her position does not matter to the defendants nor Judge Youchah.

PLAINTIFF has also made motions concerning the redundancy in the defendant's pleadings. The defendant has used Ver Batum words in three pleadings filed on 9/11/23 and the judge denied the motion, although the law dictates that a redundant, impertinent or scandalous pleading should be struck. PLAINTIFF has motioned for a default judgement as the defendant violated NRCP and FRCP Rule 12 which states that a defendant has 21 days from the proper

service of the complaint and summons. The defendant was allowed to violate this rule without consequences. A decision concerning the motion to dismiss has yet to be made but this case has moved into the discovery and scheduling phase without proper disposition. PLAINTIFF even filed a motion for the judge to make a decision, as moving forward on a case without a decision on the dismissal is wasting time and resources. PLAINTIFF explained that she assumes that the motion to dismiss was denied if the case is moving forward but PLAINTIFF doesn't want to assume. A litigant should not have to assume anything in a court of law. This motion was ignored.

Finally, 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge states:

> **(a)**
> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> **(b)**He shall also disqualify himself in the following circumstances:
> **(1)**
> Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

FRCP Rule 63 states:

> Rule 63. Judge's Inability to Proceed
>
> Primary tabs
>
> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

E

**Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently**

The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased.

PLAINTIFF is making the case that this judge is in violation of Canon 3 and not performing her duties fairly, impartially or diligently. PLAINTIFF has filed a complaint of Judicial Misconduct with the US courts for the Ninth Circuit Office of the Circuit Executive as well. PLAINTIFF has repeatedly been the victim of prejudiced and biased judges, as MS. WARREN has uncovered a massive pay to play scheme being perpetrated against Nevada citizens between judges and law firms in California and Nevada. There is deep seeded corruption and Nevada citizens cannot and will not receive justice if they can't pay into the financial coffers of the judges as wealthy law firms can. Marquis and Arugach are blaring examples of this corruption and scheme run amuck.

CONCLUSION

In conclusion, PLAINTIFF has spelled out a compelling argument to recuse Youchah from presiding over this case any further. PLAINTIFF has made it apparent that this judge holds a deep bias and prejudice against PLAINTIFF . To further illustrate this bias, this judge is taking a lot of time to decide on motions and pleadings. If economy and reserving resources for litigants are of importance, the time this judge is taking to render decisions does not display this priority. PLAINTIFF prays an unbiased and non-prejudice judge will preside over this case or the case can move forward to the appeals court in San Francisco and that court can take a look at the travesty that is occurring with an American's rights here in racist Nevada.

**For all these reasons, it is appropriate that both judges be recused from presiding over this case.**

Dated this 15th day of September, 2023.

Allanna Warren
Pro Se Name Allanna Warren

CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing ELAYNA J. YOUCHAHS BE RECUSED ON to The US District Court Nevada District Clerk for electronic filing at the following email address lv_public_docketing@nvd.uscourts.gov on THE 15TH DAY OF SEPTEMBER, 2023.

■ I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

Allanna Warren
PLAINTIFF