Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLANNA WARREN,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

Defendant.

Case No. 2:23-cv-00601-GMN-EJY

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Response to Plaintiff's Motion for Default Judgment (Document 46) and states as follows:

## I. <u>INTRODUCTION</u>

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316 (the "State Action"). Lincoln had not been served but removed the case to this Court by Notice of Removal

filed April 19, 2023. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

On April 24, 2023, Lincoln then filed a Motion to Dismiss the Complaint in its entirety (Document 11). Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Lincoln's Motion to Dismiss (Document 11), absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested, and Lincoln has filed a Motion to Dismiss Plaintiff's Complaint in its entirety.

No ruling has yet been made on Lincoln's Motion to Dismiss, but Plaintiff has now filed a Motion for Default Judgment, asserting that Lincoln has failed to timely plead or otherwise answer in this action and requests Default Judgment be entered against Lincoln. However, Plaintiff's argument disregards Fed. R. Civ. P. 12(a)(4), which states that "serving a motion under this rule [Fed. R. Civ. P. 12] alters these periods [deadlines for serving an answer] as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." However, to date, the Court has not ruled on Lincoln's Motion to Dismiss all of the claims Plaintiff has raised against Lincoln in the Complaint. Accordingly, the deadline for a responsive pleading to the Complaint will not begin until the Court acts on Lincoln's Motion.

Additionally, Plaintiff has not established the date of service on Lincoln, and the relevant documents reflect that Lincoln was never effectively served with a summons in the State Court action, as Lincoln voluntarily removed the action without waiting for effective service. Accordingly, Plaintiff's Motion for Default Judgment should be denied.

## II. ARGUMENT

**A. PLAINTIFF'S EXHIBITS TO HER MOTION FOR DEFAULT DO NOT SHOW THAT LINCOLN WAS PROPERLY SERVED IN THE STATE ACTION.**

In her Motion for Default, Plaintiff asserts that Lincoln "has been regularly served" with the summons and complaint in this action and that Lincoln has "failed to plead or otherwise answer" in this action and attached as an Exhibit to her Motion a document that is intended to lead the Court to believe that "proof of service" of the summons and complaint was filed in the State Court Action. However, as more fully described below, Plaintiff's Exhibit 2 is misleading and this assertion by Plaintiff is completely without merit.

Plaintiff states that the Complaint "was served on the defendant and PLAINTIFF file (sic) the proof of service on March 23, 2023 (Exhibit 2). There was never a response from the defendants nor their attorney. Therefore, the defendant was in default and PLAINTIFF was and still is due a default Judgment." However, as proof to back up this assertion, Plaintiff attempts to mislead the Court by attaching to her motion a "Filing Accepted" notification from the Las Vegas Justice Court (Exhibit 2 to Plaintiff's Motion for Default), which merely shows that Plaintiff filed a document with the court in which she titled "Proof of Service" on that filing. Notably, Plaintiff did not attach as an Exhibit to her Motion to Dismiss the alleged "proof of service" document that goes with that "Filing Accepted" notification. However, included in Exhibit A to Lincoln's Motion to Dismiss (and bearing the same date and time-stamp as the "Filing Accepted" notification attached as Exhibit 2 to Plaintiff's Motion for Default), is a document titled "**Not Found Affidavit**" dated March 8, 2023 showing **failed attempts** to serve Lincoln with the summons and complaint. The "Filing Accepted" notification attached as Exhibit 2 to Plaintiff's Motion for Default AND the "Not Found Affidavit" attached to Lincoln's Notice of Removal are both stamped by the Court in the State Action as "Electronically Filed 3/23/2023 12:25 PM." This "Not Found Affidavit," which Plaintiff would like this Court to believe somehow constitutes "proof of service" on Lincoln, includes the following notations:

> That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said LINCOLN FINANCIAL GROUP Defendant within Clark County, Navada.

**ATTEMPTS TO LOCATE:**
**Date: 3/7/2023 @ 10:05 AM – 3355 SPRING MOUNTAIN ROAD SUITE 255 LAS VEGAS, NV 89102**
**Attempted By: Sgt ANTHONY ONGO**
**Service Type: UNABLE TO SERVE**
**Notes: BUSINESS IS VACANT**

See Exhibit A to Lincoln's Notice of Removal, Document 1-2 (at page 11)

Furthermore, also included in Exhibit A attached to Lincoln's Notice of Removal, is an Order from the State Court that was entered on 3/28/2023 (5 days after the alleged "proof of service" was filed), which states, in part:

> "While the submitted affidavit shows that **efforts** to serve the Defendant at his last place of work address **were unsuccessful**, no information has been provided to the Court to establish there is an address to which to send certified mail. **Further investigative efforts to identify an address are necessary**."

See Exhibit A to Lincoln's Notice of Removal, Document 1-2 (at page 8) (emphasis added).

Accordingly, the actual document filed by Plaintiff with the Court does not provide any such proof that Lincoln was ever served with the Summons and Complaint in the State Court Action. To the contrary, the document filed by Plaintiff in the State Court Action is actually "proof" that Lincoln had not been served with the summons and complaint as of the date of that filing.

As such, and as more fully explained in Lincoln's Notice of Removal, Lincoln was never properly served in the State Court Action and the documents filed in the State Action do not reflect a return of service of summons for Lincoln, the sole Defendant in the State Action. Lincoln voluntarily removed this action before it was effectively served. It should be noted that the 30-day deadline to remove a case to federal court does not start until after the defendant has been served with legal process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**B. <u>LINCOLN TIMELY FILED A RESPONSIVE PLEADING WITHIN 7 DAYS AFTER FILING ITS NOTICE OF REMOVAL.</u>**

In her Motion for Default, Plaintiff asserts that Lincoln "did not and has not filed an answer as of the writing of this pleading." However, this argument is completely without merit as well.

Indeed, Plaintiff's Memorandum of Points & Authorities attached to her Motion for Default acknowledges that Lincoln "has filed a motion to dismiss and multiple responses but never filed an answer." However, Lincoln's Motion to Dismiss is, in fact, Lincoln's responsive pleading to the

Complaint, as permitted by Fed. R. Civ. P. 12. Further, although Plaintiff cites Fed. R. Civ. P. 12(a) and 18, Plaintiff has ignored these provisions of both Rules. Specifically, Rule 12(a)(4) states: "*Effect of a Motion*. Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." As such, Lincoln timely pled or "otherwise answered" the Complaint, as Lincoln filed its Motion to Dismiss pursuant to Rule 12(b)(6) within 7 days after filing its Notice of Removal. Fed. R. Civ. P. 81. Further, as a decision on Lincoln's Motion to Dismiss has not yet been entered by the Court, the 14-day deadline under Rule 12(a)(4) will not start until the Court takes action on Lincoln's Motion to Dismiss. Accordingly, Lincoln is not in default, and Plaintiff's Motion for Default Judgment should be denied.

## III. CONCLUSION AND PRAYER

For the reasons set forth above, Lincoln requests the Court to enter an Order denying Plaintiff's Motion for Default Judgment. Further, for the reasons set forth in the Memorandum of Points and Authorities attached to Lincoln's Motion to Dismiss, as well as its Reply in Support of its Motion to Dismiss, Lincoln requests the Court to enter an Order dismissing Plaintiff's Complaint against Lincoln with prejudice, awarding Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and granting Lincoln any other relief to which it shows itself justly entitled.

Dated this 25th day of September 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant The Lincoln National Life Insurance Company*

I hereby certify that on the 25th day of September 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers