Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601-GMN-EJY<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE AND SET ASIDE THE SEPTEMBER 15, 2023, ORDER** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Response to Plaintiff's Motion to Vacate and Set Aside Court's September 15, 2023, Order (Document 59) and states as follows:

## I. INTRODUCTION

Warren instituted this action by filing her Complaint on or about February 19, 2023, in the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 23A000316 (the "State

Action"). Lincoln had not been served but removed the case to this Court by Notice of Removal filed April 19, 2023. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

On April 24, 2023, Lincoln then filed a Motion to Dismiss the Complaint in its entirety (Document 11). Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Lincoln's Motion to Dismiss (Document 11), absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"). Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested, and Lincoln has filed a Motion to Dismiss Plaintiff's Complaint in its entirety.

No ruling has yet been made on Lincoln's Motion to Dismiss, but Plaintiff has now filed several pleadings, the latest of which is Plaintiff's Motion to Set Aside Court's September 15, 2023, Order, on the grounds that the Court "did not follow the Federal Rules for Civil Procedures pertaining to manifestation and exchange of initial disclosures" and cites Federal Rules of Civil Procedure 26(a)(1)(A)(i)-(iv). In her Motion, Plaintiff further argues that she has not been given leave so she may rewrite her claim to accurately articulate her case and that the administrative record should not be the only evidence that is considered in this case. However, as more fully explained below, Plaintiff's motion is completely without merit and should be denied.

## II. ARGUMENT

### A. THE COURT'S RULINGS IN THE SEPTEMBER 15, 2023, ORDER WERE WELL FOUNDED AND BASED ON A FAIR ADJUDICATION OF THE ISSUES ADDRESSED IN THE VARIOUS MOTIONS.

In the Court's Order (Document 53) dated September 15, 2023, the Court established a Scheduling Order and denied Plaintiff's Motions to Strike (Documents 48 and 51) and Motion to Disqualify Counsel (Document 48). It is Defendant's position that the Court fairly adjudicated these issues and acted appropriately in ruling on the Motions. To the extent that Plaintiff's Motion to Vacate can be interpreted as an objection to the Court's rulings, Defendant refers to and incorporates herein by reference its original arguments made in its previous pleadings (Documents 42 and 44), as grounds for the denial of Plaintiff's Motion to Vacate. To the extent that Plaintiff's Motion to Vacate appears to raise additional and separate arguments, those are addressed below.

### B. PLAINTIFF'S ASSERTION THAT THE COURT DID NOT FOLLOW FEDERAL RULES OF CIVIL PROCEDURE 26 IS WITHOUT MERIT.

Plaintiff's assertion that the Court did not follow FRCP 26, specifically Rule 26(a)(1)(A), is without merit as this Rule merely outlines the procedures regarding the Parties' duties to disclose information and do not lay out any procedure that the Court is required to follow before it can make any rulings in a case. Nevertheless, the Court did, in fact, order the Parties to confer regarding discovery and to provide a report to the Court. (*See* Order entered on August 7, 2023, Document 34, at line 25 of page 1). Additionally, the Discovery Plan and Scheduling Order that was entered by the Court's September 15, 2023, Order provides a deadline by which Defendant must produce the administrative record for Plaintiff's review.

### C. PLAINTIFF'S ASSERTION THAT THE COURT HAS NOT GIVER HER LEAVE TO REWRITE HER CLAIM IS WITHOUT MERIT.

Plaintiff also asserts in her motion that "The judicial officers in this court have not given PLAINTIFF leave so that she may rewrite her claim to accurately articulate her case." However, that assertion is also without merit, because as of the date of the filing of her Motion to Vacate, Plaintiff had not yet filed a motion for leave to file an amended complaint. Although Plaintiff did file a Motion for Leave to Amend Complaint (Document 61) on September 27, 2023, that motion

to amend was not filed until ten days after Plaintiff filed her Motion to Vacate in which she complained that the Court had not granted her leave to amend. Accordingly, Plaintiff's assertion that the Court has not given her leave to amend her complaint should be given no weight in her Motion to Vacate.

**D. <u>PLAINTIFF'S CLAIMS ARE SUBJECT TO ERISA, ARE EXEMPT FROM THE INITIAL DISCLOSURE REQUIREMENT, AND ARE REVIEWED BASED ON THE ADMINISTRATIVE RECORD.</u>**

This dispute involves Plaintiff's claim for benefits under a policy of group short-term disability insurance held by Plaintiff's employer, Hilton Grand Vacations, for the benefit of its employees. The Hilton Grand Vacations Short Term Disability Plan Plaintiff's is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). As such, discovery is be limited to the administrative record for Plaintiff's administrative claim and appeal, which includes Plaintiff's medical records, Plaintiff's arguments for the payment of benefits, the plan administrator's decisions, and the long-term disability plan documents, along with limited conflict discovery permitted in such cases.

Plaintiff's assertions regarding required initial disclosures in this matter wholly ignore the first line of Rule 26(a)(1)(A), which says, "In General. Except as exempted by <u>Rule 26(a)(1)(B)</u>…" In other words, although initial disclosures are required in most cases, Rule 26(a)(1)(B) provides for exemption from the initial disclosure requirement for certain types of cases. And pursuant to FRCP 26(a)(1)(B)(i), an action for review on an administrative record, is one such type of action which is exempt from the initial disclosure requirement. As such, this ERISA action is exempt from the initial disclosure requirement, pursuant Rule 26(a)(1)(B)(i).

To the extent that Plaintiff argues that this case should not be limited to the administrative record, Plaintiff misses the point of the issues raised in Defendant's Motion to Dismiss (Document 11), which is incorporated by reference herein. Moreover, the Court has provided a means for Plaintiff to object and file motions moving to supplement or omit from the administrative record by December 18, 2023, or alternatively, January 18, 2024, if Plaintiff seeks discovery outside of the administrative record.

Additionally, in her Motion to Vacate, Plaintiff mischaracterizes the October 30, 2023, deadline by which she is to notify Defendant of her position on certain issues as having to "defend herself" in the lawsuit. Plaintiff is simply asked to review the administrative record that will be provided to her by October 16th and advise if she believes documents should be added to or omitted from the administrative record she receives from Defendant, and whether she believes discovery beyond the administrative record should be conducted. This is not a requirement that the Plaintiff "defend herself," but an opportunity for Plaintiff to state her position to Defendant on those issues.

Accordingly, Plaintiff's Motion to Vacate and Set Aside Court's September 15, 2023 Order should be denied.

## III. CONCLUSION AND PRAYER

For the reasons set forth above, Lincoln requests the Court to enter an Order denying Plaintiff's Motion to Vacate and Set Aside Court's September 15, 2023 Order.

Dated this 2nd day of October 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant The Lincoln National Life Insurance Company*

I hereby certify that on the 2nd day of October 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE AND SET ASIDE THE SEPTEMBER 15, 2023, ORDER** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers