# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN,  <br>           Plaintiff,  <br>vs.  <br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,  <br>           Defendant. | Case No.: 2:23-cv-00601-GMN-EJY  <br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant The Lincoln National Life Insurance Company ("Defendant"). Plaintiff Allanna Warren ("Plaintiff") filed two Responses, (ECF Nos. 26, 27), to which Defendant filed a Reply, (ECF No. 29).

Also pending before the Court are Plaintiff's First Motion Requesting a Decision on Defendant's Motion to Dismiss, (ECF No. 39), Motion for Clerk's Entry of Default, (ECF No. 45), First Motion for Recusal of Judges, (ECF No. 55), First Motion to Stay Case, (ECF No. 56), First Objection/Appeal, (ECF No. 59), to the Magistrate Judge's Order, (ECF No. 53), and Motion for Leave to File an Amended Complaint, (ECF No. 62).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss, **DENIES** Plaintiff's Motion for Clerk's Entry of Default, First Motion to Stay Case, and First

Objection/Appeal, and **DENIES as moot** Plaintiff's First Motion Requesting a Decision on Defendant's Motion to Dismiss[1] and Motion to Stay Case.[2]

## I. BACKGROUND

This case arises from Defendant's allegedly improper denial of disability benefits. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-2). While unclear, it appears Plaintiff claims that this denial relates to an ongoing conspiracy by the Las Vegas Metropolitan Police Department and the Sparks Police Department to impermissibly harass and surveil her. (*Id.*, Ex. 1 to Pet. Removal). Specifically, Plaintiff's Complaint, which consists of a single paragraph, alleges that Defendant, an entity with "financial decision-making power" to control the administration and distribution of her benefits, "is a willing participant" in this conspiracy, and is liable for "racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, and misuse of medical information." (*Id.*, Ex. 1 to Pet. Removal).

The Court discusses Defendant's Motion to Dismiss, (ECF No. 11), and Plaintiff's miscellaneous Motions, (ECF Nos. 39, 45, 55, 56, 59, 62), below.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion

---

[1] Because the Court grants Defendant's Motion to Dismiss, it DENIES as moot Plaintiff's First Motion Requesting a Decision on Defendant's Motion to Dismiss.

[2] Plaintiff's Motion to Stay Case requested that the Court stay this action pending its decision on her First Motion for Recusal of Judges and First Objection/Appeal to the Magistrate Judge's Order. Because the Court renders ruling on these Motions in this Order, Plaintiff's Motion to Stay Case is DENIED as moot.

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

## III. DISCUSSION

### A. Motion to Dismiss ("MTD"), (ECF No. 11)

Broadly speaking, Defendant's Motion to Dismiss argues that Plaintiff's Complaint must be dismissed "because it asserts only state law causes of action . . . that are preempted by the Employee Retirement Income Security Act of 1974," ("ERISA"). (MTD 1:24–26). And while Plaintiff's Complaint does not explicitly allege a cause of action under ERISA, she does acknowledge in a subsequent filing "that the ERISA law [is] relevant to this case." (Mot. Leave File Am. Compl. 1:24–26, ECF No. 62). Therefore, ERISA preemption is at play. But here, the limited allegations in Plaintiff's Complaint renders the Court unable to determine whether her state law cases of action are preempted by ERISA.

"There are two strands of ERISA preemption: (1) express preemption under ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a conflict with ERISA's exclusive remedial scheme set forth in ERISA § 502(a), 29 U.S.C. § 1132(a)." *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (internal quotation marks and brackets omitted) (citing *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009)). The second strand is relevant here. Because "a state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism conflicts with Congress' clear intent to make the ERISA mechanism exclusive," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 n.4 (2004), "[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort," *Dishman v. UNUM Life Insurance Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001). ERISA's civil enforcement provision preempts state-law claims if "(1) the litigant could have brought the claim under ERISA's civil enforcement provision, and (2) the claims have no basis in an independent legal duty." *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 878 (9th Cir. 2017) (citing *Davila*, 542 U.S. at 210).

///

The issue here is that while ERISA preemption is far reaching, it is not absolute. Put differently, ERISA does not always preempt state causes of action. In some circumstances, courts have found that common law state claims, like those alleged by Plaintiff, are not preempted. For example, intentional infliction of emotional distress ("IIED") claims are usually not preempted where they involve excessively hostile or abusive conduct that occurs outside the administration of benefits. *See, e.g., Sarkisyan v. CIGNA Healthcare of California, Inc.*, 613 F. Supp. 2d 1199, 1206 (C.D. Cal. 2009) (finding IIED claim not preempted to extent it was based on allegation that CIGNA employees verbally abused plaintiffs and made crude gestures at them); *Daie v. The Reed Grp., Ltd.*, 2015 WL 6954915, at *3 (N.D. Cal. Nov. 10, 2015) (determining IIED claim not preempted where policy administrator falsely accused plaintiff of lying about his disability, urged plaintiff to take experimental medications, and pressured plaintiff to undergo excessive and repeated medical testing). And in *Duran v. Cisco Sys., Inc.*, the district court found negligence and breach of fiduciary duty claims were not preempted where they were based on the defendant negligently allowing a third party to access the plaintiff's personal information. No.08-3337, 2008 WL 4793486, at *4 (C.D. Cal. Oct. 27, 2008). In these cases, the tort claims "remained regardless of whether [the] claim for benefits" was granted. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001) (tortious invasion of privacy against benefits plan administrator not preempted where administrator's investigation used methods of surveillance that invaded plaintiff's privacy).

In short, Defendant's argument is well-taken, as it appears preemption may be warranted because Plaintiff's causes of action arise from Defendant's handling and disposition of her disability benefits. But the Court lacks the necessary context to make a definitive finding. Nevertheless, the Court will dismiss Plaintiff's Complaint without prejudice[3] because it

---

[3] Because Plaintiff is given leave to amend, her Motion to File an Amended Complaint, (ECF No. 62), is DENIED as moot.

currently consists of nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S at 678.  Plaintiff is advised that additional facts are needed to make an inference of culpability possible.

**B. Motion for Clerk's Entry of Default, (ECF No. 45)**

Plaintiff further requests clerk's entry of default, and ultimately a default judgment, because Defendant "has not filed an answer as of the writing of this pleading." (Pl. Doc. Support Default J. 3:14–15, ECF No. 45-1).

Obtaining default judgment is a two-step process governed by Rule 55 of the Fed. R. Civ. P. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a).  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*  Additionally, the Rule 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.*  After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).

Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

The Court denies Plaintiff's request for two reasons.  First, Defendant has not failed to plead or otherwise defend.  Instead, it appeared and indicated its intent to defend by filing its Motion to Dismiss. *See Ringelberg v. Vanguard Integrity Professionals-Nevada, Inc.*, No. 2:17-cv-01788, 2017 WL 11725324, at *1 (D. Nev. Aug. 4, 2017) ("A motion to dismiss constitutes

defending an action within the meaning of [Rule 55(a)] even if the defendants have not filed answers to the complaint.") (quoting *Songs v. Deeds*, 947 F.2d 951, 951 (9th Cir. 1991) (unpublished). Second, the Court has serious concerns regarding the merits of Plaintiff's claims and the sufficient of her Complaint. Even if Plaintiff had obtained a clerk's entry of default, the *Eitel* factors would not support the imposition of default judgment against Defendant. For these reasons, Plaintiff's Motion for Clerk's Entry of Default is DENIED.

### C. First Objection/Appeal, (ECF No. 59), to the Magistrate Judge's Order, (ECF No. 53)

As relevant here, Magistrate Judge issued an Order granting Defendant's Discovery Plan and Proposed Scheduling Order, (ECF No. 44). Plaintiff now objects, arguing that the Magistrate Judge's Order violated Rule 26(a)(1)(A). (*See generally* First Objection/Appeal).

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

Here, Plaintiff's argument is misplaced. Rule 26(a)(1)(A) merely outlines the procedures regarding the parties' duties to disclose information and does not establish any procedure the Court is required to follow before issuing a ruling. And here, the Court ordered the parties to confer regarding discovery and to provide a report to the Court. (Order, ECF No. 34). In sum, the Magistrate Judge's Order was neither clearly erroneous nor contrary to law.

### D. First Motion for Recusal of Judges,[4] (ECF No. 55)

Plaintiff further contends that the Magistrate Judge and undersigned's recusal are warranted because of alleged bias and prejudice against her as evidenced by the manner in which her case has proceeded, and the adverse orders issued against her. (*See generally id.*).

Judges are presumed to be honest and to serve with integrity. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). In the absence of a reasonable factual basis for recusal, a judge should participate in cases assigned to her. *United States v. Holland*, 519 F.3d 909, 912 (2008). Federal judges are, however, required by 28 U.S.C. § 455(a) to recuse themselves from any proceeding in which their impartiality might reasonably be questioned, even where no conflict of interest exists. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

The standard for judging the appearance of partiality is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Stated differently, the question is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). The reasonable person in this context means a well-informed, thoughtful

---

[4] At first glance, Plaintiff's First Motion for Recusal of Judges only requests Magistrate Judge Youchah be recused from presiding over this case. (*See* First Mot. Recusal Judges 1:15–16, 3:16–25). But Plaintiff ends her Motion by requesting "that both judges be recused from presiding over this case." (*Id.* 3:25–27). Out of an abundance of caution, the undersigned also examines whether Plaintiff has shown her recusal is warranted.

observer, not a "'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing *Mason*, 916 F.2d at 386). And because there is always "some risk" of partiality, the risk must be "substantially out of the ordinary." *Mason*, 916 F.2d at 386 (emphasis in original).

Analysis of a recusal motion is "necessarily fact-driven" and "must be guided . . . by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913. Some matters are not ordinarily sufficient to require a § 455(a) recusal, including "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens*, 428 F.3d at 1178 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

At its core, Plaintiff's first argument is based on Court rulings and the manner in which this Court has handled her case. "Such issues are not proper grounds to disqualify a judge for bias and prejudice." *Wilkins v. Barber*, No. 2:19-cv-1338, 2020 WL 6131250, at *2 (E.D. Cal. Oct. 19, 2020). To the extent Plaintiff is frustrated by the Court's previous adverse ruling, she is advised "[judicial rulings] are proper grounds for appeal, not for [disqualification]." *Litkey v. United States*, 510 U.S. 540, 544 (1994); *see also Leslie v. GRUPO ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citation omitted). Accordingly, Plaintiff's First Motion for Recusal of Judges is DENIED.

### IV.        CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 11), is **GRANTED**. Plaintiff shall have **twenty-one (21) days** of the date of this Order to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk's Entry of Default, (ECF No. 45), First Motion for Recusal of Judges, and First Objection/Appeal, (ECF No. 59), to the Magistrate Judge's Order are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion Requesting a Decision on Defendant's Motion to Dismiss, (ECF No. 39), First Motion to Stay Case, (ECF No. 56), and Motion for Leave to File an Amended Complaint, (ECF No. 62), are **DENIED as moot.**

**DATED** this __16__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT