Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLANNA WARREN,

Plaintiff,

v.

LINCOLN FINANCIAL GROUP, Craig Beazer, Ellen Cooper, Ashley Tilley, Isabella Lombardi, Julie Donald, Lincoln Financial Employee DOE (1-50),

Defendant.

Case No. 2:23-cv-00601

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this motion under Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's Amended Complaint (Document 77). Specifically, Lincoln seeks dismissal of the Amended Complaint because it asserts only state law

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

causes of action against Lincoln that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

Federal question jurisdiction arises in this matter because the Amended Complaint asserts state law claims that are preempted by ERISA. The Amended Complaint seeks relief on the basis of Lincoln's administration of short-term disability benefits allegedly due[2] that would be payable under the Group Disability Income Policy (the "Policy") issued by Lincoln to Hilton Grand Vacations ("Hilton") to insure benefits pursuant to the Hilton Grand Vacations Short Term Disability Plan (the "Plan"), which provides short-term disability benefits to employees of Hilton. Plaintiff was an employee of Hilton, and a participant in the Plan. True and correct copies of the Policy (Exhibit A) for the Plan and Lincoln's decisions on Plaintiff's claim for benefits (Exhibit B) are attached hereto and incorporated herein by reference.[3]

The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined by ERISA. In her Amended Complaint, Warren seeks recovery under causes of action for unlawful injury or loss suffered by a vulnerable person, negligence and gross negligence, intentional infliction of emotional distress, civil conspiracy, and discrimination.[4] However, based on the face of the Amended Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Amended Complaint must be dismissed.

Further, the Amended Complaint is rife with outlandish and vague accusations of a conspiracy between Las Vegas Metro Police Department and Sparks Police Department and arising out of events that occurred in Sparks, Nevada, and alleges that law enforcement is currently targeting Warren with harassment and "stalking", and that Lincoln "working in tandem with law enforcement agencies are severely exacerbating Plaintiff's pre-existing disabilities, in

---

2 Amended Complaint in the unnumbered paragraph at p. 8, line 24.
3 See Section II.B., of the Memorandum of Points and Authorities attached hereto.
4 Amended Complaint at "State Claims" ¶¶ 12-49, and 52.

contravention of state law."[5] Absent from the Amended Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Amended Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Amended Complaint in support of Plaintiff's claims, even if taken as true,[6] are insufficient to support the relief requested.

This Motion is supported by the Memorandum of Points and Authorities attached hereto.

Dated this 1st day of December 2023.


LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant*


[5] Amended Complaint at ¶ 17.

[6] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Amended Complaint are as follows:

Warren alleges that Lincoln "working in tandem with law enforcement agencies are severely exacerbating Plaintiff's pre-existing disabilities, in contravention of state law,"[7] referencing Lincoln's denial of Warren's claim for short term disability benefits.[8]

In the Amended Complaint, Warren asserts that the Las Vegas Metro Police Department and Sparks Policy Department (neither of whom are named as a party in the Amended Complaint) "contacted Lincoln Financial Group to not help Plaintiff"[9] and that Plaintiff "was ran around by employees of Lincoln Financial Group (LFG) so she could not obtain proper psychiatric referrals…" In her claims for relief, Warren asserts denial of her benefits constitutes unlawful injury or loss suffered by a vulnerable person, negligence and gross negligence, intentional infliction of emotional distress, and civil conspiracy.[10] Specifically, in her first claim for relief, Warren alleges a state law cause of action against Lincoln of unlawful injury or loss suffered by a vulnerable person (under NRS 41.1395) "with their negligence and failure to provide appropriate treatment."[11] In her sixth[12] claim for relief, Warren alleges a state law cause of action against Lincoln of negligence and gross negligence alleging that Lincoln "owes a professional duty to a patient"[13] with regard to medical care providers who not parties to this suit and over whom Lincoln has no control. In her seventh claim for relief, Warren alleges a state law cause of action against Lincoln of intentional infliction of emotional distress alleging that Lincoln "acted intentionally"

---

[7] Amended Complaint at ¶ 17.
[8] Amended Complaint in the unnumbered paragraph at p. 8 (line 24) and p. 9 (line 3), ¶ 11.i., and the Prayer of the Amended Complaint.
[9] Amended Complaint at ¶ 11.h.
[10] Amended Complaint at "State Claims" ¶¶ 12-49.
[11] Amended Complaint at ¶ 15.
[12] There are no second, third, fourth, or fifth claims for relief contained in the Amended Complaint.
[13] Amended Complaint at ¶¶ 23-29.

with regard to actions or inactions by other entities who not parties to this suit[14] and over whom Lincoln has no control. Warren's eight claim for makes numerous allegations of a civil conspiracy between the Las Vegas Metropolitan Police Department and Sparks Police Department, but makes no mention whatsoever of any conduct or misconduct by Lincoln.[15]

Warren also requests declaratory relief [16] and asserts a claim for punitive damages[17].

## II. ARGUMENT AND AUTHORITIES

### A. Standard Governing Rule 12(b)(6) Motion to Dismiss.

An order granting a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate when, taking the facts alleged in the Amended Complaint as true, the moving party is entitled to a judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). All inferences reasonably drawn from the facts of the Amended Complaint must be construed in favor of the plaintiff. Baker v. McNeill Island Corrections Center, 859 F.2d 124, 127 (9th Cir. 1988); General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventists Congressional Church, 887 F.2d 228, 230 (9th Cir. 1989). Dismissal for failure to state a claim can be based on lack of a recognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal will be warranted if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998).

### B. The Court May Properly Consider the Relevant Plan Document and Decisions Letters in Ruling on This Motion.

A true and correct copy of the Policy (Exhibit A) and Lincoln's decisions on Warren's STD claim for benefits from the Plan (Exhibit B) are attached hereto and incorporated herein by

---

14 Amended Complaint at ¶¶ 31-38.
15 Amended Complaint at ¶¶ 40-49.
16 Amended Complaint at ¶¶ 51 and 52, and the Prayer for the Amended Complaint.
17 Amended Complaint at ¶¶ 18, 29, 38, and 49, and the Prayer for the Amended Complaint.

reference. Although Warren did not attach these documents to the Amended Complaint, the Amended Complaint references Warren's job at Hilton Grand Vacations (the policyholder of the Policy), her leave of absence from that job, and her attempts to obtain short-term disability benefits from Lincoln, which would be paid from the Policy.[18] Additionally, Warren seeks short-term disability benefits in the prayer of the Complaint.[19] Warren's claims are clearly predicated on the Policy, and the letters from Lincoln evidence Warren's claim for benefits from the Plan under the Policy. It is well-established that under such circumstances, Lincoln may incorporate these documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss. Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

### C. The "Indebtedness" Sought by Warren in the Amended Complaint are Disability Benefits from an "employee welfare benefit plan" Governed by ERISA.

It is clear that the Hilton short term disability plan is an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C.S. § 186(c)] . . . .[20]

---

[18] Amended Complaint in the unnumbered paragraph at p. 8, line 24.
[19] Amended Complaint in the unnumbered paragraph at p. 20.
[20] 29 U.S.C. § 1002(1) (emphasis added).

Based on the facts pled in the Amended Complaint and Exhibit A, it is apparent that to fulfill obligations created under the Plan, Hilton entered into a contract (the Policy, Exhibit A) with Lincoln. Warren was a participant in the Plan, which was sponsored by Hilton, and submitted a claim for benefits from the Plan under the Policy, which was denied by Lincoln. Accordingly, the Plan was established and maintained by Hilton and provided disability benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the Plan is an ERISA plan based on the face of the Amended Complaint and ancillary documents.

**D. Warren's State Law Causes of Action are All Preempted by ERISA.**

As the Amended Complaint clearly establishes the existence of an ERISA Plan, Warren's state law causes of action in this lawsuit (unlawful injury or loss suffered by a vulnerable person, negligence and gross negligence, intentional infliction of emotional distress, and civil conspiracy) are preempted by ERISA Section 514(a), 29 U.S.C. §1144(a). ERISA preempts "any and all state laws insofar as they may now or hereafter relate to an employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). See also Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1999) ("ERISA broadly preempts state law that relates to 'any employee benefit plan' as described in the statute."); Shaw v. Delta Airlines, 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983)( a state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with . . .such a plan."); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416 (9th Cir. 1990) (ERISA's preemption provision "is to be broadly construed and extends to common law and tort and contract actions."); Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) ("[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.").

The United States Supreme Court and the Ninth Circuit repeatedly have found that a plaintiff's state law claims based upon the existence of an employee benefit plan are preempted by

ERISA. For example, in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542 (1987), an employee brought suit against his former employer and its insurer alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. The Supreme Court held plaintiff's contract and tort claims were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a) because his claims "relate[d] to [an] employee benefit plan." Id. at 62. The Court again reached the same result in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987), where an employee brought common law breach of contract, bad faith, and other tort claims against the insurance company which insured his employer's group insurance policy alleging the company wrongfully failed to pay benefits under an ERISA-governed plan. The Court rejected plaintiff's state law claims because they "relate[d] to" an employee benefit plan and, thus, were preempted by ERISA. Id. at 57.

The Supreme Court again addressed this issue in Ingersoll-Rand, *supra*. There, an employee brought suit against his former employer in state court seeking compensatory and punitive damages under various state tort and contract theories alleging his termination deprived him of rights to pension benefits; he did not assert any cause of action under ERISA. In reversing the Texas Supreme Court and upholding the appellate court's order granting summary judgment in favor of the employer, the Supreme Court concluded that because plaintiff would "simply [have] no cause of action if there [was] no plan," his claims "relate[d] to" an ERISA-covered plan within the meaning of ERISA § 514(a), 29 U.S.C. § 1144(a). Ingersoll-Rand, 498 U.S. at 140.

Warren's state law cause of action arises from the handling and disposition of her claim for short term disability benefits from the Plan. Warren makes the following factual allegations regarding Lincoln in her Amended Complaint:

a) "[R]an around by employees at Lincoln Financial Group (LFG) so she could not obtain proper psychiatric referrals from Cano Health or received any Short Term

Disability from LFG."[21] Cano Health is identified in the Amended Complaint as a medical group from which she obtains medical care.[22]

b) "LFG was negligent through Plaintiff's experience with their company." [23]

c) Warren was "trying to get Short Term Disability from Lincoln Financial Group (LFG). While trying to get all the medical paperwork for LFG to make a decision, Ms. Warren was run around by Mr. Connor's office and LFG." [24] Mr. Connors is identified in the Amended Complaint as Warren's treating physician's assistant at Cano Health, Jesse Connors. [25]

d) "One of the reasons LFG denied PLAINTIFF's short term disability was because their nurse stated that PLAINTIFF was not seen from a licensed doctor or psychiatric doctor to correctly diagnose the PLAINTIFF." [26]

e) "When PLAINTIFF was ignored from all the workers she was assigned LFG management ignored all of the PLAINTIFF'S complaints and request for help." [27]

f) "DEFENDANT [presumably Lincoln] continued to act intentionally to have PLAINTIFF run around for two months trying to get Lincoln Financial Group medical records from Cano Health and was intentionally delayed." [28]

However, each of these allegations pertain to Lincoln's processing of her short term disability benefit claim. Accordingly, the state law causes of action of negligence she brings based on these allegations are subject to preemption by ERISA. See Greany v. Western Farm Bureau Life Insurance Company, 973 F.2d 812 (9th Cir. 1992) (challenge to handling of benefits under

---

[21] Amended Complaint at ¶ 11.j.
[22] Amended Complaint in the unnumbered paragraph at p. 4
[23] Amended Complaint at ¶ 11.i.
[24] Amended Complaint in the unnumbered paragraph at p. 8
[25] Amended Complaint in the unnumbered paragraph at p. 4
[26] Amended Complaint in the unnumbered paragraph at p. 9
[27] Amended Complaint at ¶ 23.
[28] Amended Complaint at ¶ 32.

state tort, contract and insurance theories preempted by ERISA); Tingey v. Poxley-Richards W., Inc., 953 F.2d 543, 545 (9th Cir. 1992) (all claims which involve the administration of an ERISA plan, even if drafted to refer to the employment relationship, are preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir. 1990) (state claims of negligence, breach of contract, fraud and estoppel related to the administration of an ERISA plan and , therefore, were preempted); Nevill v. Shell Oil Co., 835 F.2d 209, 211-12 (9th Cir. 1990). (ERISA preempted causes of action for breach of the covenant of good faith and fair dealing, where the plaintiff alleged the employer had misrepresented ERISA plan benefits.)

The Ninth Circuit has specifically held that causes of action for breach of contract and violation of state consumer protection acts, among others, are preempted by ERISA. Bast v. Prudential Ins. Co. of Am., 150 F.3d 1007, 1008 (9th Cir. 1998). The Ninth Circuit so held even though it recognized that without these state law causes of action, the plaintiffs were left without a remedy. Bast, 150 F.3d at 1010. See also Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 494 (9th Cir. 1988) (breach of contract and tortuous breach of the covenant of good faith and fair dealing causes of action preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 633 (9th Cir. 1990) (ERISA preempted breach of contract, negligence and fraud causes of action).

Warren's state law causes of action in the Amended Complaint each are inseparably connected to the interpretation and construction of the Policy and the Plan. For example, Plaintiff's allegations of negligence and intentional infliction of emotional distress causes of action are predicated on the existence and construction of the Plan. But for the covenants, both implicit and explicit, of the Policy and the Plan, Warren would not have been able to submit a claim for benefits from the Plan and, therefore, Lincoln would have no duty of care to Plaintiff, as alleged in the Amended Complaint. Further, the claim for benefits from the Plan submitted to Lincoln by Warren, are the sole source of the "intentional misconduct, acts, omissions, carelessness, recklessness,

negligence, gross negligence, deliberate indifference, and other culpable conduct" allegation in the Amended Complaint. Simply put, but for the Plan, Warren would have no basis for either cause of action. Therefore, these causes of action are preempted by ERISA.

Moreover, there can be no doubt that the Plan is inseparably connected to any determination of the harm allegedly suffered by Warren and, thus, ultimate liability under Warren's state law causes of action. There simply would be no claim against Lincoln if there was no Plan. Accordingly, under Supreme Court precedent in Ingersoll-Rand, Plaintiff's state common law claims "relate to" and are expressly preempted by ERISA and must be dismissed. Ingersoll-Rand, 498 U.S. at 140; Barr v. American Cyanamid Company, 808 F. Supp. 752, 756 (W.D. Wash. 1992).

**E. Plaintiff's Constitutional Claims Must Be Dismissed for Failure to Allege Any Facts Supporting Liability**

Warren cannot rely on conclusory factual allegations. Rather, a plaintiff must allege facts which, if true, show that the defendant had a constitutionally impermissible policy, practice, or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Warren has not alleged a policy, practice, or custom to support her claims, nor has she sufficiently plead any violations of her constitutional rights under the Fourth or Fourteenth Amendments. Therefore, this Court must dismiss Warren's claims.

**F. Compensatory, Statutory, Exemplary, and Penalty Damages Are Not Available in this Action**

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive

or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which Warren seeks short term disability benefits, as alleged in the Amended Complaint, qualifies as an employee welfare benefit plan under ERISA. Accordingly, the state law causes of action asserted against Lincoln by Warren in the Amended Complaint are preempted by ERISA, and the Amended Complaint must be dismissed.

## III. CONCLUSION AND PRAYER

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. Aetna Health Inc. v. Davila, supra. All state laws invoked by or on behalf of beneficiaries relating to a denial of benefits under a group employee welfare benefit plan, such as those asserted in the Amended Complaint, are preempted by ERISA. For the reasons and authorities discussed above, Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, award Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Defendant any other relief to which it shows itself justly entitled.

Dated this 1st day of December 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant The Lincoln National Life Insurance Company*

***APPENDIX OF EXHIBITS***

| **EXHIBIT NO.** | **DESCRIPTION** | **PAGE NOS** |
|---|---|---|
| A | Policy | 1-63 |
| B | Lincoln's decisions on Plaintiff's claim for benefits | 64-78 |

I hereby certify that on the 1st day of December 2023, I electronically transmitted the foregoing, **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allanna Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers