Allanna Warren
9620 S. Las Vegas Blvd., Suite E461
Las Vegas, NV 89123
d1a2n3n4@proton.me
(323) 807-6739

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLANNA WARREN,

Plaintiff,

vs.

LINCOLN FIANACIAL GROUP, Craig Beazer, Ellen Cooper, Ashley Tilley, Isabella Lombardi, Julie Donald, Lincoln Financial Employee DOE (1-50),

Defendant.

Case No.: 2:23-cv-00601-GMN-EJY

PLAINTIFF MOTION FOR STRIKING ECF 79 MOTION TO DISMISS [77] AMENDED COMPLAINT

COMES NOW Plaintiff, ALLANNA WARREN, files her PLAINTIFF MOTION FOR STRIKING ECF 79 MOTION TO DISMISS [77] AMENDED COMPLAINT. This Motion is made and based upon all papers, pleadings, and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

**MEMORANDUM OF POINTS & AUTHORITIES**

On December 1, 2023 PLAINTIFF received ECF 79 which included private HIPAA covered materials, which should be stricken, redacted and/or sealed. This violation also falls under FRCP rule 12(f) as well. The medical records, submitted as Exhibit A and B, are:

Under Rule 12(f), however, motions to strike are limited to addressing "an insufficient defense or any redundant, immaterial, impertinent, or **scandalous** matter."

The medical records are scandalous because they violate the HIPAA and PHI of PLAINTIFF.

The *Standards for Privacy of Individually Identifiable Health Information* ("Privacy Rule") establishes, for the first time, a set of national standards for the protection of certain health information. The U.S. Department of Health and Human Services ("HHS") issued the Privacy Rule to implement the requirement of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[1] The Privacy Rule standards address the use and disclosure of individuals' health information—called "protected health information" by organizations subject to the Privacy Rule — called "covered entities," as well as standards for individuals' privacy rights to understand and control how their health information is used. Within HHS, the Office for Civil Rights ("OCR") has responsibility for implementing and enforcing the Privacy Rule with respect to voluntary compliance activities and civil money penalties.

A major goal of the Privacy Rule is to assure that individuals' health information is properly protected while allowing the flow of health information needed to provide and promote high quality health care and to protect the public's health and well being. The Rule strikes a balance that permits important uses of information, while protecting the privacy of people who seek care and healing. Given that the health care marketplace is diverse, the Rule is designed to be flexible and comprehensive to cover the variety of uses and disclosures that need to be addressed.

Under this federal law Lincoln Financial Group (LFG) is libel and covered under this law.

> **Who is Covered by the Privacy Rule**
>
> The Privacy Rule, as well as all the Administrative Simplification rules, apply to health plans, health care clearinghouses, and to any health care provider who transmits health information in electronic form in connection with transactions for which the Secretary of HHS has adopted standards under HIPAA (the "covered entities"). For help in determining whether you are covered, use CMS's decision tool.

LFG is covered under this law as a health plan and health provider who transmits health information in electronic form. LFG is also considered as a Business Associate:

> **Business Associates**
>
> **Business Associate Defined.** In general, a business associate is a person or organization, other than a member of a covered entity's workforce, that performs certain functions or activities on behalf of, or provides certain services to, a covered entity that involve the use or disclosure of individually identifiable health information. Business associate functions or activities on behalf of a covered entity include claims processing, data analysis, utilization review, and billing.[9] Business associate services to a covered entity are limited to legal, actuarial, accounting, consulting, data aggregation, management, administrative, accreditation, or financial services. However, persons or organizations are not considered business associates if their functions or services do not involve the use or disclosure of protected health information, and where any access to protected health information by such persons would be incidental, if at all. A covered entity can be the business associate of another covered entity.

LFG is an organization that performs functions and activities on behalf of, or provides certain services that involve use or disclosure of individually identifiable health information. The following is what information is protected:

**What Information is Protected**

**Protected Health Information.** The Privacy Rule protects all *"individually identifiable health information"* held or transmitted by a covered entity or its business associate, in any form or media, whether electronic, paper, or oral. The Privacy Rule calls this information "protected health information (PHI)."[12]

"Individually identifiable health information" is information, including demographic data, that relates to:

- the individual's past, present or future physical or mental health or condition,
- the provision of health care to the individual, or
- the past, present, or future payment for the provision of health care to the individual,

and that identifies the individual or for which there is a reasonable basis to believe it can be used to identify the individual.[13] Individually identifiable health information includes many common identifiers (e.g., name, address, birth date, Social Security Number).

LFG published PLAINTIFF'S name, address and other identifying information covered under HIPAA and PHI. They also published PLAINTIFF's past, present and future physical and mental health conditions in violation of the law. The law does state, "The Privacy Rule excludes from protected health information employment records that a covered entity maintains in its capacity as an employer and education and certain other records subject to, or defined in, the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g." LFG is and was not PLAINTIFF'S employer, which was argued by LFG. This court granted LFG a relief of the mandatory ENE provision in April 2023 to further prove LFG is not exempt from the HIPAA law as they are not and were not PLAINTIFF'S employer. Therefore, LFG is in violation of PLAINTIFF'S HIPAA, PHI, and privacy rights as well as violation of FRCP Rule 12(f). Additionally, LFG has violated FRCP Rule 49.1 as follows:"

# Rule 49.1 Privacy Protection

# For Filings Made with the Court

### COMMITTEE NOTES ON RULES—2007

The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law No. 107–347. Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." The rule goes further than the E-Government Act in regulating paper filings even when they are not converted to electronic form.

There is an obligation, "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically."

CONCLUSION

For the reasons set forth above, PLAINTIFF would humbly request the court to strike ECF 79 and it's two exhibits from the record. Furthermore, in the Chambers v. NASCO, Inc. case, the Court upheld the imposition of monetary sanctions against a litigant and his attorney for bad-faith litigation conduct in a diversity case. Some of the conduct was covered by a federal statute and several sanction provisions of the Federal Rules of Civil Procedure, but some was not, and the Court held that, absent a showing that Congress had intended to limit the courts, they could use their inherent powers to impose sanctions for the entire course of conduct, including shifting attorneys' fees, which is ordinarily against the common-law American rule. Thus, PLAINTIFF is seeking additional damages for the privacy violation of federal law by the

defendant and sanctions against the defendant and their attorneys, as were imposed in the Chambers v. NASCO, Inc. for LFG'S bad faith treatment of PLAINTIFF and the releasing of her protected health information. PLAINTIFF prays for any and all damages set forth in the law.

Dated this 3rd day of December , 2023.

Allanna Warren

Pro Se Name Allanna Warren

CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing PLAINTIFF MOTION FOR STRIKING ECF 79 MOTION TO DISMISS [77] AMENDED COMPLAINT to The US District Court Nevada District on THE 3RD DAY OF DECEMBER, 2023.

■ I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system.

Allanna Warren
PLAINTIFF