Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

**Admitted *Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLANNA WARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | Case No. 2:23-cv-00601<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR STRIKING 79 MOTION TO DISMISS [77] AMENDED COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Defendant") files this Response to Plaintiff's Motion for Striking 79 Motion to Dismiss [77] Amended Complaint, and states as follows:

Plaintiff filed her Motion to Strike on December 3, 2023, and then subsequently filed a Notice of Appeal (Dkt 82) on December 4, 2023. However, on December 18, 2023, the Nineth Circuit Court of Appeals entered an order dismissing the appeal for lack of jurisdiction. Accordingly, this response is filed timely.

## I. INTRODUCTION

Warren filed her Amended Complaint (Document 77) on November 18, 2023. On December 1, 2023, Lincoln filed a Motion to Dismiss the Amended Complaint in its entirety (Document 79). Specifically, Warren seeks recovery under causes of action for racial profiling, intentional infliction of emotional distress, racial discrimination, conspiracy, misuse of medical information, and retaliation. However, based on the face of the Complaint, and as more fully argued in Lincoln's Motion to Dismiss (Document 79), absent from the Complaint are any legally cognizable claims upon which this Court may grant relief. For each of the claims alleged in the Complaint, Warren has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested, and Lincoln has filed a Motion to Dismiss Plaintiff's Amended Complaint in its entirety.

No ruling has yet been made on Lincoln's Motion to Dismiss, but Plaintiff has now filed a Motion to Strike Lincoln's Motion to Dismiss, referencing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and incorrectly asserting that "LFG is covered under this law as a health plan and health provider who transmits health information in electronic form. LFG is also considered as a Business Associate." Plaintiff further asserts that, in its Motion to Dismiss, Lincoln "included private HIPAA covered materials, which should be stricken, redacted and/or sealed. This violation also falls under FRCP rule 12(f) as well" and states that medical records, submitted as Exhibit A and B "are scandalous because they violate the HIPAA and PHI of PLAINTIFF." Further, Plaintiff states that "LFG published PLAINTIFF'S name, address and other identifying information covered under HIPAA and PHI."

However, as more fully described below, these assertion by Plaintiff are completely without merit and Plaintiff's Motion to Strike should be denied in its entirety.

## II. ARGUMENT

### A. LINCOLN IS NOT A HEALTH PLAN OR HEALTH PROVIDER AND IS NOT A BUSINESS ASSOCIATE OF A HEALTH PLAN OR HEALTH PROVIDER.

Plaintiff references the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and incorrectly asserts that "LFG is covered under this law as a health plan and health provider who transmits health information in electronic form. LFG is also considered as a Business Associate." Plaintiff's Motion to Strike contains the following excerpts:

> The Privacy Rule, as well as all the Administrative Simplification rules, apply to health plans, health care clearinghouses, and to any health care provider who transmits health information in electronic form in connection with transactions for which the Secretary of HHS has adopted standards under HIPAA (the "covered entities").
>
> **Business Associate Defined.** In general, a business associate is a person or organization, other than a member of a covered entity's workforce, that performs certain functions or activities on behalf of, or provides certain services to, a covered entity that involve the use or disclosure of individually identifiable health information. Business associate functions or activities on behalf of a covered entity include claims processing, data analysis, utilization review, and billing.

However, Lincoln is neither a health care provider nor a business associate of a health care provider. To the contrary, Lincoln has no business association with any health care provider or medical plan provider whatsoever. Lincoln's sole association with Plaintiff is that of the issuer of a Group Disability Income Policy that was issued to Plaintiff's employer to insure benefits from Plaintiff's employer's disability plan. When Plaintiff filed a claim for benefits from the plan under the policy, Lincoln received medical information pertaining to Plaintiff's claim for those benefits. Therefore, the only association between Lincoln and Plaintiff's health care providers is the request and transmission of Plaintiff's medical records to Lincoln for purposes of determining her eligibility for Short Term Disability benefits. However, Lincoln is not a "Business Associate" of Plaintiff's health care providers as Lincoln performs no services whatsoever to those health care providers.

Accordingly, these assertions by Plaintiff are without merit and Plaintiff's Motion for Striking ECF 79 Motion to Dismiss [77] Amended Complaint should be denied.

**B. THE INFORMATION CONTAINED IN LINCOLN'S MOTION TO DISMISS AND ITS EXHIBITS THERETO DO NOT CONSTITUTE A HIPPA VIOLATION AND DO NOT CONTAIN ANY UNREDACTED INFORMATION SUBJECT TO REDACTION RULES.**

In her Motion to Strike Lincoln's Motion to Dismiss, Plaintiff also asserts that, in its Motion to Dismiss, Lincoln "included private HIPAA covered materials, which should be stricken, redacted and/or sealed." Plaintiff further asserts "This violation also falls under FRCP Rule 12(f) as well. The medical records, submitted as Exhibit A and B…are scandalous because they violate the HIPAA and PHI of PLAINTIFF."

However, Exhibit A is merely a copy of the relevant Policy and contains no personal or medical information whatsoever. See Exhibit A to Lincon's Motion to Dismiss, Document 79-1 (at pages 2-63). Further, Plaintiff's personal identifying information, such as her address, was redacted from Exhibit B prior to filing it with the Court, in accordance with Local Rule IC 6-1. Additionally, Lincoln did not include any of Plaintiff's medical records as an exhibit to the Motion to Dismiss. The "scandalous" information and medical information to which Plaintiff refers in her Motion to Strike is merely a copy of the letters sent from Lincoln to Plaintiff denying her claim and appeal for Short Term Disability Benefits. Although these letters discuss Plaintiff's claim for benefits and Lincoln's reason for the denial, her actual medical records are not included as a part of Exhibit B or otherwise attached to Lincoln's Motion to Dismiss. See Exhibit B to Lincoln's Motion to Dismiss, Document 79-2 (at pages 2-15)

Accordingly, Lincoln did not include any information or documents with its Motion to Dismiss that would constitute a HIPPA violation or that contain any unredacted information that would constitute a violation of Local Rule IC 6-1. To the extent that Plaintiff alleges Lincoln's Motion to Dismiss and exhibits thereto violate a provision of Rule 12(f) of the Federal Rules of Civil Procedure, Lincoln's Motion to Dismiss could not possibly be "in violation" of Rule 12(f), as Rule 12(f) merely sets out the criteria for a motion

to strike. To that end, as nothing in Lincon's Motion to Dismiss could be considered "redundant, immaterial, impertinent, or scandalous matter," it is Lincoln's position that Plaintiff's Motion for Striking ECF 79 Motion to Dismiss [77] Amended Complaint is completely without merit and should be denied.

However, although Lincoln is in disagreement with all of the assertions made by Plaintiff in her Motion to Strike, Lincon would not be opposed to the Court placing Exhibit B to Lincoln's Motion to Dismiss under seal.

## IV. CONCLUSION AND PRAYER

For the reasons set forth above, Lincoln requests the Court to enter an Order denying Plaintiff's Motion to Strike. Further, for the reasons set forth in the Memorandum of Points and Authorities attached to Lincoln's Motion to Dismiss, Lincoln requests the Court to enter an Order dismissing Plaintiff's Amended Complaint against Lincoln with prejudice, awarding Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and granting Lincoln any other relief to which it shows itself justly entitled.

Dated this 22nd day of December 2023.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
*Attorneys for Defendant*

I hereby certify that on the 22nd day of December 2023, I electronically transmitted the foregoing, **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR STRIKING 79 MOTION TO DISMISS [77] AMENDED COMPLAINT** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Allana Warren
Email: D1A2N3N4@proton.me

/s/ *Iwana Rademaekers*
Iwana Rademaekers