# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALLANNA WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cv-00601-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| THE LINCOLN NATIONAL LIFE | ) | **DISMISS and GRANTING IN PART** |
| INSURANCE COMPANY, | ) | **MOTION TO STRIKE** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 79), filed by Defendant The Lincoln National Life Insurance Company ("Defendant"). Plaintiff Allanna Warren filed a Response, (ECF No. 87). Also pending before the Court is Plaintiff's Motion to Strike Defendant's Motion to Dismiss, (ECF No. 80). Defendant filed a Response, (ECF No. 89).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **GRANTS in part** Plaintiff's Motion to Strike.[1]

## I.   BACKGROUND

This case arises from Defendant's allegedly improper delay and denial of disability benefits. (*See generally* First Am. Compl. ("FAC"), ECF No. 77). Plaintiff alleges that she went on a leave of absence from work and applied for short-term disability benefits from Defendant. (*Id.* 8:24–28). She claims Defendant "intentionally delayed" its decision on her application to prevent her from obtaining proper psychiatric referrals. (*Id.* 8:24–28, 12:13–15). Defendant ultimately denied Plaintiff's short-term disability claim because Plaintiff was not

---

[1] As described below, the Court construes this *pro se* Motion to Strike as a Motion to Seal.

1   seen by a licensed doctor, her physician did not perform an evaluation before prescribing

2   medication, and no follow up was performed. (*Id.* 9:4–8).

3       After this case was removed, Defendant filed its First Motion to Dismiss, arguing that

4   Plaintiff's state law claims were preempted by ERISA. (Mot. Dismiss, ECF No. 11).  The Court

5   granted Defendant's First Motion to Dismiss for failure to state a claim but noted that

6   Plaintiff's Complaint was too vague to determine whether her state law claims were preempted.

7   (Order Granting Mot. Dismiss, ECF No. 71).  Plaintiff was given leave to amend her

8   Complaint. (*Id.*).  She did so, but her First Amended Complaint ("FAC") was untimely because

9   it was filed 12 days after the Court's deadline.  However, given Plaintiff's *pro se* status, the

10  Court will move forward with addressing the pending motions.

11       Plaintiff's FAC adds additional Defendants Craig Beazer, Ellen Cooper, Ashley Tilley,

12  Isabella Lombardi, and Julie Donald. (FAC 1:10–12).  Plaintiff alleges that Ms. Donald, Ms.

13  Lombardi, and Ms. Tilley are Defendant's employees, but does not explain how Ms. Cooper or

14  Mr. Beazer are involved. (*Id.* 9:13–14).[2]  Because Plaintiff's claims are brought against a

15  singular "Defendant," it is unclear if the four claims are against all Defendants.  The four

16  claims brought by Plaintiff are Unlawful Injury or Loss Suffered by a Vulnerable Person under

17  NRS § 41.1395, negligence and gross negligence, intentional infliction of emotional distress,

18  and civil conspiracy. (*Id.* 12:26–19:3).

19       After the instant Motion to Dismiss was filed, the Court entered a Minute Order setting

20  deadlines to respond and reply, (ECF No. 81).  Plaintiff filed the pending Motion to Strike,

21  (ECF No. 80), and then immediately appealed the Minute Order setting deadlines, (ECF No.

---

23  [2] In the Court's previous Order, it granted Plaintiff leave to amend without limitation.  Thus, it is permissible for
    Plaintiff to add new parties to her FAC. *See, e.g., Jameson Beach Prop. Owners Ass'n v. United States*, No. CV
24  13-01025-MCE-AC, 2014 WL 4925253, at *3–4 (E.D. Cal. Sept. 29, 2014) ("District Courts in this circuit
    generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of
25  dismissal granted leave to amend without limitation.").  However, Plaintiff has not served these new parties, and
    the 90-day time limit for service has passed. *See* Fed. Rule Civ. Pro. 4(m).  Therefore, Plaintiff must show good
    cause for her failure to serve, or the Court "must dismiss the action without prejudice . . . ." *Id.*

82).  Defendant filed a Notice requesting the stay of deadlines triggered by Plaintiff's appeal. (Notice, ECF No. 86).  Plaintiff appears to have responded to Defendant's Motion to Dismiss, but the document docketed as Plaintiff's Response is labeled by Plaintiff as a "Clarification for Appeal." (Resp. to Mot. Dismiss, ECF No. 87).  In it, she argues that she appealed the Minute Order because of this Court's bias and prejudice against her, and because the Court "bypassed making a decision about the HIPAA/PHI violation," mentioned in her Motion to Strike. (*Id.* 1:24–2:5).  The Ninth Circuit dismissed Plaintiff's appeal three days later. (*See* Order of USCA, ECF No. 88).

## II.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.    DISCUSSION

### A.  Motion to Dismiss

Defendant argues that Plaintiff's claims against it must be dismissed because they are either preempted by ERISA, fail to sufficiently plead facts plausibly alleging that she is entitled to relief, or fail to properly plead the elements of each claim. (*See generally* Mot. Dismiss, ECF No. 79).  Defendant claims that Plaintiff "seeks relief on the basis of Lincoln's administration of short-term disability benefits allegedly due that would be payable under the Group Disability Income Policy . . . ." (*Id.* 2:4–10).  Defendant's Policy is issued to Hilton Grand Vacations and provides short-term disability benefits to Hilton's employees, including Plaintiff. (*Id.*).

Because Plaintiff failed to respond to the arguments made in Defendant's Motion to Dismiss, and failed to state a claim against Defendant, the Court GRANTS Defendant's Motion to Dismiss.  The Court does not reach a conclusion as to Defendant's ERISA preemption argument.

### 1. Plaintiff's Failure to Respond

As an initial matter, it is unclear whether Plaintiff responded to Defendant's Motion to Dismiss at all.  The document docketed as her Response is labeled as a "Clarification of Appeal," and does not address the fact that the Motion to Dismiss was filed, let alone respond to the arguments made by Defendant.  Under Nevada Local Rule 7-2(d): "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

However, Plaintiff is proceeding *pro se* and the Court recognizes that Plaintiff may have intended this "Clarification of Appeal" to serve as her Response. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (noting that the court must construe *pro se* filings liberally).  Even so, this Court's "failure-to-oppose rule does not apply solely to failure

1   to file a physical document, but also . . . failure to assert in an opposition, arguments that

2   oppose those presented in the motion." *Knickmeyer v. Nevada ex re. Eighth Judicial Dist. Ct.*,

3   173 F. Supp. 3d 1034, 1044 (D. Nev. 2016) (citing cases).  It is well-settled law in the District

4   of Nevada that a "party's failure to respond to arguments presented in a motion constitutes

5   consent to granting that motion." *Layton v. Green Valley Village Comm. Ass'n*, No. 2:14-cv-

6   01347, 2022 WL 1748067, at *2 (D. Nev. May 27, 2022); *see also Duensing v. Gilbert*, No.

7   2:11-cv-01747, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (failing to respond to

8   defendant's arguments on an issue constitutes consent to the granting of the motion);

9   *Gudenavichene v. Mortg. Elec. Reg. Sys.*, No. 2:12-cv-82, 2012 WL 1142868, at *2 (D. Nev.

10  Apr. 4, 2012) (finding that plaintiff's failure to respond to any of the arguments raised in the

11  motion to dismiss constituted consent to granting the motion).

12      Although the Court construes *pro se* pleadings liberally, "[p]ro se litigants must follow

13  the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th

14  Cir. 1987).  Therefore, even if this Court liberally construes Plaintiff's "Clarification of

15  Appeal" as her Response to the Motion to Dismiss, Plaintiff's failure to address Defendant's

16  substantive arguments is sufficient reason for the Court to grant Defendant's Motion to

17  Dismiss.  Plaintiff does not respond to Defendant's substantive argument that her state law

18  claims are preempted by ERISA or that she otherwise fails to state a claim; thus, the Court

19  DISMISSES Plaintiff's state law claims against Defendant without prejudice.

20      **2. Failure to State a Claim**

21      Regardless, the Court dismisses Plaintiff's claims against Defendant for failure to state a

22  claim upon which relief can be granted.  Plaintiff's claims hinge on her argument that the Las

23  Vegas Metropolitan Police Department and the Sparks Police Department "contacted Lincoln

24  Financial Group to not help Plaintiff," and that she "was ran around" by Defendant, such that

25  her claim for benefits was intentionally delayed. (FAC 8:24, 9:3, 12:9–16:3, 20:9).

1       Plaintiff's first claim is a Nevada cause of action for "Unlawful Injury or Loss Suffered

2  by a Vulnerable Person under NRS section 41.1395." (FAC ¶¶ 12–19).  NRS 41.1395 provides

3  a cause of action for injury or loss suffered by an older or vulnerable person from abuse,

4  neglect, or exploitation.  Plaintiff alleges she is a vulnerable person because she suffers from

5  alopecia and psychological heath impairments that limit one or more of her life activities. (*Id.* ¶

6  13).

7       Plaintiff does not sufficiently allege, however, that Defendant abused, neglected, or

8  exploited her, as required by the statute.  NRS 41.1395(4)(a)(1) defines abuse as "willful and

9  unjustified infliction of pain, injury, or mental anguish," and Plaintiff claims Defendant was

10 "unjustified when they inflicted injury, pain, and anguish on PLAINTIFF with their negligence

11 and failure to provide appropriate treatment." (*Id.* ¶ 15).  As Defendant points out, however, it

12 does not provide treatment. (Mot. Dismiss 4:19–21).  Defendant contracts with employers to

13 provide benefits.  It had no control over Plaintiff's medical care providers, and Plaintiff's

14 physicians are not parties to this suit. (*Id.*).  And rather than alleging Defendant was willful,

15 Plaintiff alleges Defendant—or perhaps the medical providers—acted negligently. (FAC ¶ 15).

16      The only other allegation seemingly connected to this claim is that Defendant "worked

17 in tandem" with law enforcement, which exacerbated her pre-existing disabilities. (*Id.* 13:14–

18 15).  Plaintiff does not clarify how Defendant worked with law enforcement except to say that

19 law enforcement told Defendant "to not help Plaintiff," and that the denial decision was

20 "intentionally delayed." (*Id.* 16:1–3).  A delayed denial of benefits does not seem to rise to the

21 level of a willful and unjustified infliction of pain and anguish.  As Plaintiff herself

22 acknowledges, she was not seen by a licensed doctor who could correctly diagnose her, and her

23 physician Mr. Connors did not have the medical license needed to prescribe her medications.

24 (*Id.* 9:4–10).  Plaintiff's first claim is therefore DISMISSED.

25

Plaintiff's second claim, labeled in the FAC as claim six, alleges a cause of action for negligence and gross negligence. In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 221 P. 1276, 1280 (Nev. 2009). Again, Plaintiff refers to Defendant's duty to Plaintiff as one that is owed to a patient, and alleges Defendant provided care below the level of a similarly trained professional. (FAC ¶¶ 21–23). But as mentioned above, Defendant is not a medical care provider and exercises "no control" over them. The only allegation that appears to be related to Defendant is that Defendant's management ignored Plaintiff's complaints and requests for help. (*Id.* ¶ 23). Without an alleged duty owed to Plaintiff, this claim also fails to state a claim for relief.

Plaintiff's third claim, or number seven in the FAC, is intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Plaintiff's claim appears to relate to the actions of Cano Health, not Defendant. Plaintiff alleges Cano Health lied to her and "thr[e]w plaintiff out as a patient in retaliation for her complaining." (FAC ¶ 33). The allegations in paragraph 31 explaining the way she was treated in the clinic also seem to be the actions of Cano Health. (*Id.* ¶ 31). She further states that she has not been able to see a new regular doctor in Las Vegas since Cano Health removed her as a patient, and that she is facing ongoing harassment and retaliation by Las Vegas Metropolitan Police Department. (*Id.* ¶ 35). The only allegation that the Court can logically associate with Defendant is that Defendant had Plaintiff "run around" for two months, gathering her medical records. (*Id.* ¶ 32). Because Plaintiff was filing a claim for short-term

disability benefits, this allegation alone does not rise to the level of extreme and outrageous conduct.

Lastly, Plaintiff's claim for civil conspiracy must also be dismissed for failure to state a claim. Defendant argues that while Plaintiff makes allegations of a conspiracy between the Las Vegas Metropolitan Police Department and the Sparks Police Department, Plaintiff makes no allegation of conduct by Defendant. Defendant is correct that Plaintiff's civil conspiracy claim is completely lacking in any allegation of involvement or actions taken by Defendant. (*See id.* ¶¶ 39–49).

Therefore, the Court DISMISSES Plaintiff's claims against Defendant. The Court will GRANT Plaintiff a final opportunity to amend her complaint, but Plaintiff is cautioned that if her Second Amended Complaint is also untimely filed, the Court will dismiss her claims with prejudice. The Court grants Plaintiff leave to amend her existing claims against the named Defendants, but she may not file additional claims or add new defendants.

The Court notes that in at least two other cases filed by Plaintiff in the District of Nevada, she has failed to respond to arguments made in motions to dismiss. *See, e.g.*, *Warren v. Dollar Tree*, No. 2:23-cv-01377-APG-EJY, 2023 WL 7195203, at *2 (D. Nev. Oct. 31, 2023); *Warren v. Hilton Grand Vacations*, No. 2:23-cv-00988-APG-DJA, 2023 WL 6992596, at *2 (D. Nev. Oct. 23, 2023). Accordingly, Plaintiff is further advised that if Defendant files a third motion to dismiss, and she does not timely file a response to address the arguments made, the Court will dismiss the claims with prejudice.

**B. Motion to Strike**

Plaintiff's Motion to Strike Defendant's Motion to Dismiss is based on her allegation that the Motion to Dismiss, and its two exhibits, contain medical information covered by HIPAA. (Mot. Strike 1:25–26). Plaintiff argues that Defendant published her name and address, as well as her physical and mental health conditions. (*Id.* 4:13–15). Plaintiff alleges

that the medical records are "scandalous" under Federal Rule of Civil Procedure 12f, and states that Defendant's attachment of her medical information violates HIPAA. (*Id.* 1:25–4:25). She asks the Court to strike the entire motion and its two exhibits from the record, and also asks the Court to strike, redact, or seal, her private medical information. (*Id.* 1:25–26). She further seeks sanctions for Defendant's release of her protected health information. (*Id.* 5:27–6:3).[3]

In response, Defendant argues it is not a health plan, health provider, or business associate under HIPAA. (Resp. Mot. Strike 3:2–28). It states that Exhibit A is simply a copy of the Policy and contains none of Plaintiff's personal information whatsoever. (*Id.* 4:11–13). Defendant also points out that none of Plaintiff's medical records themselves were attached, although it acknowledges that Exhibit B contains the letters sent from Defendant to Plaintiff discussing her claim for benefits and its reasons for denial. (*Id.* 4:16–22). Defendant would not be opposed to the Court placing Exhibit B under seal. (*Id.* 5:5–7).

As an initial matter, Plaintiff's motion is improperly raised by Federal Rule of Civil Procedure 12, subsection (f). Rule 12(f) only applies to a motion to strike pleadings. Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (recognizing that Rule 12(f) does not allow a court to strike material not contained in a pleading). Defendant's Motion to Dismiss is not a pleading.

However, because it appears that Plaintiff's real concern is her medical information being exposed to the public, the Court will construe her motion as a motion to seal. Exhibit B relates to Defendants' Motion to Dismiss, so the Court applies a "compelling reasons" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Many courts

---

[3] A showing of bad faith is required to impose sanctions under the Court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Here, Plaintiff's claim was based on Defendant's denial of her claim for short-term disability benefits, and her medical information was contained in Defendant's letters of denial. Defendant did not attach Plaintiff's actual medical records. The Court does not find bad faith in this case, so Plaintiff's request for sanctions is denied.

Case 2:23-cv-00601-GMN-EJY   Document 108   Filed 04/30/24   Page 10 of 11

in the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, No. 3:17-cv-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases).

In this case, Exhibit B to Defendant's Motion to Dismiss consists of letters from Defendant to Plaintiff explaining why her claim for benefits was denied. Both letters contain Plaintiff's sensitive health information or references to Plaintiff's health information, even though they do not contain the medical records themselves. Many district courts in the Ninth Circuit have allowed exhibits attached to dispositive motions that contain sensitive personal and medical information to be sealed. *See, e.g. Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793, *1 (D. Haw. 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, *1 (D. Ariz. 2009) (allowing defendant to file under seal exhibits containing "sensitive personal and medical information"). Plaintiff's interest in preserving her medical privacy outweighs the public's need for knowledge of her medical conditions. *See Howard v. Cox*, No. 2:17-cv-01002, 2021 WL 4487603, at *2 (D. Nev. Sept. 30, 2021).

However, if any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order redacted versions to be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003). The letters in this case can be redacted to remove Plaintiff's medical information, while still informing the public that Defendant sent letters to Plaintiff explaining that her claim for benefits was denied. Accordingly, Plaintiff's Motion to Strike is GRANTED as to her medical information contained in Exhibit B of Defendant's Motion to Dismiss. The Motion to Strike is DENIED to the extent it requests that the Court strike Defendant's Motion or Exhibits, or seal information contained in the Motion itself and Exhibit A. Because it appears that Plaintiff's medical information can easily be redacted while still

leaving meaningful information available to the public, Defendant must file a redacted version of Exhibit B.

**IV.**         <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 79), is **GRANTED**.  Plaintiff shall have 21 days from the date of this Order to file an amended complaint.  The amended complaint should remedy the deficiencies identified in this order and may not add new claims or defendants.  Failure to file an amended complaint by this date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must show good cause for her failure to serve the additional parties added to her Amended Complaint.  Plaintiff shall have until May 13, 2024, to file a brief, not to exceed ten pages.  Failure to timely comply with this Order will result in the newly-added Defendants being dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stike is **GRANTED in part** and **DENIED in part.**  It is **GRANTED o**nly to the extent that Exhibit B to Defendant's Motion to Dismiss is hereby **SEALED**.

**IT IS FURTHER ORDERED** that Defendant must file, by May 13, 2024, a redacted version of Exhibit B to its Motion to Dismiss.

**DATED** this  _30_  day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT